**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: | Chapter 11 |
| **COZY HARBOR SEAFOOD, INC.,** | Case No. 25-20160 |
| Debtor. | (Request for Joint Administration Pending) |
| In re: | Chapter 11 |
| **CASCO BAY LOBSTER CO., INC.,** | Case No. 25-20161 |
| Debtor. | (Request for Joint Administration Pending) |
| In re: | Chapter 11 |
| **ART'S LOBSTER CO., INC.,** | Case No. 25-20162 |
| Debtor.[1] | (Request for Joint Administration Pending) |

**MOTION OF DEBTORS (A) FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY AND RELATED RELIEF; AND (B) REQUEST FOR EMERGENCY DETERMINATION**

**REQUEST FOR EMERGENCY DETERMINATION**

**This Motion includes a request for an emergency determination pursuant to Local Rule 9013-4, with a proposed hearing on July 3, 2025. A statement of the facts and circumstances justifying emergency determination, as required by Local Rule 9013-4, is included herein.**

Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc., the

above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through

undersigned proposed counsel, hereby move this Court (the "**Motion**") for entry of an order,

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), directing the joint administration of the Debtors' chapter 11 cases, for procedural purposes only, and providing additional, related relief.  In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

1.   The United States District Court for the District of Maine (the "**District Court**") has original, but not exclusive, jurisdiction over the Debtors' chapter 11 cases pursuant to 28 U.S.C. § 1334(b).  By the District Court's standing order of reference, this matter is referred to this Court pursuant to 28 U.S.C. § 157.

2.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3.   Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4.   The statutory and other predicates for the relief requested herein are § 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 1015, as well as for related relief under § 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

**BACKGROUND**

5.   Contemporaneously with the filing hereof (the "**Petition Date**"), the Debtors commenced their chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

6.   The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession.  To date, no operating trustee, examiner, or statutory committee has been appointed in the cases by the United States Trustee.

2

7.  The relief requested herein is supported by the Declaration of John S. Norton, Jr. in Support of Chapter 11 Petitions and First Day Pleadings, which is incorporated herein by reference.

## **RELIEF REQUESTED**

8.  By this Motion, the Debtors request entry of an order, substantially in the form filed herewith, directing joint administration of these chapter 11 cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

9.  In addition, the Debtors request that this Court maintain one docket for the Debtors' cases under the chapter 11 case of Cozy Harbor Seafood, Inc., and that this Court authorize the use of the following caption for all pleadings and notices in the jointly administered cases:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| In re:<br><br>**COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.,**[1]<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. 25-20160**<br><br>**(Jointly Administered)** |
|---|---|

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

10.  The Debtors also request that this Court direct the clerk to make separate docket entries, substantially similar to the following, on the docket of each chapter 11 case to reflect the joint administration of the cases:

> An order has been entered directing the joint administration of the chapter 11 cases of Cozy Harbor Seafood, Inc., Case No. 25-20160; Casco Bay Lobster Co., Inc., Case No. 25-20161; and Art's Lobster Co., Inc., Case No. 25-20162. The cases are being jointly administered for procedural purposes only. The docket of the chapter

11 case of Cozy Harbor Seafood, Inc., Case No. 25-20160, should be consulted for all matters affecting these cases.

11. The Debtors further request that the order granting the relief requested herein state that the foregoing caption satisfies the requirements of § 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

## BASIS FOR RELIEF

12. Rule 1015 of the Bankruptcy Rules provides that joint administration may be appropriate when two or more related petitioners have filed for protection under the Bankruptcy Code. Bankruptcy Rule 1015(b) states, in relevant part, that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). An "affiliate" under the Bankruptcy Code is in part defined as a:

> corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote . . . by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor.

11 U.S.C. § 101(2)(B).

13. The requirements of Bankruptcy Rule 1015(b) are met here. The issued and outstanding shares of Cozy Harbor Seafood, Inc. are held by John S. Norton, Jr. (66%), Joseph B. Donovan (25%); and Joel Knox (9%). Casco Bay Lobster Co., Inc. and Art's Lobster Co., Inc. are wholly owned (100%) by Cozy Harbor Seafood, Inc. Accordingly, the Debtors qualify as "affiliates" under the definition in § 101(2) of the Bankruptcy Code. See 11 U.S.C. § 101(2)(A) & (B).

14. Further, joint administration is a procedural tool that promotes the fair and efficient administration of related cases of affiliated debtors. Joint administration of these chapter 11 cases will promote efficiency and will ease the administrative burden on this Court and all parties in

interest. Because the Debtors' management, financial affairs, and operations are closely related, many of the motions, hearings, and orders in the bankruptcy proceedings will affect all Debtors. Joint administration also will reduce the volume of paper that otherwise would be filed with the Clerk of the Court because it will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders. Joint administration will, therefore, render the completion of various administrative tasks less costly and will minimize the number of unnecessary delays. Joint administration also will allow the United States Trustee and all other parties in interest to monitor these cases with greater ease and efficiency, such that parties remain apprised of the various motions and orders in the Debtors' cases without the need to monitor and review multiple dockets.

15. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only procedural, not substantive, consolidation of the Debtors' cases. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

16. Finally, the Debtors submit that use of the proposed caption will eliminate cumbersome and potentially confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions for the respective Debtors, and such petitions are publicly available and will be provided by the Debtors upon request. The Debtors, therefore, submit that the policies behind the requirements of § 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been satisfied.

17. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the estates and will reduce administrative burdens on this Court and all parties in interest and, therefore, should be granted.

## EMERGENCY DETERMINATION

18. Pursuant to Local Rule 9013-4, the Debtors seek an emergency determination on the Motion to avoid confusion for creditors and other parties in interest. Should the Motion be heard in the ordinary course, parties in interest would need to review and monitor three separate dockets for at least 21 days during a time in which a high volume of (substantially similar) pleadings and motions are expected to be filed and heard. Emergency determination would limit the complications resulting from separate dockets during the early stages of the chapter 11 cases and, as noted previously, would promote efficiency, ease the administrative burden, and minimize administrative costs and delays.

19. Based upon the foregoing and the other pleadings on the record, the Debtors request a hearing on this Motion on **July 3, 2025**, to be heard with other motions filed by the Debtors requesting emergency determination.

## NOTICE

20. Notice of this Motion shall be served on the following parties on the date and in the manner set forth in the certificate of service: (a) the United States Trustee; (b) the Debtors' secured creditors or, if applicable, to counsel representing them; (c) the non-insider holders of the 20 largest unsecured claims against each of the Debtors or, if applicable, to counsel representing such holders; (d) applicable federal and state taxing authorities; and (e) any attorney of record or party that has requested notice pursuant to Bankruptcy Rule 2002.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court enter an order, substantially in the form filed herewith, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated:   July 1, 2025

Respectfully submitted,
**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ D. Sam Anderson*
D. Sam Anderson, Esq.
Adam R. Prescott, Esq.
100 Middle Street
PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com

*Proposed Counsel to the Debtors and Debtors in Possession*