**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**COZY HARBOR SEAFOOD, INC.,<br>CASCO BAY LOBSTER CO., INC., and<br>ART'S LOBSTER CO., INC.,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-20160<br><br>(Jointly Administered) |

**INTERIM ORDER: (I) AUTHORIZING THE USE OF CASH COLLATERAL; (II)
GRANTING ADEQUATE PROTECTION; AND (III)
<u>GRANTING RELATED RELIEF</u>**

This matter is before this Court on the *Motion of Debtors for Entry of an Order: (I) Authorizing the Use of Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief* [Dkt. No. ___] (the "**Motion**") filed by the Debtors;[2] and due and sufficient notice under the circumstances of the Motion and the hearing on the Motion having been provided by the Debtors; and upon consideration of the Motion, and the record at the hearing; and it appearing that approval of this interim order (the "**Interim Order**") is fair and reasonable and in the best interests of the Debtors, the estates, and other parties in interest, and is essential for the continued preservation of the Debtors' assets; and after due deliberation and consideration and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND:

A.   On the Petition Date, the Debtors commenced their chapter 11 cases in the Bankruptcy Court.

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

[2] Capitalized terms used, but not defined in this Interim Order, shall have the meaning ascribed to such terms in the Motion.

1

B.  The Debtors are continuing to manage their assets and operate their businesses as debtors-in-possession.

C.  No request for the appointment of an operating trustee or examiner has been made in the cases.

D.  The Bankruptcy Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.  The Debtors have an immediate need to use Cash Collateral as authorized in this Interim Order to have adequate liquidity to provide for, among other things, the orderly continuation of their businesses, to maintain business relationships, to fund payroll, to preserve the value of the Debtors' assets, and to avoid immediate and irreparable harm to the Debtors and their estates.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1.  The Motion is **GRANTED** on an interim basis as set forth in this Interim Order.

2.  The Debtors are authorized to use Cash Collateral in accordance with and to the extent set forth in the budget attached hereto as **Exhibit A** (the "**Budget**") on an interim basis, with recognition and allowance that the timing of revenue and expenses may be different than as projected in the Budget.  The Debtors' use of Cash Collateral pursuant to this Interim Order shall be limited to 125 percent (125%) of the aggregate expenditures as set forth in the Budget.

3.  To the extent the Prepetition Lienholder is determined to be entitled to adequate protection for the Debtors' use of Cash Collateral, as adequate protection for the Debtors' use of Cash Collateral, and pursuant to Bankruptcy Code §§ 361, 363(c)(2), and 363(e), the

Prepetition Lienholder shall be granted, solely to the extent of any diminution in the value of the Prepetition Lienholder's interests in Cash Collateral of the Debtors from and after the Petition Date (such diminution in value after the Petition Date, the "**Adequate Protection Obligations**"), liens on the Debtors' equipment assets (including titled vehicles), which such liens shall exist in the same order of priority that existed as of the Petition Date (including, as applicable, any adequate protection liens granted herein being junior to any valid and perfected senior liens of other creditors on such equipment collateral as existed on the Petition Date) (the "**Adequate Protection Liens**").

4. In addition to the Adequate Protection Liens, pursuant to and solely to the extent set forth in § 552 of the Bankruptcy Code, the Prepetition Lienholder shall continue to hold liens, rights as assignee, and/or security interests in any and all property of the Debtors to the same extent and validity, and in the same priority, as the Prepetition Lienholder held liens, rights as assignee, and/or security interests in the Debtors' assets at the Petition Date (the "**Continuing Liens**").

5. The Adequate Protection Liens and Continuing Liens shall be valid, binding, enforceable, and fully perfected without the necessity of the execution, filing, or recording of security agreements, financing statements, or other agreements.

6. To the extent the Adequate Protection Liens and Continuing Liens are insufficient to cover the Adequate Protection Obligations in their entirety, the remaining, unsatisfied Adequate Protection Obligations due to the Prepetition Lienholder shall constitute an allowed administrative claim against the Debtors to the extent provided by § 507(b) of the Bankruptcy Code.

7. The terms and conditions of this Interim Order shall be effective and immediately enforceable upon its entry on the docket notwithstanding any potential application of

Bankruptcy Rules 6004, 7062, 9014, or otherwise.

8. A final hearing on the Motion shall take place before this Court on _____, 2025 at \_\_:\_\_\_ \_\_.m.

9. The Debtors shall file and serve a proposed Final Order and revised Budget, if applicable, **on or before** _____, **2025**.

10. Objections, if any, to the relief requested in the Motion being granted on a final basis shall be filed with this Court and served upon proposed counsel for the Debtors, on all parties appearing in the cases, and the Office of the United States Trustee, **on or before** _____, **2025**.

11. This Interim Order constitutes findings of fact and conclusions of law and shall take effect and be fully enforceable effective immediately.


Dated: _____

United States Bankruptcy Judge
District of Maine