# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>**COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-20160<br><br>(Jointly Administered) |

### ORDER GRANTING MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO: (A) PAY PRE-PETITION EMPLOYEE COMPENSATION; (B) PAY RELATED PAYROLL OBLIGATIONS; AND (C) CONTINUE EMPLOYEE BENEFIT PROGRAMS

Upon the above-referenced motion [Docket No. 4] (the "**Motion**") filed by the Debtors;[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue of the cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given and that no other or further notice is necessary under the circumstances; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.     The Motion is **GRANTED** as set forth herein.

2.     The Debtors are authorized to continue, pay, and/or satisfy, as applicable, the Payroll Obligations and the Employee Benefit Programs in accordance with the Debtors' prepetition policies and practices, provided, however, that the aggregate amount of payments to

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363.  The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

[2] Capitalized terms used, but not defined herein, shall have the meaning ascribed to such terms in the Motion.

Case 25-20160    Doc 20    Filed 07/03/25    Entered 07/03/25 08:12:18    Desc Main
Document    Page 2 of 3

any individual Employee on account of prepetition compensation and benefits under this Order shall not exceed **$15,150.00** per individual, as provided in § 507(a)(4) and (5) of the Bankruptcy Code.

3. Nothing in this Order shall constitute allowance of or authorization to pay any claim or obligation under § 503(c) of the Bankruptcy Code.

4. The Debtors and applicable third parties are authorized to continue to allocate and distribute withholding obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' policies and prepetition practices.

5. The Debtors are authorized to pay ordinary course processing and administrative fees associated with, and costs and expenses incidental to, payment of the Payroll Obligations, including the Payroll Fee.

6. Notwithstanding the relief granted herein and any actions taken or payments made hereunder, nothing contained in this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, the creation of an administrative priority claim on account of the prepetition obligations sought to be paid, or the assumption or adoption of any contract or agreement under § 365 of the Bankruptcy Code.

7. The requirements set forth in Bankruptcy Rule 6003 are satisfied.

8. To the extent applicable, the requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

9. This Order shall be effective and enforceable immediately upon entry hereof.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Document      Page 3 of 3

...

Dated: _____

                                      Michael A. Fagone
                                      United States Bankruptcy Judge
                                      District of Maine