**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-20160<br><br>(Jointly Administered) |

**ORDER: (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES; (II) APPROVING THE FORM OF ADEQUATE ASSURANCE PROPOSED BY THE DEBTORS; AND (III) ESTABLISHING PROCEDURES FOR RESOLVING CERTAIN DISPUTES REGARDING UTILITIES**

Upon the above-referenced motion [Docket No. ___] (the "**Motion**") filed by the Debtors;[2] and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Providers to the Debtors after the Petition Date.

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

[2] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to such terms in the Motion.

3. The Adequate Assurance Deposit and the Debtors' ability to pay for future Utility Services in the ordinary course of business, subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required under § 366 of the Bankruptcy Code.

4. The following Adequate Assurance Procedures are hereby approved and shall apply as follows:

   a. The Debtors shall serve a copy of this Order upon each Utility Provider within two (2) business days after entry of the Order.

   b. The Debtors shall deposit the Adequate Assurance Deposit, in the amount of **$21,319.50**, in the Adequate Assurance Account within thirty (30) days of the Petition Date. The Adequate Assurance Account shall not be subject to any liens and shall not be required to accrue interest.

   c. The Adequate Assurance Deposit shall be held for the collective benefit of the Utility Providers and available in the event that the Debtors fail to timely pay undisputed postpetition invoices for Utility Services.

   d. The Adequate Assurance Deposit shall be returned to the Debtors immediately and without notice to any party upon reconciliation and payment by any of the Debtors of the Utility Providers' final invoices in accordance with applicable non-bankruptcy law following the termination of the Utility Services.

   e. If a Utility Provider is not satisfied with the Adequate Assurance Deposit, the Utility Provider must serve a request for additional assurance (the "**Additional Assurance Request**"). The Utility Provider shall serve the Additional Assurance Request so that it is received by proposed counsel to the Debtors, Bernstein, Shur, Sawyer & Nelson, P.A. (Attn: Sam Anderson (sanderson@bernsteinshur.com) and Adam R. Prescott, aprescott@bernsteinshur.com).

   f. Any Additional Assurance Request must: (i) be made in writing; (ii) identify the account holder's name, the account number, the type of Utility Service(s), and the location(s) for which such services are provided; and (iii) summarize the payment history relevant to the affected account(s), including any existing deposit and other security held by the Utility Provider.

   g. Unless and until a Utility Provider serves an Additional Assurance Request, such Utility Provider shall be: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366 of the Bankruptcy Code; and (ii) prohibited from: (A) discontinuing, altering, or refusing

2

        service to, or discriminating against, any of the Debtors on account of the commencement of the Debtors' chapter 11 cases, any unpaid prepetition charges, or any perceived inadequacy of the Debtors' respective Adequate Assurance Deposit, and (B) requiring or seeking additional assurance of payment other than the Adequate Assurance Deposit.

    h.    The Debtors shall have 21 days from receipt of an Additional Assurance Request (the "**Resolution Period**") to negotiate with the Utility Provider to resolve the Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Provider.

    i.    The Debtors may resolve any Additional Assurance Request by mutual agreement with a Utility Provider if the Debtors determine that such Additional Assurance Request is reasonable and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, or other forms of security, in each case.

    j.    If the Debtors determine that the Additional Assurance Request is not reasonable and the Debtors are unable to reach an alternative resolution with the Utility Provider, the Utility Provider, during or immediately after the Resolution Period, shall request a hearing (a "**Determination Hearing**") before this Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to § 366(c)(3) of the Bankruptcy Code.

    k.    Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid claims or charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) the commencement of the chapter 11 cases.

    l.    If any provider believes that it is a Utility Provider but was not identified in this Motion as such, that provider shall be bound by the terms of the Adequate Assurance Procedures and shall be, unless and until otherwise ordered by this Court: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366 of the Bankruptcy Code; and (ii) prohibited from: (A) discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of the commencement of the chapter 11 cases, any unpaid prepetition charges, or any perceived inadequacy of the proposed adequate assurance, and (B) requiring additional assurance of payment other than any of the Debtors' respective Adequate Assurance Deposit.

5.    No money may be withdrawn from the Adequate Assurance Account except: (a) in

compliance with the Adequate Assurance Procedures and this Order; (b) by mutual agreement of the Debtors and the applicable Utility Provider in an amount not exceeding that which is substantially proportionate to such Utility Provider's pro rata share of the Adequate Assurance Deposit; or (c) by further order of this Court.

6.  Nothing contained herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under Bankruptcy Code § 366.

7.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

8.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine