*RELIEF REQUESTED WITHOUT A HEARING*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-20160<br><br>(Jointly Administered) |

**MOTION FOR EXTENSION OF TIME FOR DEBTORS TO FILE**
**SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS**

Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc., the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through their undersigned proposed attorneys, move this Court (the "**Motion**") for the entry of an order, pursuant to § 105 and 521(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for the District of Maine (the "**Local Rules**"), for entry of an order extending the time for the Debtors to file their schedules and statement of financial affairs, as required by Bankruptcy Rule 1007(b), from July 15, 2025, to July 29, 2025. In support of this Motion, the Debtors state as follows:

**JURISDICTION AND VENUE**

1.  The United States District Court for the District of Maine (the "**District Court**") has original, but not exclusive, jurisdiction over the Debtors' chapter 11 cases pursuant to

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St John Street, Portland, ME 04102.

28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

## BACKGROUND

4. On July 1, 2025 (the "**Petition Date**"), the Debtors commenced their chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession. To date, no operating trustee, examiner, or statutory committee has been appointed in the cases by the United States Trustee.

6. These cases are being jointly administered for procedural purposes only.

7. The meetings of creditors in these cases are scheduled for August 11, 2025, at 11:00 AM.

## RELIEF REQUESTED

8. The Debtors seek an order extending the time for filing their Schedules and Statement (defined below) to July 29, 2025.

## BASIS FOR RELIEF

9. Pursuant to § 521 of the Bankruptcy Code and Bankruptcy Rule 1007, the Debtors must file, no later than fourteen (14) days after the Petition Date, their: (i) schedules of assets and liabilities; (ii) schedule of executory contracts and unexpired leases; and (iii) statement of financial affairs (collectively, the "**Schedules and Statement**"). As applied to these cases, Bankruptcy Rule

2

1007(c) requires the Debtors to file the Schedules and Statement on or before July 15, 2025. Each Debtor will be required to file its own Schedules and Statement, thus resulting in three different sets of Schedules and Statement currently due on July 15, 2025.

10. Bankruptcy Rules 1007(c) and 9006(b)(1) provide, however, the bankruptcy court with the ability to extend the time to file Schedules and Statement "for cause."

11. Under the circumstances of these chapter 11 cases, sufficient cause exists to extend the deadline to file the Schedules and Statement. In addition to their lenders, employees, customers, and ordinary course trade creditors, the Debtors operate a national and international seafood processing business, with assets and employees in multiple locations and creditors located around the world. The Schedules and Statement will require the Debtors and their employees and advisors to spend considerable time and effort to collect, review, check, and assemble information (including, among things, to determine asset values and claim amounts), in addition to attending to operations and the day-to-day demands of the chapter 11 process. Although the Debtors have begun gathering information for the Schedules and Statement, the Debtors also have been actively attending to other pleadings needed to commence the cases, first-day matters, and engaging in negotiations with their advisors, lenders, and other parties in interest, both prior to and after the Petition Date. Given the amount of work entailed in completing the Schedules and Statement and the competing demands upon the Debtors' relatively small team of core personnel to address critical operational and chapter 11 administrative matters during the initial postpetition period, the Debtors submit that an extension is required to allow them time to properly and accurately complete the Schedules and Statement.[2] Accordingly, the Debtors request that this Court extend the deadline for the Debtors to file their Schedules and Statement by 14 days, to July 29, 2025.

---

[2] In addition, undersigned counsel will be out of the office July 14-16 attending an American Bankruptcy Institute conference, which adds another logistical hurdle requiring additional time.

3

## CONSULTATION WITH U.S. TRUSTEE AND LOCAL RULE COMPLIANCE

12.     Pursuant to Local Rule 9013-3(b), a motion to extend time to file schedules and statements may be granted without a hearing if the debtor has the consent of the United States trustee. Prior to filing this Motion, the Debtors provided a draft of the Motion to the United States Trustee. Counsel for the United States Trustee has stated that they consent to the extension request to July 29, 2025

13.     Further, pursuant to Local Rule 9006-1(b), a "motion for enlargement of the time to file schedules shall include the date and time set for the meeting of creditors, if it has been scheduled. If the motion seeks an extension beyond the date set for the meeting of creditors, the movant shall demonstrate extraordinary circumstances establishing cause for that enlargement." Here, the Debtors do not seek an extension after the date set for the meeting of creditor (i.e., August 11, 2025, at 11:00 AM), but rather seek an extended deadline well before those meetings.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order: (i) extending the time within which the Debtors must file their Schedules and Statement to July 29, 2025; and (ii) granting such other and further relief as this Court deems just and proper.

Dated:   July 7, 2025

Respectfully submitted,
**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ Adam R. Prescott*
D. Sam Anderson
Adam R. Prescott
100 Middle Street
PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com

*Proposed Counsel to the Debtors and Debtors in Possession*