*RELIEF REQUESTED WITHOUT A HEARING*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.,**<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 25-20160**<br><br>**(Jointly Administered)** |

**APPLICATION OF THE DEBTORS FOR ORDER PURSUANT TO §§ 327 AND 328 OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF BERNSTEIN, SHUR, SAWYER & NELSON, P.A. AS COUNSEL TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc., the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), submit this application (the "**Application**") for entry of an order, pursuant to §§ 327 and 328 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 9013-3 of the Local Rules of the United States Bankruptcy Court for the District of Maine (the "**Local Rules**"), authorizing the employment of Bernstein, Shur, Sawyer & Nelson, P.A. ("**BSSN**") as general bankruptcy counsel for the Debtors, effective as of the Petition Date (defined below). Simultaneously with the filing of this Application, the Debtors are filing the *Declaration of D. Sam Anderson, Esq. in Support of the Application of Debtors for Order Authorizing the Employment of Bernstein, Shur, Sawyer & Nelson, P.A. as Counsel to the Debtors, Effective as of*

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

*the Petition Date* (the "**Anderson Declaration**"), which is attached hereto as **Exhibit A** and is incorporated herein by reference.  In support of this Application, the Debtors state as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States District Court for the District of Maine (the "**District Court**") has original, but not exclusive, jurisdiction over the Debtors' chapter 11 cases pursuant to 28 U.S.C. § 1334(b).  Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4. The statutory predicates for the relief sought herein include §§ 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 9013-3.

## BACKGROUND

5. On July 1, 2025 (the "**Petition Date**"), the Debtors commenced their chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

6. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession.  To date, no operating trustee, examiner, or statutory committee has been appointed in the cases by the United States Trustee.

## THE DEBTOR'S RETENTION OF BSSN

7. The Debtors retained BSSN on May 27, 2025, to advise the Debtors regarding various financial matters and related issues.  The Debtors selected BSSN because of its expertise

2

in the field of corporate law and business reorganizations under chapter 11 of the Bankruptcy Code, as well as BSSN's experience and expertise in many other areas of law that typically arise in the context of a case under chapter 11.  In particular, BSSN has substantial experience in cases involving the representation of debtors and debtors-in-possession under the Bankruptcy Code in Maine and other states.  Accordingly, BSSN and its attorneys have the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of the Debtors' bankruptcy cases, and BSSN is well qualified to represent the Debtors in an efficient and timely manner.

8.      BSSN's retention is necessary because the Debtors require the specialized knowledge and experience in bankruptcy and related matters that BSSN is able to provide, coupled with the historic knowledge gained by BSSN about the Debtors through BSSN's retention prior to the Petition Date.

## PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES

9.      As set forth in the Anderson Declaration, BSSN anticipates that the following attorneys and paraprofessionals will render services to the Debtors in conjunction with the cases at the following rates:

| Professional | Position | Hourly Rate |
| --- | --- | --- |
| D. Sam Anderson | Attorney (Shareholder) | $595.00 |
| Adam R. Prescott | Attorney (Shareholder) | $495.00 |
| Kate Flynn | Paraprofessional (Trainee) | $175.00 |

10.     From time to time, other attorneys and paraprofessionals at BSSN not listed above may provide services to the Debtors at their standard hourly rates.

11.     A brief biography of the attorneys and paraprofessionals at BSSN who are most likely to work on these cases is attached as **Exhibit 2** to the Anderson Declaration.

3

**RELIEF REQUESTED**

12. The Debtors seek to employ BSSN as their general bankruptcy counsel in connection with the commencement and prosecution of the chapter 11 cases, with the retention being effective as of the Petition Date. Accordingly, pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, the Debtors request that this Court approve the employment of BSSN to perform necessary legal services on the Debtors' behalf during the bankruptcy cases upon the terms set forth herein, in the Anderson Declaration, and in the proposed form of order filed herewith.

13. Pursuant to Local Rule 2014-1(b)(2), because this Application seeks to retain counsel for a chapter 11 debtor and is being filed within thirty (30) days of the Petition Date, the order authorizing the retention will be effective as of the Petition Date, without the necessity of obtaining retroactive approval. Accordingly, this Court may grant this Application without a hearing (subject to Bankruptcy Rule 6003(a)) because BSSN is not required to seek retroactive effectiveness of its retention.

**BASIS FOR RELIEF**

14. Section 327(a) of the Bankruptcy Code provides that a debtor-in-possession is authorized to employ one or more attorneys who do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in § 101(14), to represent or assist the debtor in carrying out its duties under the Bankruptcy Code. See 11 U.S.C. §§ 101(14), 327(a). Section 328(a) of the Bankruptcy Code provides that professionals employed pursuant to § 327(a) may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." See id. § 328(a).

