## Exhibit A

## Anderson Declaration

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.,**<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 25-20160**<br><br>**(Jointly Administered)** |

**DECLARATION OF D. SAM ANDERSON, ESQ. IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR ORDER AUTHORIZING THE EMPLOYMENT OF BERNSTEIN, SHUR, SAWYER & NELSON, P.A. AS COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

I, D. Sam Anderson, declare (this "**Declaration**"), pursuant to § 1746 of title 28 of the United States Code, as follows:

1. I am a shareholder with the law firm of Bernstein, Shur, Sawyer & Nelson, P.A. ("**BSSN**"), which has its principal office located at 100 Middle Street, West Tower, Portland, ME 04101. BSSN's phone number is (207) 774-1200. My e-mail address is sanderson@bernsteinshur.com. I am admitted to practice law in: (i) the State of Maine; (ii) the State of New Jersey; and (iii) the Commonwealth of Pennsylvania. I also am admitted to practice in several Federal district and bankruptcy courts, including Maine and Vermont. I am authorized to make this Declaration on BSSN's behalf.

2. I submit this Declaration in the chapter 11 cases of the above-referenced debtors (the "**Debtors**") pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Bankruptcy Rules of this Court (the "**Local**

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

**Rules**"), in support of the *Application of the Debtors for Order Pursuant to §§ 327 and 328 of the Bankruptcy Code Authorizing Employment of Bernstein, Shur, Sawyer & Nelson, P.A. as Counsel to the Debtors, Effective as of the Petition Date* (the "**Application**").

**Disinterestedness of Professionals**

3.      The Debtors retained BSSN on May 27, 2025, to advise the Debtors regarding various financial matters and related issues.[2] BSSN has substantial experience in cases involving the representation of debtors and debtors-in-possession under the Bankruptcy Code in Maine and numerous other states.  Accordingly, BSSN and its attorneys have the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of the Debtors' bankruptcy cases, and I believe that BSSN is well qualified to represent the Debtors in an efficient and timely manner.

4.      Prior to the commencement of the chapter 11 cases, BSSN undertook a review of its computerized database regarding client representations (the "**Client Database**") to determine whether it had any conflicts or other relationships with parties in interest, which review will continue throughout the pendency of the cases.  BSSN submitted to the Client Database the names of the Debtors and significant parties in interest listed on **Exhibit 1** attached hereto (all such parties, collectively, the "**Searched Parties**" and, each, a "**Searched Party**").  Where an entity has a name similar to a Searched Party, or is possibly related to such party, those parties have also been searched.  In addition to searching its Client Database, BSSN also solicited information by an email to all attorneys in the firm to identify any additional connections or relationships to the parties on **Exhibit 1**.

5.      I am not related, and to the best of my knowledge, no attorney at BSSN is related,

---

[2] BSSN was previously retained by the Debtors for a minimal amount of work on matters unrelated to this restructuring several years prior.

2

to any United States Bankruptcy Judge in this District or to the United States Trustee for this District. BSSN discloses the following known connections to the United States Trustee's Office and the Bankruptcy Court for the District of Maine:

    a. Joshua Silver, an attorney currently employed in BSSN's Business Law and Intellectual Property and Technology Practice Groups, is the spouse of Jennifer Pincus, a former trial attorney in the Portland Division of the United States Trustee's Office. Mr. Silver does not practice in BSSN's Business Restructuring and Insolvency Practice Group and has not, and will not, provide any services to the Debtors in connection with the cases.

    b. Sheila R. Dilios, a former paralegal in the United States Trustee's Office and currently a paralegal in the United States Bankruptcy Court for the District of Maine (Portland Division), is a former employee of BSSN.

    c. The Honorable Michael A. Fagone, currently a judge in the United States Bankruptcy Court for the District of Maine (Bangor Division), is a former shareholder of BSSN.

    d. Jessica Lewis, a law clerk to the Honorable Peter G. Cary, is a former attorney at BSSN.

6. In support of the Application, I make the following additional disclosures:

    a. My and my firm's connections with the Debtors, creditors of the Debtors, or other parties in interest, or their respective attorneys and accountants (to the extent known), are as follows:

        i. The following persons or entities on **Exhibit 1** are current or former clients of BSSN on matters unrelated to the Debtors and the cases:

- New England Kenworth is a client of BSSN on matters unrelated to the Debtors or these cases.

