*RELIEF REQUESTED WITHOUT A HEARING*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **In re:** **COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.,** Debtors.[1] | **Chapter 11** **Case No. 25-20160** **(Jointly Administered)** |

**APPLICATION OF THE DEBTORS FOR ORDER PURSUANT TO §§ 327 AND 328 OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF OPUS CONSULTING PARTNERS, AS FINANCIAL ADVISOR TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc., the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby move this Court (the "**Application**") for entry of an order, pursuant to §§ 327 and 328 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 9013-3 of the Local Rules of the United States Bankruptcy Court for the District of Maine (the "**Local Rules**"), authorizing the employment of Opus Consulting Partners, LLC ("**Opus**") as financial advisor for the Debtors, effective as of the Petition Date (defined below). Simultaneously with the filing of this Application, the Debtors are filing the *Declaration of Casey Skovran in Support of Application of the Debtors for Order Pursuant to §§ 327 and 328 of the Bankruptcy Code Authorizing Employment of Opus Consulting Partners, as Financial Advisor to the Debtors, Effective as of the*

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

1

*Petition Date* (the "**Skovran Declaration**"), which is attached hereto as **Exhibit A** and incorporated herein by reference. In support of the Application, the Debtors state as follows:

## JURISDICTION, VENUE AND STATUTORY BASIS

1. The United States District Court for the District of Maine (the "**District Court**") has original, but not exclusive, jurisdiction over the Debtors' chapter 11 cases pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4. The predicates for the relief sought herein are §§ 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and 2016, and Local Rules 2014-1 and 9013-3.

## BACKGROUND

5. On July 1, 2025 (the "**Petition Date**"), the Debtors each commenced a chapter 11 case by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

6. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession. To date, no operating trustee, examiner, or statutory committee has been appointed in the cases by the United States Trustee.

## RELIEF REQUESTED

7. Subject to the approval of this Court, the Debtors seeks to employ Opus to serve as their financial advisor in connection with the bankruptcy cases.

8. Pursuant to Local Rule 2014-1(b)(2), because this Application seeks to retain a professional for a chapter 11 debtor and is being filed within thirty (30) days of the Petition Date, the order authorizing the retention may be effective as of the Petition Date, without the necessity of obtaining retroactive approval. Pursuant to Local Rule 9013-3, this Court may grant this Application without a hearing.

**BASIS FOR RELIEF**

**A.     Legal Standard**

9. Section 327(a) of the Bankruptcy Code provides that a debtor-in-possession is authorized to employ one or more attorneys who do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in § 101(14), to represent or assist the debtor in carrying out its duties under the Bankruptcy Code. See 11 U.S.C. §§ 101(14), 327(a). Section 328(a) of the Bankruptcy Code provides that professionals employed pursuant to § 327(a) may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." See id. § 328(a).

**B.     Background and Services to be Provided**

10. The Debtors retained Opus on or about March 10, 2025, to provide financial and restructuring analysis as part of their potential reorganization and bankruptcy process. The Debtors face numerous deadlines and pressures relating to the bankruptcy cases and day-to-day financial operations, including weekly and monthly reporting, as well as financial analysis relating to the cases, cash flow, and the Debtors' anticipated exits from chapter 11. The Debtors require Opus's expertise to assist the management team and other professionals in financial analysis, financial modeling, and related technical and data management services.

3

11. The Debtors selected Opus as financial advisor because of its experience in financial matters in general, and in turnaround and restructuring support in particular. Accordingly, the Debtors submit that Opus is well qualified to provide the necessary financial advisory services.

12. In accordance with Local Rule 2014-1(c), the professional services that Opus has rendered and will continue to render to the Debtors will include the following:

    (a) Financial analysis and cash flow forecasting, including creating, maintaining, and updating cash budgets for cash collateral use, pro formas, and similar cash flow reports and analysis.

    (b) Strategic advisory services, including regarding restructuring and operational decisions of the Debtors.

    (c) Assistance with weekly and monthly reporting, preparation of schedules and statements of financial affairs, and other financial advisory support as needed to assist the Debtors in meeting their obligations as debtors-in-possession.

    (d) Communicating with, as needed, creditors, vendors, lenders, and other parties in interest during the cases, including regarding financial performance, budgeting, and related matters as may arise.

### C. **Opus is Disinterested and Does Not Have Any Adverse Interests.**

13. Except to the extent non-adverse connections are disclosed in the Skovran Declaration, Opus does not have any connection with, or any interest adverse to, the Debtors, their creditors, any other party in interest, their respective attorneys and accountants (to the extent known), the United States Trustee, or persons known to Opus as employees of the Office of the United States Trustee. Accordingly, the Debtors believe that Opus does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that phrase is defined in Bankruptcy Code § 101(14), as modified by § 1107(b).

**D.    Arrangement for Compensation and Reimbursement of Expenses**

14.    The prepetition invoicing and payments to Opus are set forth in the Skovran Declaration.  Opus did not hold a claim against the Debtors as of the Petition Date.

15.    A brief biography of Casey Skovran is included at **Exhibit 2** to the Skovran Declaration.

16.    With respect to fees and expenses incurred after the Petition Date, the Debtors, subject to approval by this Court, propose to pay Opus its customary hourly rates, as set forth in the Skovran Declaration.

17.    Further, the Debtors, subject to Court approval, propose to reimburse Opus for its actual and necessary expenses incurred in connection with the services described above.  Opus will maintain detailed records of time and any actual and necessary expenses incurred in connection with the rendering of its services by category and nature of the services rendered.

18.    In accordance with Local Rule 2014-1(c), given the nature and complexity of the services that Opus may perform, and the uncertainty about the contours, litigation landscape, and path toward exit from chapter 11 of the cases, Opus is unable to estimate the cost of its services at this time.  The Debtors submit that such costs will be similar to other cases of the size and complexity of these cases in Maine and New England.

## NOTICE

19.    Notice of this Application shall be served as set forth in the certificate of service.

## CONCLUSION

20.    Based on the foregoing, the Debtors request that this Court enter an order authorizing the employment of Opus as financial advisor on the terms set forth herein and in the proposed form of order filed herewith, and that any and all fees and expenses to be paid in this

proceeding shall be approved by this Court in accordance with the Bankruptcy Code and any other applicable orders of this Court.

Dated: July 18, 2025

Respectfully Submitted,

**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ Adam R. Prescott*
D. Sam Anderson, Esq.
Adam R. Prescott, Esq.
100 Middle Street
PO Box 9729, Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com

*Proposed Counsel to the Debtors and Debtors in Possession*