# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re: | Chapter 11 |
| COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC., | Case No. 25-20160 |
| | (Jointly Administered) |
| Debtors.[1] | |

### ORDER GRANTING APPLICATION OF THE DEBTORS FOR ORDER PURSUANT TO §§ 327 AND 328 OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF OPUS CONSULTING GROUP, AS FINANCIAL ADVISOR TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the *Application of the Debtors for an Order Authorizing the Employment of Opus Consulting Group as Financial Advisor to the Debtors, Effective as of the Petition Date* [Dkt. No. ___] (the "**Application**"), and upon consideration of the Skovran Declaration[2] attached thereto and filed therewith, and it satisfactorily appearing that Opus is disinterested and does not represent or hold any interest adverse to the Debtors or the estates in the matters upon which Opus is to be engaged, and having found that the employment of Opus will be in the best interest of the Debtors and the Debtors' estates, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. The Application is **GRANTED** as set forth herein.

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363.  The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Application.

2. The Debtors are authorized to employ Opus under § 327 of the Bankruptcy Code on terms set forth in the Application and Skovran Declaration, and Opus is authorized to perform the services set forth in the Application and the Skovran Declaration on behalf of the Debtors.

3. The retention of Opus shall be and hereby is deemed effective as of the Petition Date.

4. All payments of professional fees and reimbursement of expenses to Opus are subject to Court approval based on application to the Court and submission of contemporaneous time records, pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules, or in accordance with any further order of this Court, including any professional fees paid to Opus under any approved cash collateral budget (meaning any payments made to Opus under a cash collateral budget shall be held in escrow by Opus pending further Court order allowing compensation to Opus).

5. Service of the Application, the Skovran Declaration, and the proposed order was sufficient notice to parties under the circumstances.

6. This Court shall retain jurisdiction to interpret and enforce the terms of this Order.

7. This order shall become final in 14 days unless an interested party sooner objects, in which case the matter shall be set for hearing and considered by the Court as if this order had not been entered.

Dated: _____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine