## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>**COZY HARBOR SEAFOOD, INC.,**<br>**CASCO BAY LOBSTER CO., INC., and**<br>**ART'S LOBSTER CO., INC.,**<br><br>      **Debtors.**[1] | Chapter 11<br><br>**Case No. 25-20160**<br><br>**(Jointly Administered)** |

**SECOND INTERIM ORDER: (I) AUTHORIZING THE USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; AND (III) GRANTING RELATED RELIEF**

This matter is before this Court on the *Motion of Debtors for Entry of an Order: (I) Authorizing the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Related Relief; and (IV) Request for Emergency Determination and Limitation of Notice* [Dkt. No. 3] (the "**Motion**") filed by the Debtors on July 1, 2025;[2] and due and sufficient notice under the circumstances of the Motion and the interim hearings on the Motion having been provided by the Debtors; and upon consideration of the Motion, and the record at the interim hearings; and this Court having entered the *Interim Order: (I) Authorizing the Use of Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief* [Dkt. No. 31]; and it appearing that approval of this second interim order (the "**Interim Order**") is fair and reasonable and in the best interests of the Debtors, the estates, and other parties in interest, and is essential for the continued preservation of the Debtors' assets; and after due deliberation and consideration and good and sufficient cause appearing therefor,

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363.  The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

[2] Capitalized terms used, but not defined in this Interim Order, shall have the meaning ascribed to such terms in the Motion.

**IT IS HEREBY FOUND**:

A.      On the Petition Date, the Debtors commenced their chapter 11 cases in the Bankruptcy Court.

B.      The Debtors are continuing to manage their assets and operate their businesses as debtors-in-possession.

C.      No request for the appointment of an operating trustee or examiner has been made in the cases.

D.      The Bankruptcy Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      The Debtors have an immediate need to use Cash Collateral as authorized in this Interim Order to have adequate liquidity to provide for, among other things, the orderly continuation of their businesses, to maintain business relationships, to fund payroll, to preserve the value of the Debtors' assets, and to avoid immediate and irreparable harm to the Debtors and their estates.

**NOW, THEREFORE, IT IS HEREBY <u>ORDERED</u>, <u>ADJUDGED</u>, AND <u>DECREED</u>**:

1.      The Motion is **<u>GRANTED</u>** on an interim basis as set forth in this Interim Order.

2.      The Debtors are authorized to use Cash Collateral in accordance with and to the extent set forth in the budget attached hereto as **<u>Exhibit A</u>** (the "**<u>Budget</u>**") on an interim basis through and including August 7, 2025 (<u>i.e.</u>, "Week 5" in the Budget), with recognition and allowance that the timing of revenue and disbursements toward expenses may be different than as

projected in the Budget.

3.     As adequate protection for the Debtors' use of Cash Collateral, and pursuant to Bankruptcy Code §§ 361, 363(c)(2), and 363(e), the Prepetition Lienholder shall be granted, solely to the extent of any diminution in the value of the Prepetition Lienholder's interests in Cash Collateral of the Debtors from and after the Petition Date (such diminution in value after the Petition Date, the "**Adequate Protection Obligations**"), automatically perfected liens on all of the Debtors' presently owned and hereafter acquired equipment and vehicles (including titled vehicles and watercraft), which such liens shall exist in the same order of priority that existed as of the Petition Date (including, as applicable, any adequate protection liens granted herein being junior only to any valid and perfected senior liens of other creditors on such equipment collateral as existed on the Petition Date) (the "**Adequate Protection Liens**").

4.     In addition to the Adequate Protection Liens, as further adequate protection for the Debtors' use of Cash Collateral, and pursuant to Bankruptcy Code §§ 361, 363(c)(2), and 363(e), the Prepetition Lienholder shall continue to hold liens, rights as assignee, rights of set off, and/or security interests in any and all property of the Debtors, all to the same extent and validity, and in the same priority, as the Prepetition Lienholder held liens, rights as assignee, rights of set off, and/or security interests in the Debtors' assets (including, without limitation, the proceeds, products, offspring, and profits thereof) the Petition Date (the "**Continuing Liens**").  For clarity, the term

3

"Continuing Liens" shall include, without limitation, replacement liens on cash, inventory, and accounts receivable that are created or in which the Debtors acquires an interest after the Petition Date.

5.     The Adequate Protection Liens and Continuing Liens shall be valid, binding, enforceable, and fully perfected without the necessity of the execution, filing, or recording of security agreements, financing statements, or other agreements.

