## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.** | **Case No. 25-20160** |
| | **(Jointly Administered)** |
| Debtors.[1] | |

**ORDER GRANTING APPLICATION OF THE DEBTORS FOR ORDER PURSUANT TO §§ 327 AND 328 OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF CORPORATE FINANCE ASSOCIATES NEW ENGLAND, LLC AND CORPORATE FINANCE SECURITIES, INC. AS BUSINESS BROKER AND TRANSACTION ADVISOR TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the above-referenced application [Dkt. No. ___] (the "**CFA Application**"), and upon consideration of the Moore Declaration,[2] and it satisfactorily appearing that CFA is disinterested and does not represent or hold any interest adverse to the Debtors or the estates in the matters upon which CFA is to be engaged, and having found that the employment of CFA is in the best interests of the Debtors and the Debtors' estates, it is hereby **ORDERED, ADJUDGED**, and **DECREED** as follows:

1.      The CFA Application is **GRANTED** as set forth herein.

2.      The Debtors are authorized to employ CFA under § 327 of the Bankruptcy Code on terms set forth in the CFA Application, the Engagement Agreement, and the Moore Declaration, and CFA is authorized to perform the services set forth in the Engagement Agreement, _provided_

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363.  The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the CFA Application.

that to the extent of any conflict between this Order and the Engagement Agreement, this Order shall control.

3.      CFA's compensation shall be subject to the standard of review provided in § 328(a) of the Bankruptcy Code and not subject to any other standard of review under § 330 of the Bankruptcy Code.

4.      Subject to the filing of a fee application and further Court order on such application, CFA's allowed compensation will be determined separately as to each Debtor based on the Transaction Value received for each such Debtor's assets, and any allowed Expense Reimbursement will be allocated according to the same Transaction Value ratio.

5.      The retention of CFA shall be and hereby is deemed effective as of the Petition Date.

6.      All payments of professional fees and reimbursement of expenses to CFA are subject to Court approval based on application to the Court, pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules, or in accordance with any further order of this Court.

7.      This Court shall have exclusive jurisdiction to adjudicate any dispute with the Debtors arising under or related to CFA's retention in these cases and the Engagement Agreement, and the arbitration provision in the Engagement Agreement is deemed null and void.

8.      The Indemnification Provisions set forth in the Engagement Letter are approved, subject during the pendency of the Debtors' chapter 11 cases to the following modifications:

>    (a)     The Debtors are authorized to indemnify, and shall indemnify, CFA for any claims arising from, related to, or in connection with the services to be provided by CFA as specified in the Engagement Agreement, but not for any claim arising from, related to, or in connection with CFA's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefor are approved by this Court.  Notwithstanding any provisions of the Engagement Agreement to the contrary, the Debtors shall have no

obligation to indemnify CFA or provide contribution or reimbursement to CFA for any claim or expense that is judicially determined (the determination having become final) to have arisen from CFA's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct, or gross negligence.

(b)     If, before the earlier of: (i) the entry of an order confirming any chapter 11 plan in these cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these chapter 11 cases, CFA believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Engagement Agreement, including, without limitation, the advancement of defense costs, CFA must file an application with this Court, and the Debtors may not pay any such amounts to CFA before the entry of an order by this Court approving the payment.  All parties-in-interest shall retain the right to object to any demand by CFA for indemnification, contribution or reimbursement.

9.     In light of the services to be provided by CFA and the compensation structure provided for in the CFA Application, CFA and its professionals shall be excused from: (i) the requirement to maintain or provide detailed time records in accordance with Bankruptcy Rule 2016(a), the Local Rules, and the United States Trustee Fee Guidelines; and (ii) conforming with a schedule of hourly rates for its professionals.  Instead, CFA shall maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of services in the cases.  CFA shall maintain contemporaneous records (including communications, marketing lists, and similar ordinary course records, or summaries thereof) reflecting the services rendered to the Debtors.

10.     Service of the CFA Application, the Moore Declaration, and the proposed order was sufficient notice to parties under the circumstances.

11.     This Court shall retain jurisdiction to interpret and enforce the terms of this Order.

12.     This order shall become final in 14 days unless an interested party sooner objects, in which case the matter shall be set for hearing and considered by the court as if this order had not been entered.

Dated:

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine