*RELIEF REQUESTED WITHOUT A HEARING*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.,** | **Case No. 25-20160** |
| | **(Jointly Administered)** |
| **Debtors.[1]** | |

**MOTION TO SHORTEN CERTAIN NOTICE PERIODS REGARDING DEBTORS'
BID PROCEDURES MOTION**

Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc., the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through their undersigned proposed counsel, move this Court for the entry of an order shortening (a) the minimum 21-day period from filing to hearing date as to the August 4, 2025 filing and proposed August 21, 2025 hearing date and (b) the 7-day period between objection deadline and hearing as to the proposed August 21, 2025 hearing date on the bid procedures relief in the Debtors' *Motion for Entry of: (I) Order (A) Approving Bid Procedures, (B) Scheduling Auction and Sale Hearing, (C) Approving Form and Manner of Notice Thereof, (D) Approving Procedures for Assumption and Assignment of Contracts and Leases, and (E) Granting Related Relief; and (II) Order (A) Approving Sale of Substantially All Assets Free and Clear; (B) Authorizing Assumption and Assignment of Contracts and Leases; and (C) Granting Related Relief* (the "**Bid Procedures Motion**"). In support of this motion, the Debtors state as follows:

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

**JURISDICTION AND VENUE**

1. The United States District Court for the District of Maine (the "**District Court**") has original, but not exclusive, jurisdiction over the Debtors' chapter 11 cases pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

**BACKGROUND**

4. On July 1, 2025 (the "**Petition Date**"), the Debtors commenced their chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession. To date, no operating trustee, examiner, or statutory committee has been appointed in the cases by the United States Trustee.

6. These cases are being jointly administered for procedural purposes only.

7. The Debtors filed the Bid Procedures Motion on August 4, 2025. Further, on July 31, 2025, the Debtors' filed the proposed final cash collateral order [Dkt. No. 110] (the "**Proposed Final Cash Collateral Order**"), which is set for a final hearing on August 7, 2025. As set forth in the Proposed Final Cash Collateral Order, among the terms and conditions negotiated between the Debtors and KeyBank N.A. ("**KeyBank**") regarding the use of cash collateral on a final basis are various milestones, including that "[o]n or before August 21, 2025, the Court shall have entered a Bidding Procedures Order." Proposed Final Cash Collateral Order, Exhibit B. Following review

and comments between the Debtors and KeyBank, the Bid Procedures Motion was finalized and filed on August 4, 2025.

8. Accordingly, to comply with the August 21, 2025, milestone for approval of bid procedures, while still affording parties in interest 14 days to object to the bid procedures relief in the Bid Procedures Motion, the Debtors request entry of an order (a) shortening the period from the filing date to the hearing date to 17 days and (b) shortening the time between the proposed August 18, 2025 objection deadline and the hearing date to 3 days. See Local Rule 9013-1(b)(2) ("Unless provided otherwise in the Local Rules, the hearing date for a motion shall be no less than 21 days from the date on which the motion was filed. The response date shall be no less than 14 days from the date the motion is filed, and the response date shall not be less than seven calendar days prior to the hearing date.").

9. The relief requested will ensure that parties in interest receive the full 14 days to object (i.e., August 4 to August 18, 2025) to the bid procedures relief in the Bid Procedures Motion in accordance with the Local Rules, while allowing the Debtors the opportunity to satisfy the milestones in the Proposed Final Cash Collateral Order with the August 21, 2025 hearing date. Those milestones, moreover, are important not only to avoid any default under the Proposed Final Cash Collateral Order, but also to facilitate the timely and orderly sale process set forth in more detail in the Bid Procedures Motion, including through the proposed August 21, 2025 hearing date to consider the bid procedures relief.

10. The Debtors submit that because parties will be afforded the full 14 day objection period, no party will be prejudiced by the relief requested herein.

WHEREFORE, the Debtors respectfully request that this Court enter an order shortening the notice periods as proposed herein and granting such other and further relief as this Court deems just and proper.

Dated:   August 4, 2025

Respectfully submitted,
**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ D. Sam Anderson*
D. Sam Anderson
Adam R. Prescott
100 Middle Street
PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com

*Proposed Counsel to the Debtors and Debtors in Possession*