UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| COZY HARBOR SEAFOOD, INC., | ) | Chapter 11 |
| CASCO BAY LOBSTER CO., INC., | ) | Case No. 25-20160 |
| and ART'S LOBSTER CO., INC., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**OBJECTION OF UNITED STATES TRUSTEE TO ENTRY OF FINAL ORDER:
(I) AUTHORIZING THE USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE
PROTECTION; AND (III) GRANTING RELATED RELIEF**

William K. Harrington, the United States Trustee for Region 1, respectfully objects to the entry of the Final Order: (1) Authorizing the Use of Cash Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief filed at Docket No. 110, stating:

1. On July 1, 2025, Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc., (collectively, the "Debtors") (jointly administered) filed a first-day motion for use of cash collateral on an emergency basis, along with a proposed interim order. The Court authorized the Debtors' interim use of cash collateral by various orders through August 7, 2025. Dkt. # 31, 59 and 80.

2. According to the Notices of Hearing (Dkt #83 and 84), the Debtors had until July 31, 2025, to file a proposed final cash collateral order, with objections thereto due by August 4, 2025. A final hearing on cash collateral, if necessary, is set for August 7, 2025, and an evidentiary hearing, if necessary, is set for August 14, 2025.

3. The Debtors filed a proposed final cash collateral order on July 31, 2025, and then a revised proposed final cash collateral order on August 1, 2025. (the "Proposed Final Order")

(Dkt. # 110). The Proposed Final Order is significantly different than the interim order that the Court entered on July 24, 2025.

4.  Generally, as an overall concern, the UST notes that the Proposed Final Order contains little to no discussion of the value of the collateral that secures the claim of the Debtors' first position secured lienholder, KeyBank National Association (the "Prepetition Lender").

5.  In summary, Section 361 provides that, when adequate protection is required under section 362, it may be provided by cash payments or an additional or replacement lien to the extent the stay and use of the collateral results in a decrease in the value of the secured creditor's interest in the collateral, or by granting such other relief as will result in the secured creditor receiving the indubitable equivalent of its interest in the collateral. *See* 11 U.S.C. § 361.

6.  The form that "such other relief" will take depends on several factors, but generally speaking, courts seek to protect the value of the secured creditor's interest in its collateral in relation to the size of its claim. *See In re Alyucan Interstate Corp.*, 12 B.R. 803, 807 (Bankr. D. Utah 1981).

7.  As noted by the court in *In re Gallegos Research Group, Corp.*, "to determine whether an entity is entitled to adequate protection and the type and the amount of adequate protection required, a court must determine the value of the collateral, the creditor's interest in the collateral and the extent to which that value will decrease during the course of the bankruptcy case." *In re Gallegos Research Group, Corp.*, 193 B.R. 577, 584, (Bankr. D. Colo. 1995) (*internal citations omitted*).

8.  Accordingly, it is hard to assess the balance and necessity of the adequate protection being proposed in the Proposed Final Order without a reasonable statement of the value of Prepetition Lienholder's collateral in relation to the amount of its claim, including whether the

Prepetition Lienholder is over- or under-secured with respect to all the Debtors and each of the Debtors in these jointly administered cases, and whether the value of that collateral will decrease as a result of the Debtors' use of the collateral.

9. The UST also objects to the entry of the Proposed Final Order because it:

   a. Includes numerous "findings" without an evidentiary basis or a proffer regarding the terms and prepetition history between the Debtors and Prepetition Lender, as well as the validity, prior and enforceability of the Prepetition Lender's replacement liens, without the customary limitation that the liens shall have the same validity, priority and enforceability as its prepetition liens. *See, e.g.*, Docket No. 110, at ¶¶ G – R.

   b. Provides a carve out for professionals employed by the Debtors, but does not provide the same provision for a committee and professionals employed by a committee.

