**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-20160<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY TO EFFECTUATE PREPETITION SETOFF RIGHTS WITH SEA SALT, LLC**

Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc., the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby move this Court to enter an order granting limited relief from the automatic stay so that the Debtors and Sea Salt, LLC ("**Sea Salt**") may exercise certain setoff rights arising from mutual prepetition claims. In support of this motion, the Debtors state as follows:

**JURISDICTION AND VENUE**

1. The United States District Court for the District of Maine (the "**District Court**") has original, but not exclusive, jurisdiction over the Debtors' chapter 11 cases pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

## GENERAL BACKGROUND

4.      On July 1, 2025 (the "**Petition Date**"), the Debtors commenced their chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

5.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession. To date, no operating trustee, examiner, or statutory committee has been appointed in the cases by the United States Trustee.

6.      The Debtors' cases are being jointly administered for procedural purposes only.

## BASIS FOR RELIEF

7.      Prior to the Petition Date, the Debtors and Sea Salt maintained a business relationship in which the Debtors purchased live lobsters from Sea Salt and Sea Salt purchased frozen lobster, lobster tails, and other processed seafood products from the Debtors. As a result of these ordinary course transactions, as of the Petition Date, Cozy Harbor Seafood, Inc. owed Sea Salt the sum of **$72,688.50** based on past-due invoices (the "**Sea Salt Claim**"), and Sea Salt owed Cozy Harbor Seafood, Inc. the sum of **$55,846.50** based on past-due invoices (the "**Cozy Claim**").

8.      The automatic stay applies to an attempt to setoff "any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor[.]" 11 U.S.C. § 362(a)(7). Section 553(a) of the Bankruptcy Code governs the rights of a creditor to offset mutual obligations that existed between it and the debtor prior to the bankruptcy case being filed. "To establish a valid right of setoff in bankruptcy, the creditor must establish four conditions: (1) the creditor's claim must arise before the commencement of the case; (2) the creditor must have a debt to the debtor that arose before the commencement of the case; (3) the claim and debt must be mutual; and (4) the claim must be valid and enforceable." U.S. Dep't of

Agric. Rural Hous. Serv. v. Riley, 485 B.R. 361, 364-365 (W.D. Ky. 2012) (citations omitted). "The Bankruptcy Code does not create a right of setoff, but instead simply preserves the right that already existed pre-petition under applicable nonbankruptcy law." In re Little, No. 24-52397, 2024 WL 5711067, at *2 (Bankr. S.D. Ohio Oct. 25, 2024).

9.     Section § 362(d)(1) provides that the automatic stay may be lifted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d).  Courts generally recognize that by establishing a right of setoff, a creditor has established a prima facie showing of "cause" for relief from the automatic stay under § 362(d)(1), and the burden then shifts to the debtor to rebut that showing. See, e.g., In re Ealy, 392 B.R. 408, 414 (Bankr. E.D. Ark. 2008); In re Szymanski, 413 B.R. 232, 243 (Bankr. E.D. Pa. 2009).

10.    Here, a valid right to setoff exists between the Cozy Claim and the Sea Salt Claim because each party holds a valid claim against the other that arose prior to the Petition Date. Accordingly, the Debtors, with the consent of Sea Salt, move for limited relief from stay such that the parties may effectuate that setoff between the Cozy Claim and the Sea Salt Claim, with such setoff to be applied, **first**, to satisfy that portion of the Sea Salt Claim constituting an administrative expense claim under Section 503(b)(9) of the Bankruptcy Code (scheduled by Cozy Harbor Seafood, Inc. in the amount of **$42,538.50**), and, **second**, with the balance applied against the general unsecured claim Sea Salt held against Cozy Harbor Seafood, Inc. as of the Petition Date. Thus, application of the proposed setoff will result in satisfaction of Sea Salt's scheduled administrative expense claim and leave an outstanding general unsecured claim held by Sea Salt in the amount of **$16,842.00**.  And based on the valid right to setoff, the Debtors submit that "cause" exists to grant relief from stay to effectuate that right.

11.    Further, the Debtors request that the order granting this motion be effective

3

immediately pursuant to Fed. R. Bankr. P. 4001(a)(3) so that the parties may immediately effectuate the setoff consistent with this motion and avoid any disruption to their postpetition business relationship that may arise if this matter is not promptly resolved.

## **CONCLUSION**

12. The Debtors request that this Court enter an order granting the motion and granting Sea Salt limited relief from stay to effectuate setoff between the Sea Salt Claim and the Cozy Claim as set forth herein.

Date: August 13, 2025                                    Respectfully submitted,

**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ D. Sam Anderson*
D. Sam Anderson, Esq.
Adam R. Prescott, Esq.
100 Middle Street, PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com

*Counsel to the Debtors and Debtors in Possession*