UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| COZY HARBOR SEAFOOD, INC., | ) | Chapter 11 |
| CASCO BAY LOBSTER CO., INC., | ) | Case No. 25-20160 |
| and ART'S LOBSTER CO., INC., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION
FOR ENTRY OF ORDER: (I) AUTHORIZING, BUT NOT DIRECTING,
DEBTORS TO PAY PREPETITION CLAIMS, INCLUDING SECTION
503(b)(9) CLAIMS, OF CERTAIN CRITICAL VENDORS; AND (II)
GRANTING RELATED RELIEF
(WITH CERTIFICATE OF SERVICE)**

William K. Harrington, the United States Trustee for Region 1, respectfully

objects to the Debtors' Motion for Entry of Order:  (i) Authorizing, but not

Directing, Debtors to Pay Prepetition Claims, Including Section 503(B)(9) Claims,

of Certain Critical Vendors; and  (ii) Granting Related Relief (Docket No. 76)

("Motion") because the Debtors have failed to present evidence that:

      i.     creditors who will not receive preferences under the Motion will
receive under any plan at least what they would receive in liquidation;

      ii.    the 19 identified critical vendors will stop delivering goods unless
their pre-petition debts are paid; and

      iii.   discriminating among similarly situated unsecured claims is the only
way to facilitate a reorganization.

Accordingly, based on the evidentiary record established by the Debtors to date,

the Court should deny the Motion.  In support, the United States Trustee says:

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

1.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157
and 1334.

2.      Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

3.      The basis for relief includes 28 U.S.C. 586(a)(3), and 11 U.S.C.
§§ 307 and 1129.

4.      This is a core matter for purposes of 28 U.S.C. §§ 157(b) and 1334(b).

5.      The deadline for objecting to the Motion is August 14, 2025 (Docket
No. 76-3).  This objection is therefore timely.

## FACTS

6.      The Debtors filed their voluntary chapter 11 petitions on July 1, 2025.
A committee of unsecured creditors was appointed by the United States Trustee on
August 13, 2025 (Docket No. 139).

7.      Under the Motion, the Debtors propose to pay 19 vendors 100% of
their pre-petition claims totaling $103,720.69 outside of a plan of reorganization.
The Debtors estimate that $47,910.39 (or approximately 46%) of those claims are
entitled to administrative priority under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).  *See*
Docket No. 76-1 (Exhibit A).

8.      In support of this request, the Motion alleges that Debtors "believe"

that these vendors will cease delivery of goods, or "may" refuse to do further

business with the Debtors unless their pre-petition claims are paid.  *See* Docket No.

76 at ¶¶ 9 and 16.

9.     By email to Debtors' counsel dated August 7, 2025, the United States

Trustee requested that Debtors supplement the record to satisfy their burden of

proof that these 19 vendors will cease providing goods or services absent payment

of their pre-petition claims.  Specifically, the United States Trustee requested that

Debtors submit an affidavit from a person with knowledge who can testify that

they contacted each vendor, who refused to provide any further goods or services

until their pre-petition claim was paid.

10.     The United States Trustee is informed and believes that Debtors

intend to supplement the record through a proffer at the hearing on August 21,

2025.  The United States Trustee reserves his right to request an evidentiary

hearing if Debtors' proffer is not sufficient.

## **ARGUMENT**

11.     Apart from 11 U.S.C. § 510(c) (permitting equitable subordination),

no provision of the Code expressly authorizes payment of one group or a subset of

similarly situated unsecured creditors ahead of another in chapter 11 cases.

Charles Jordan Tabb, LAW OF BANKRUPTCY (3d ed. 2013) at § 11.12.  *See* 11

U.S.C. §§ 507(a) (establishing priorities) and 1129(a)(7) (requiring that any plan

pay holders of general unsecured claims at least what they would receive in liquidation).  *See also Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004).

12.    Unsecured creditors whose claims are separately classified may vote in favor of disparate treatment under a chapter 11 plan, but they cannot be crammed down unless a plan is fair and equitable.  11 U.S.C. § 1129(b).

13.    Section 105(a) (authorizing the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title . . . .") "does not create discretion to set aside the Code's rules about priority and distribution; the power conferred by § 105(a) is one to implement rather than override . . . A 'doctrine of necessity' is just a fancy name for a power to depart from the Code . . . ."  *In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004).

14.    In *Kmart*, the Seventh Circuit Court of Appeals found, however, that section 363(b)(1) (permitting the debtor-in-possession, "after notice and a hearing [to] use, sell, or lease, other than in the ordinary course of business, property of the estate . . .") authorizes preferential payments to pre-petition vendors, but only if the debtor proves that:

> i.  "the disfavored creditors were at least as well off as they would have been had the critical vendors order not been entered . . . ;"
>
> ii. "the supposedly critical vendors would have ceased deliveries if old debts were left unpaid . . . ;" and

        iii. "discrimination among unsecured creditors was the only way to facilitate a reorganization . . . ."

*Kmart* at 873-874 (reversing critical vendor order for failure to adduce sufficient evidence).  *See* LAW OF BANKRUPTCY AT § 11.12.

15.    Because the Motion does not address these three elements, the Debtors have failed to meet their burden of proof.  Accordingly, the Court should deny the Motion, unless the Debtors can supplement the record to satisfy the *Kmart* factors.

**REQUESTED RELIEF**

WHEREFORE, the United States Trustee requests that the Court enter an order sustaining his objection, and granting other relief as the Court deems appropriate.

                                  Respectfully submitted,

                                  WILLIAM K. HARRINGTON
                                  UNITED STATES TRUSTEE
                                  REGION ONE

Dated:  August 14, 2025     By:    */s/ Heather A. Sprague*
                                  Heather A. Sprague BBO# 661541
                                  United States Department of Justice
                                  John W. McCormack Post Office & Courthouse
                                  5 Post Office Square, 10th Floor, Suite 1000
                                  Boston, MA  02109-3934
                                  PHONE:    (617) 788-0404
                                  FAX:         (617) 565-6368
                                  Heather.Sprague@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 14, 2025, true and correct copies of the foregoing Objection were served via CM/ECF upon the individuals who have filed notices of appearance in the Court's CM/ECF database, including Debtors' counsel below.

By:   */s/ Heather A. Sprague*

D. Sam Anderson, Esq.
Email: sanderson@bernsteinshur.com

Adam R. Prescott, Esq.
Email: aprescott@bernsteinshur.com