4

**A.    Services to be Provided by BSSN**

15.    The professional services that BSSN expects to provide to the Debtors during the course of the cases may include some or all of the following:

- (a) Advising the Debtors with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules, Local Rules, and the Office of the United States Trustee, as they pertain to the Debtors;

- (b) Advising the Debtors with regard to certain rights and remedies of the bankruptcy estates and rights, claims, and interests of creditors and bringing such claims as the Debtors, in their business judgment, decide to pursue;

- (c) Representing the Debtors in any proceeding or hearing in the Bankruptcy Court involving the estates;

- (d) Conducting examinations of witnesses, claimants, or adverse parties, and representing the Debtors in any adversary proceeding (except to the extent that any such adversary proceeding is in an area outside of BSSN's expertise);

- (e) Reviewing and analyzing various claims of the Debtors' creditors and treatment of such claims and preparing, filing, or prosecuting any objections thereto or initiating appropriate proceedings regarding leases or contracts to be rejected or assumed;

- (f) Preparing and assisting the Debtors with the preparation of reports, applications, pleadings, motions, and orders, including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statements of financial affairs, cash collateral motion papers, and motions with respect to the Debtors' use of estate property (to the extent necessary);

- (g) Assisting the Debtors in the analysis, formulation, negotiation, and preparation of all necessary documentation relating to the sale of the Debtors' assets, as appropriate;

- (h) Assisting the Debtors in the negotiation, formulation, preparation, and confirmation of a plan (or plans); and

- (i) Performing any other services that may be appropriate in BSSN's representation of the Debtors as general bankruptcy counsel in the cases.

**B.    BSSN Is Disinterested And Does Not Hold or Represent Any Adverse Interest.**

16.    To the best of the Debtors' knowledge, and as disclosed in the Anderson

5

Declaration, BSSN is: (a) a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code; (b) does not hold or represent an interest adverse to the Debtors' estates; and (c) except as is disclosed in the Anderson Declaration, has no connection to the Debtors, their affiliates, their creditors, or any other parties in interest, or their respective attorneys and accountants, the United States Trustee for the District of Maine (the "**U.S. Trustee**") or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the District of Maine or any persons employed in the offices of the same. Additional representations and disclosures are contained in the Anderson Declaration.

    **C.**    **Compensation and Expense Reimbursement of BSSN**

17.    BSSN was paid for prepetition legal services to the Debtors, as disclosed in more detail in the Anderson Declaration. BSSN did not hold a claim against the Debtors as of the Petition Date.

18.    The Debtors understand that BSSN intends to apply to this Court for compensation for professional services rendered and reimbursement of expenses incurred in connection with its bankruptcy cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, and any applicable orders of this Court. BSSN understands the provisions of §§ 327, 330, and 331 of the Bankruptcy Code and that these provisions require, among other things, approval by this Court of BSSN's employment as general bankruptcy counsel and of all legal fees and reimbursement of expenses that BSSN will receive from the Debtors, including any professional fees paid to BSSN under any approved cash collateral budget (meaning any payments made to BSSN under a cash collateral budget shall be held by BSSN in escrow pending further Court order allowing compensation to

BSSN).

19. The Debtors submit that BSSN's rates are reasonable and should be approved by this Court, subject to a determination of any amounts actually to be paid to BSSN upon the filing of any application for compensation. BSSN has and will utilize detailed time-keeping and billing software to generate detailed records of time spent and any actual and necessary expenses incurred with the rendition of legal services.

20. The Debtors, subject to this Court's approval, also propose to reimburse BSSN for its actual and necessary expenses incurred in representing the Debtors. It is BSSN's policy in all areas of practice to charge its clients for all other expenses incurred in connection with a client's case. BSSN, however, does not charge clients for routine copying charges, legal research within BSSN's subscription to such research platforms, and other overhead items. The expenses that BSSN charges to clients include, among other things, photocopying for extraordinary copy projects only, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, postage, express mail and messenger charges, and certain extraordinary computerized legal research charges that fall outside BSSN's standard research subscriptions. BSSN will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to its other clients and consistent with its standard practices, with all such reimbursement subject to this Court's approval.

21. In accordance with Local Rule 2014-1(c), given the variety and complexity of the services that are required, BSSN is unable to precisely estimate the total cost of services to be rendered in the Debtors' cases. BSSN, however, anticipates that its fees will be consistent with cases of similar size and complexity in this Court.

## NOTICE

22. This Application shall be served on the following parties on the date and in the manner set forth in the certificate of service: (a) the U.S. Trustee; (b) the Debtors' secured creditors or, if known, to counsel representing them; (c) the top twenty (20) non-insider unsecured creditors of the Debtors or, if known, to counsel representing such holders; (d) applicable federal and state taxing authorities; and (e) any attorney of record or party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the circumstances of the Debtors' chapter 11 cases and the nature of the relief sought herein, the Debtors submit that no further notice of this Application is required.

## CONCLUSION

Based on the foregoing, the Debtors request that this Court enter an order authorizing the employment of BSSN as their general bankruptcy counsel.

Dated: July 17, 2025

Respectfully submitted,
**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ D. Sam Anderson*
D. Sam Anderson, Esq.
Adam R. Prescott, Esq.
100 Middle Street, PO Box 9729,
Portland, Maine 04104
Telephone: (207) 774-1200
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

8