- Great Works Internet is a client of BSSN on matters unrelated to the Debtors or these cases.

- An affiliate of Ion Networking, Inc. is a client of BSSN on matters unrelated to the Debtors or these cases.

- Camden National Bank is a client of BSSN on matters unrelated to the Debtors or these cases (and BSSN has a conflict waiver in place).

- Consolidated Communications is a client of BSSN on matters

3

unrelated to the Debtors or these cases.

- Butler Bros. is a client of BSSN on matters unrelated to the Debtors or these cases.

- The City of Portland is a client of BSSN on matters unrelated to the Debtors or these cases.

- UNIFIRST Corp. is a former client of BSSN on matters unrelated to the Debtors or these cases.

- Dead River Company is a former client of BSSN on matters unrelated to the Debtors or these cases.

- TD Bank is a former client of BSSN on matters unrelated to the Debtors or these cases.

- Bangor Savings Bank is a former client of BSSN on matters unrelated to the Debtors or these cases.

- Acadia Insurance Company is a former client of BSSN on matters unrelated to the Debtors or these cases.

- CHEP USA is a former client of BSSN on matters unrelated to the Debtors or these cases.

- Portland Water District is a former client of BSSN on matters unrelated to the Debtors or these cases.

- Curtis Thaxter is a former client of BSSN on matters unrelated to the Debtors or these cases.

- Key Bank is a former client of BSSN on matters unrelated to the Debtors or these cases.

- Wells Fargo (and various affiliates) are former clients of BSSN on matters unrelated to the Debtors or these cases.

- Maritime Energy is a former client of BSSN on matters unrelated to the Debtors or these cases.

ii. BSSN discloses the following additional known connections:

- The spouse of Phil Saucier, who is an attorney at BSSN in the municipal law practice group, is a commercial loan officer at TD Bank.

4

- In addition to the affiliated Debtors subject to the Application (which Debtors are co-borrowers with KeyBank and share significant operational and management overlap), BSSN's engagement agreement included affiliates Cozy Harbor Foods, Inc. and WNDK Limited Liability Company ("**WNDK**"). Cozy Harbor Foods, Inc. is a non-operating, wholly owned affiliate of Cozy Harbor Seafood, Inc., a co-borrower with KeyBank, and is not a debtor in a chapter 11 case. WNDK is owned by the same individuals who own Cozy Harbor Seafood, Inc. WNDK (a non-debtor) owns the 75 St. John Street property from which the Debtors operate and leases that property to Cozy Harbor Seafood, Inc. WNDK is not a co-borrower with KeyBank and has a different secured lender (TD Bank). BSSN will not represent WNDK during the chapter 11 cases, and WNDK will be represented by Curtis Thaxter.

   iii. As to the parties identified herein, the legal fees as to each party constituted less than 1% of BSSN's revenue in 2024.

b. I am and each member of my firm is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

c. I have not agreed to share with any person (except shareholders or employees of BSSN) the compensation to be paid for the services rendered in the cases.

d. Neither BSSN, nor any attorney at BSSN, is or was a creditor or an insider of the Debtors, except that BSSN previously has rendered legal services to the Debtors for which it has been compensated as disclosed herein.

e. Neither BSSN, nor any attorney at BSSN, is or was, within two years before the Petition Date, a director, officer, or employee of the Debtors.

f. BSSN does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity interest holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors specified in the foregoing paragraphs, or for any other reason.

g. I shall amend this Declaration upon my learning that: (A) any of the within representations are incorrect; or (B) there is any change of circumstance relating thereto.

7. BSSN has represented in the past, currently represents, and in the future likely will represent, certain creditors of the Debtors and other parties in interest appearing in these chapter 11 cases. Those past or current representations on unrelated matters are disclosed above. Further,

BSSN and its attorneys also have relationships with, and have served as referral sources for and received referrals from, and have sought retention of in prior chapter 11 cases, other attorneys and professionals who have entered or may enter in the future appearances for the Debtors or parties in interest in these cases (such as prior matters working with Opus Consulting and Purdy Powers), but I do not believe those ordinary relationships in other matters present any conflict concerns.