6.     To the extent the Adequate Protection Liens and Continuing Liens are insufficient to cover the Adequate Protection Obligations in their entirety, the remaining, unsatisfied Adequate Protection Obligations due to the Prepetition Lienholder shall constitute an allowed post-petition administrative claim against the Debtors' estates to the extent provided by the Bankruptcy Code.   Nothing herein shall preclude the Prepetition Lienholder from moving for additional adequate protection or to revoke authority for the Debtors' use of Cash Collateral following entry of this Order, the Prepetition Lienholder reserving all of its rights with respect thereto, or preclude the Debtors from moving to modify the adequate protection afforded under this Order, or for authority to modify the Budget, the Debtors reserving all of their rights with respect thereto.

7.     The Debtors shall provide to the Prepetition Lienholder all financial and other information as Prepetition Lienholder shall reasonably request, including, but not limited to, the following:  By 10:00 A.M. on Tuesday of each week, commencing July 8, 2025, each of the following:

4

        i.      Reports that set forth in reasonable detail:

           a)    total sales for the prior week;
           b)    total collections for the prior week;
           c)    a comparison, on a weekly and aggregate basis, actual to projected performance under the Budget for each week; and
           d)    a schedule of all outstanding checks and payments issued or to be issued by the Debtors;

        ii.    A profit and loss statement for the (i) prior week, and (ii) for the entire post-petition period;

        iii.    A borrowing base certificate in the usual form; and

        iv.    An accounts receivable aging as of the close of business on Friday of the prior week for post-petition receivables.

8.    The Prepetition Lienholder shall have the right to request and receive information and reports necessary or helpful for the Prepetition Lienholder's evaluation of the Debtors' profitability and cash flow; and to inspect, audit and monitor all or any part of the Collateral, and the Debtors shall make all of same reasonably available to the Prepetition Lienholder and its representatives, for such purposes.  The foregoing is without prejudice to, and shall not be deemed a waiver of, the rights of the Prepetition Lienholder to seek examination of the Debtors pursuant to Fed. R. Bankr. P. 2004.

9.    The terms and conditions of this Interim Order shall be effective and immediately enforceable upon its entry on the docket notwithstanding any potential application of Bankruptcy Rules 6004, 7062, 9014, or otherwise.

10.    A final hearing on the Motion shall take place before this Court on **August 7, 2025, at 1:00 p.m.**, and, if necessary, the Court shall conduct an evidentiary hearing on **August 14, 2025, at 9:30 a.m.**, in

Portland, Maine.

11.    The Debtors shall file and serve a proposed final Order and revised Budget, if applicable, **on or before July 31, 2025**.

12.    Objections, if any, to the relief requested in the Motion being granted on a final basis shall be filed with this Court and served upon proposed counsel for the Debtors, on all parties appearing in the cases, and the Office of the United States Trustee, **on or before August 4, 2025**.

13.    The Prepetition Lienholder and the United States Trustee are authorized to conduct discovery with the Debtors' response times shortened from 30 days as provided in the Bankruptcy Rules to seven (7) days.  Discovery must be completed **no later than August 11, 2025**.

14.    This Interim Order constitutes findings of fact and conclusions of law and shall take effect and be fully enforceable effective immediately.