   c. In addition to the prepetition payments previously made, provides for additional post-petition payments of $75,000 to Debtors' bankruptcy counsel Bernstein Shur Sawyer & Nelson, PA in week 28 (September 14, 2025) and $50,000 to Opus Consulting in week 29 (September 21, 2025). (Docket No. 110 at ¶ 9), while only allocating $30,000 to counsel for a creditors' committee.

   d. Allows these budgeted payments described in the preceding paragraph to be made without Court order or application for fees. While acknowledging that professionals are not permitted to "apply any post-petition payments to fees and expenses" without a court order, the Proposed Final Order impermissibly

provides that once the payments are disbursed to professionals, the funds "are no longer subject to any claims, or interests of the Prepetition Lender or any other party and shall be held by such Professional exclusively for the payment of allowed compensation of such Professional in these cases." Dkt #110 at ¶ 5. This provision essentially removes the funds from the estate, and does not provide for a clawback, disgorgement or other protection in the event the fees are not ultimately allowed by Court order.

e. Fails to state that its proposed terms and conditions vary from the requirements of D. Me. LBR 4001-2(d)(1)(A), which prohibits any acknowledgement of the validity, amount, perfection, priority, extent or enforceability of a secured claim that binds any party other than the Debtors without "an objection period of not less than 60 days after the earlier of (i) court approval of the retention of counsel to any creditors' committee, or (ii) an order authorizing the appointment of a trustee, during which period any committee or trustee may challenge the secured claim on any basis." Instead, the Proposed Final Order does not provide a challenge period in the event of the appointment of a trustee, and shortens the time periods to the earlier of "(a) forty five (45) days from the formation of a Committee, or (b) seventy five (75) days after the Petition Date." Dkt. # 110, ¶ 9. The Debtor has provided no reason why they are seeking to deviate from the standard time frames set forth in the Local Rules. The UST objects to the shortened time frames and lack of an objection period in the event of the appointment of a trustee.

  f. Fails to state that its proposed terms and conditions vary from the requirements of D. Me. LBR 4001-2(d)(1)(B), which prohibits any release of claims or waiver of defenses by the debtor or estate representative, while providing that the Debtors waive their right to assert a § 506(c) surcharge of collateral and an "equities of the case" exception under § 552(b)(1) of the Bankruptcy Code. Again, the Debtors provide no explanation why thye are seeking to deviate from the standard established in the Local Rules.

  g. Contains "Milestones" referenced at paragraph 9 and described in more detail in attached Exhibit B that represent overreaching and are unnecessary in a cash collateral order.  Moreover, there is no provision for an extension of the deadlines established in the Milestones exhibit absent the prior written consent of the Prepetition Lender.

  10. For these reasons, the UST objects to the Proposed Final Order, without prejudice to the Debtors' right to submit an amended order addressing the issues raised herein

  WHEREFORE, the United States Trustee requests that the Court enter an order sustaining this objection, denying entry of the proposed final order authorizing the Debtors' use of cash collateral in its present form, and granting such other relief as the Court deems appropriate.

          Respectfully submitted,

          WILLIAM K. HARRINGTON
          UNITED STATES TRUSTEE
          REGION ONE

Dated:  August 4, 2025    By:  /s/ *Sandra Nicholls*
          Sandra Nicholls
          Acting Assistant U.S. Trustee
          U.S. Department of Justice

Office of the U.S. Trustee
U.S. Courthouse
1 Exchange Terrace, Suite 431
Providence, RI 02903
Tel: (401) 528-5553
sandra.nicholls@usdoj.gov

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on August 4, 2025, true and correct copies of the foregoing Objection were served via CM/ECF upon the individuals who have filed notices of appearance in the Court's CM/ECF database, including Debtors' counsel below.

       By:  */s/ Sandra Nicholls*

D. Sam Anderson, Esq.
Email: sanderson@bernsteinshur.com

Adam R. Prescott, Esq.
Email: aprescott@bernsteinshur.com