8. The information listed on **Exhibit 1** may be updated or may change during the cases. I will supplement this Declaration as necessary promptly after I become aware of additional information.

9. With respect to the parties on **Exhibit 1**, BSSN has not, does not, and will not represent such parties in any matters relating to the cases or the Debtors.

10. On behalf of BSSN, I acknowledge the continuing duty to exercise due diligence, and to monitor the reported revenue from those current and former clients disclosed above that may be creditors of the Debtors, and to notify this Court if any of the above information changes.

**Services To Be Rendered**

11. BSSN will provide general bankruptcy services to the Debtors as needed throughout the cases. In particular, I anticipate that BSSN will provide some or all of the following services to the Debtors:

    (a) Advising the Debtors with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules, Local Rules, and the Office of the United States Trustee, as they pertain to the Debtors;

    (b) Advising the Debtors with regard to certain rights and remedies of the bankruptcy estates and rights, claims, and interests of creditors and bringing such claims as the Debtors, in their business judgment, decide to pursue;

    (c) Representing the Debtors in any proceedings or hearings in the Bankruptcy Court involving the estates;

    (d) Conducting examinations of witnesses, claimants, or adverse parties, and

     representing the Debtors in any adversary proceeding (except to the extent that any such adversary proceeding is in an area outside of BSSN's expertise);

(e) Reviewing and analyzing various claims of the Debtors' creditors and treatment of such claims and preparing, filing, or prosecuting any objections thereto or initiating appropriate proceedings regarding leases or contracts to be rejected or assumed;

(f) Preparing and assisting the Debtors with the preparation of reports, applications, pleadings, motions, and orders, including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statements of financial affairs, cash collateral motion papers, and motions with respect to the Debtors' use of estate property (to the extent necessary);

(g) Assisting the Debtors in the analysis, formulation, negotiation, and preparation of all necessary documentation relating to the sale of the Debtors' assets, as appropriate;

(h) Assisting the Debtors in the negotiation, formulation, preparation, and confirmation of a plan (or plans); and

(i) Performing any other services that may be appropriate in BSSN's representation of the Debtors as general bankruptcy counsel in the cases.

## Professional Compensation

12. Prior to the Petition Date, BSSN maintained a single billing account for the Debtors, and BSSN received a single retainer payment (in the amount of $100,000) on behalf of the Debtors that was funded by Cozy Harbor Seafood, Inc. on June 2, 2025. BSSN, by application of that retainer, received a single payment from the Debtors on July 1, 2025, in the amount of **$45,210.00** for prepetition legal services. As of the Petition Date, BSSN continued to hold a security retainer from the Debtors in the amount of **$54,790.00**, which BSSN will continue to hold in escrow pending further Court order allowing compensation to BSSN.

13. BSSN intends to apply to this Court for compensation for professional services rendered and reimbursement of expenses incurred in connection with the bankruptcy cases in

7

accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, and any applicable orders of this Court.

14. BSSN understands the provisions of §§ 327, 330, and 331 of the Bankruptcy Code and that these provisions require, among other things, approval by this Court of BSSN's employment as bankruptcy counsel and of all legal fees and reimbursement of expenses that BSSN will receive from the Debtors, including any professional fees paid to BSSN under any approved cash collateral budget (meaning any payments made to BSSN under a cash collateral budget shall be held by BSSN pending further Court approval).

15. The Debtors have agreed, subject to this Court's approval, to pay BSSN at its customary hourly rates (with certain discounts provided) for representation of debtors in reorganization cases. I submit that such rates are reasonable and should be approved by this Court, subject to a determination of any amounts actually to be paid to BSSN upon the filing of any application for compensation. BSSN has and will utilize detailed time-keeping and billing software to generate detailed records of time spent and any actual and necessary expenses incurred with the rendition of legal services.