Dated:  July 24, 2025

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine

6

## **Exhibit A**
**Budget**

**Cozy Harbor Seafood — Weekly Cash Flow**

13-Week Projection Period

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Week 27 | Week 28 | Week 29 | Week 30 | Week 31 | Week 32 | Week 33 | Week 34 | Week 35 | Week 36 | Week 37 | Week 38 | Week 39 |
| | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast |
| Week Beginning | 29-Jun-25 | 6-Jul-25 | 13-Jul-25 | 20-Jul-25 | 27-Jul-25 | 3-Aug-25 | 10-Aug-25 | 17-Aug-25 | 24-Aug-25 | 31-Aug-25 | 7-Sep-25 | 14-Sep-25 | 21-Sep-25 |
| Week Ending | 5-Jul-25 | 12-Jul-25 | 19-Jul-25 | 26-Jul-25 | 2-Aug-25 | 9-Aug-25 | 16-Aug-25 | 23-Aug-25 | 30-Aug-25 | 6-Sep-25 | 13-Sep-25 | 20-Sep-25 | 27-Sep-25 |
| Cash Starting Balance | 293,201 | 736,738 | 808,429 | 742,737 | 472,007 | 302,496 | 228,633 | 163,811 | 159,913 | 19,244 | 73,832 | 90,983 | 197,325 |
| Cash Ending Balance | 736,738 | 808,429 | 742,737 | 472,007 | 302,496 | 228,633 | 163,811 | 159,913 | 19,244 | 73,832 | 90,983 | 197,325 | 313,172 |
| Collateral Total | 7,021,014 | 6,996,118 | 7,045,038 | 7,048,185 | 7,085,813 | 7,092,135 | 7,152,291 | 7,207,038 | 7,224,893 | 7,176,083 | 7,114,200 | 7,131,884 | 7,196,985 |
| Total Accounts Receivable | 3,037,229 | 3,012,963 | 3,010,700 | 3,036,862 | 3,077,781 | 3,078,115 | 3,069,306 | 3,096,901 | 3,092,195 | 3,110,464 | 3,110,108 | 3,140,775 | 3,139,281 |
| Total Inventory | 3,246,946 | 3,176,726 | 3,291,602 | 3,559,316 | 3,701,535 | 3,785,387 | 3,919,174 | 3,947,225 | 4,113,454 | 3,991,796 | 3,913,110 | 3,793,784 | 3,684,532 |
| Cash Inflows | | | | | | | | | | | | | |
| Weekly AR Collections | 929,932 | 795,502 | 778,298 | 806,442 | 887,132 | 906,876 | 927,420 | 960,198 | 967,070 | 1,007,796 | 977,990 | 958,712 | 929,477 |
| Financing | | | | | | | | | | | | | |
| Capital Infusion | | | | | | | | | | | | | |
| Sale of Assets | | | | | | | | | | | | | |
| Total Cash Inflows | 929,932 | 795,502 | 778,298 | 806,442 | 887,132 | 906,876 | 927,420 | 960,198 | 967,070 | 1,007,796 | 977,990 | 958,712 | 929,477 |
| Cash Outflows | | | | | | | | | | | | | |
| Cost of Goods Sold | | | | | | | | | | | | | |
| Cash Used For Purchased Lobster & Fish | | | | | | | | | | | | | |
| Cost of Fish | 46,682 | 93,364 | 93,364 | 84,600 | 70,023 | 70,023 | 84,070 | 80,719 | 155,026 | 106,351 | 80,862 | 73,828 | 83,235 |
| Total Cost of Lobster | 230,000 | 440,680 | 575,288 | 714,409 | 711,764 | 680,484 | 720,981 | 665,850 | 695,606 | 554,260 | 595,010 | 554,789 | 528,166 |
| Cost of Crab | 20,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 | 30,000 |
| Less Bait Sales | 7,131 | 9,574 | 16,255 | 17,736 | 23,557 | 20,981 | 24,672 | 17,022 | 15,439 | 19,352 | 21,024 | 14,694 | 18,490 |
| Less Fuel Sales | 975 | 1,607 | 2,543 | 3,454 | 4,231 | 4,041 | 4,421 | 2,977 | 2,977 | 3,462 | 3,871 | 2,557 | 3,336 |
| Total Cash Used For Purchased Lobster & Fish | 288,576 | 552,863 | 679,853 | 808,019 | 783,999 | 755,485 | 805,957 | 756,569 | 862,216 | 667,797 | 681,177 | 641,365 | 619,574 |
| Other Direct Costs | | | | | | | | | | | | | |
| Total Other Direct Costs | 20,692 | 37,453 | 44,181 | 72,945 | 49,412 | 47,792 | 51,026 | 76,439 | 54,823 | 44,397 | 44,838 | 70,104 | 41,535 |
| Labor Cost | | | | | | | | | | | | | |
| Total Labor Cost | 90,694 | 41,396 | 76,624 | 93,833 | 126,723 | 83,505 | 81,425 | 86,775 | 99,474 | 98,509 | 78,293 | 74,183 | 70,177 |
| Total Cost of Goods Sold | 399,962 | 631,712 | 800,657 | 974,797 | 960,134 | 886,782 | 938,408 | 919,783 | 1,016,513 | 810,703 | 802,308 | 785,651 | 731,286 |
| Expenses | | | | | | | | | | | | | |
| Total Business & Admin. Expenses | 11,448 | 15,798 | 7,448 | 7,444 | 12,476 | 8,080 | 17,194 | 8,237 | 13,101 | 7,130 | 7,476 | 30,712 | 7,985 |
| Total Payroll Expenses | 20,781 | 35,217 | 20,738 | 24,646 | 21,117 | 35,602 | 21,040 | 21,008 | 25,245 | 35,336 | 20,721 | 20,672 | 24,539 |
| Total Professional Fees | 3,800 | 15,350 | 6,300 | 5,800 | 3,800 | 8,541 | 6,300 | 5,800 | 3,800 | 8,811 | 3,800 | 6,300 | 5,800 |
| Total Travel, Meals, & Entertainment | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 |
| Total Occupancy Expenses | 45,008 | 20,338 | 3,450 | 3,450 | 33,132 | 35,728 | 3,450 | 3,450 | 37,060 | 20,498 | 56,034 | 3,600 | 32,944 |
| Total Equipment | 5,147 | 5,147 | 5,147 | 10,786 | 5,734 | 5,750 | 5,599 | 5,568 | 11,770 | 5,491 | 5,251 | 5,185 | 10,775 |
| Total Expenses | 86,433 | 92,099 | 43,333 | 52,376 | 76,509 | 93,958 | 53,834 | 44,312 | 91,226 | 77,605 | 93,531 | 66,719 | 82,343 |