16. I anticipate that the following attorneys and paraprofessionals will render services to the Debtors during the cases:

| Professional | Position | Hourly Rate |
|---|---|---|
| D. Sam Anderson | Attorney (Shareholder) | $595.00[3] |
| Adam R. Prescott | Attorney (Shareholder) | $495.00 |
| Kate Flynn | Paraprofessional (Trainee) | $175.00 |

---

[3] This rate reflects a discounted rate for this matter from my standard rate of $650/hour as of the Petition Date.

8

17. From time to time, other attorneys and paraprofessionals at BSSN not listed above may provide services to the Debtors at their standard hourly rates. BSSN's rates for shareholder and of counsel attorneys generally range from $400-$750/hour, and associate attorney rates generally range from $250-$350/hour.

18. A brief biography of the attorneys and paraprofessionals with BSSN who are expected to work on the cases is attached hereto as **Exhibit 2**.

19. The Debtors, subject to this Court's approval, also propose to reimburse BSSN for its actual and necessary expenses incurred in representing the Debtors. It is BSSN's policy in all areas of practice to charge its clients for all other expenses incurred in connection with a client's case. BSSN, however, does not charge clients for routine copying charges, legal research within BSSN's subscription to such research platforms, and other overhead items. The expenses that BSSN charges to clients include, among other things, photocopying for extraordinary copy projects only, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, postage, express mail and messenger charges, and certain extraordinary computerized legal research charges that fall outside BSSN's standard research subscriptions. BSSN will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to its other clients and consistent with its standard practices, with all such reimbursement subject to this Court's approval.

20. BSSN will provide billing statements on a regular basis to the Debtors that will set forth the amount of fees incurred and expenses advanced by BSSN during each month.

21. If retained, BSSN will continue to exercise due diligence and monitor potential conflicts, and the Debtors will notify this Court if the information in this Declaration requires updating.

The foregoing is true and correct to the best of my knowledge and belief.

Dated:   July 17, 2025                    */s/ D. Sam Anderson*
                                               D. Sam Anderson

**Exhibit 1**

**Searched Parties**

**Exhibit 2**

**Biographies of BSSN Professionals and Paraprofessionals**

**D. SAM ANDERSON**

Sam Anderson is a shareholder and co-chair of BSSN's Business Restructuring & Insolvency Practice Group. Sam's practice focuses primarily on representing debtors in Chapter 11 reorganization proceedings. Sam's practice has focused most recently on representing both paper mills and real estate holding companies in chapter 11, including debtors in single asset real estate cases, and representing companies in the hospitality industry through reorganizations and asset sales.

Additionally, Sam has considerable experience working on individual Chapter 11 reorganizations. He has extensive experience representing creditors in Chapter 11 proceedings, including representing landlords as creditors in these proceedings. Sam has a wide range of experience in representing clients in pre-bankruptcy and bankruptcy related matters, including representing clients in valuation disputes, preference litigation, fraudulent transfer litigation, stay relief, assets sales under the Bankruptcy Code, plan confirmation and other matters arising under bankruptcy law.  He also has experience representing plaintiffs and defendants in commercial litigation in both state and federal courts.

**ADAM PRESCOTT**

Adam is a member of Bernstein Shur's Business Restructuring and Insolvency Practice Group.  Adam's experience includes chapter 11 reorganizations and asset sales and acquisitions, as well as other bankruptcy-related matters, including preference litigation, claim objections, cash collateral and adequate protection disputes, relief from stay litigation, and numerous other areas of bankruptcy law and litigation.  As part of his bankruptcy practice, Adam regularly appears in court to represent clients, and he also frequently drafts motions, objections, and other pleadings for clients, including in bankruptcy appeals before the U.S. District Court for the District of Maine and the First Circuit Court of Appeals.  In addition to his bankruptcy practice, Adam maintains a diverse litigation and appellate practice, which has included representing clients in federal and state courts across the country.

Adam earned his J.D. from the William & Mary School of Law, and his B.S. in Economics from Trinity College in Hartford, Connecticut.  After law school, Adam clerked for the Honorable Rudolph Contreras at the United States District Court for the District of Columbia.  Prior to joining Bernstein Shur, Adam worked as a Senior Associate at WilmerHale in Washington, D.C.

**KATE FLYNN**

Kate Flynn is a paralegal trainee in the Business Restructuring and Insolvency Practice Group.  Kate joined Bernstein Shur in June 2025.