**Cozy Harbor Seafood**
Weekly Cash Flow

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Week 27 | Week 28 | Week 29 | Week 30 | Week 31 | Week 32 | Week 33 | Week 34 | Week 35 | Week 36 | Week 37 | Week 38 | Week 39 |
| | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast |
| **Week Beginning** | 29-Jun-25 | 6-Jul-25 | 13-Jul-25 | 20-Jul-25 | 27-Jul-25 | 3-Aug-25 | 10-Aug-25 | 17-Aug-25 | 24-Aug-25 | 31-Aug-25 | 7-Sep-25 | 14-Sep-25 | 21-Sep-25 |
| **Additional Expenditures** | | | | | | | | | | | | | |
| Legal & Consultants | | | | | | | | | | | | | |
| Adequate Utility Assurance | | | | 25,000 | | | | | | | | | |
| Critical Vendor Payments | | | | 25,000 | | | | | | | | | |
| UST Fees | | | | | | | | | 50,000 | 50,000 | 50,000 | | |
| Committee Fees | | | | | | | | | | 15,000 | 15,000 | | |
| **Total Additional Expenditures** | - | - | - | 50,000 | - | - | - | - | 50,000 | 65,000 | 65,000 | - | - |
| **Total Cash Outflow** | 486,395 | 723,811 | 843,990 | 1,077,172 | 1,036,643 | 980,740 | 982,242 | 964,095 | 1,107,739 | 953,208 | 960,840 | 852,370 | 813,930 |
| **Intercompany Transfers** | | | | | | | | | | | | | |
| **Transfer Out** | | | | | | | | | | | | | |
| 7910 Intercompany Purchases CHB/ARTS | (33,184) | (46,887) | (70,566) | (94,584) | (115,955) | (113,165) | (120,085) | (82,009) | (98,189) | (101,384) | (68,235) | (95,537) | (40,938) |
| 7920 Intercompany Purchases CHB/CBL | (17,665) | (16,911) | (33,188) | (20,603) | (36,079) | (25,168) | (38,364) | (30,072) | (19,124) | (33,565) | (40,871) | (33,391) | (35,998) |
| **Transfer In** | | | | | | | | | | | | | |
| 7020 Intercompany Sales CHB/CBL | 17,665 | 16,911 | 33,188 | 20,603 | 36,079 | 25,168 | 38,364 | 30,072 | 19,124 | 33,565 | 40,871 | 33,391 | 35,998 |
| 7910 Intercompany Sales CHB/ARTS | 33,184 | 45,887 | 70,566 | 94,584 | 115,955 | 113,165 | 120,085 | 82,009 | 98,189 | 101,384 | 68,235 | 95,537 | 40,938 |
| **Total Intercompany Transfers** | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Ending Cash** | 736,738 | 808,429 | 742,737 | 472,007 | 302,496 | 228,633 | 163,811 | 159,913 | 19,244 | 73,832 | 90,983 | 197,325 | 313,172 |
| **LOC Est Balance** | 4,915,047 | 4,922,588 | 4,930,140 | 4,937,704 | 4,945,280 | 4,952,867 | 4,960,466 | 4,968,077 | 4,975,699 | 4,983,333 | 4,990,979 | 4,998,636 | 5,006,305 |
| **Ending Cash** | 736,738 | 808,429 | 742,737 | 472,007 | 302,496 | 228,633 | 163,811 | 159,913 | 19,244 | 73,832 | 90,983 | 197,325 | 313,172 |

13-Week Projection Period