UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| COZY HARBOR SEAFOOD, INC., | ) | Chapter 11 |
| CASCO BAY LOBSTER CO., INC., | ) | Case No. 25-20160 |
| and ART'S LOBSTER CO., INC., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**OBJECTION OF UNITED STATES TRUSTEE TO DEBTORS' MOTION FOR ENTRY OF (I) ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AUCTION AND SALE HEARING, (C) APPROVING FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (E) GRANTING RELATED RELIEF; AND (II) ORDER (A) APPROVING SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR, (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (C) GRANTING RELATED RELIEF**

The United States Trustee (the "UST") respectfully objects to Debtors' Motion for Entry of (i) Order (A) Approving Bid Procedures, (B) Scheduling Auction and Sale Hearing, (C) Approving Form and Manner of Notice Thereof, (D) Approving Procedures For Assumption and Assignment of Contracts and Leases, and (E) Granting Related Relief; and (ii) Order (A) Approving Sale of Substantially All Assets Free and Clear, (B) Authorizing Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief (Dkt. #112) (the "Motion"), stating:

1.  On August 4, 2025, Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc., (collectively, the "Debtors") (jointly administered) filed the Motion, along with a proposed Order: (A) Approving Bid Procedures; (B) Scheduling Auction And Sale Hearing; (C) Approving Form And Manner Of Notice Thereof; (D) Approving Procedures For Assumption And Assignment Of Contracts And Leases; And (E) Granting Related Relief (the "Proposed

Case 25-20160    Doc 155    Filed 08/20/25    Entered 08/20/25 20:43:51    Desc Main
Document      Page 2 of 5

Order"). The Bid Procedures are attached to the Proposed Order as Exhibit 1 (the "Bid Procedures").

2. The Motion seeks, among other things, approval of certain bid procedures for the sale of substantially all the Debtors' assets through a bidding and auction process.

3. The Court granted the Debtors' request to shorten the time for responding to the Motion to August 18, 2025. After the UST filed an agreed motion to extend time, the Court granted the UST through and including August 20, 2025, to file a response to the Motion.

4. In that time, the UST consulted with counsel for the Debtors, for KeyBank, N.A. ("KeyBank"), and for Camden National Bank ("Camden"), and they resolved several issues with respect to the proposed bid procedures. Those resolutions are largely reflected in the revised and redlined order (the "Revised Order") and the revised bid procedures (the "Revised Bid Procedures") attached thereto that the Debtors submitted earlier today.[1] (Dkt. #153)

5. The parties were unable to resolve the UST's objection regarding credit bidding and consultation rights.

6. The Revised Bid Procedures allow the Debtors' pre-petition secured lenders to credit bid, while at the same time requiring the Debtors to consult with representatives of such lenders through every step of the bid process, such as determining who the qualified bidders are, and selecting the highest and best bid at auction. Those consultation rights should end once a lender becomes a bidder, so as not to afford such lender an unfair advantage over other bidders.

7. Specifically, the Revised Bid Procedures provide that credit bid rights are reserved to the extent provided by § 363(k) and that credit bids shall be treated as the equivalent of a cash bid of the same amount. It further provides that parties with a right to credit bid, including

---

[1] Capitalized terms referenced herein have the meaning ascribed to them in the Motion, Revised Order and Revised Bid Procedures. KeyBank, N.A. and for Camden National Bank are collectively referred to herein as the "Banks".

KeyBank and Camden,[2] "shall be deemed to be Qualified Bidders that have made Qualified Bids and are, therefore, entitled to participate in the sale process, including any Auction, without satisfying the Bid Requirements." *Revised Bid Procedures*, ¶ B. 2.

8. KeyBank and Camden, and their respective professionals and counsel are "Consultation Parties" pursuant to the Revised Bid Procedures. *Revised Bid Procedures*, ¶ F.

9. The Bid Procedures provide that the Debtors and their professionals shall consult with the Consultation Parties, including KeyBank and Camden, throughout the Auction process. ¶ C.4.

10. The Bid Procedures further provide that the Debtors must consult with the Consultation Parties as to multiple issues relating to bidding, some of which are crucial to the process, including the determination of whether a bidder is a "Qualified Bidder." Revised Bid Procedures, ¶ B. (n), who will be declared the Successful Bidder and the Backup Bidder , ¶ C. 1, ¶. 8, the determination that the Auction should terminate because there is a highest and best Qualified Bid. ¶ C. 7, whether a potential bidder will provide additional information and due diligence to assess such bidder's qualifications for and ability to bid for the assets.¶ A

11. The Debtors should not be consulting with the Banks on any issue related to the bids of other bidders, the bid process, or the auction procedures, until such time as the Banks have withdrawn from bidding.

12. These consultation rights embodied in the Revised Bid Procedures do not appear to be related to maximizing the sale price of the Debtors' assets and might have a chilling effect on bidding as they provide an unfair advantage to the Banks in the bidding process.

---

[2] Camden is not specifically referenced in this paragraph of the Revised Bid Procedures. Based upon good faith information and belief, the Revised Order and Revised Bid Procedures entitle Camden to credit bid at the Auction.

13. The UST does not object to the Banks exercising their 363(k) credit bidding protections.

14. The UST does not object to the Banks being consulted by the Debtors and their professionals as part of the auction process.

15. The UST does object to the Banks being authorized to bid at the Auction while simultaneously participating in determinations during the auction, including as to which bidder will be the successful bidder, or a qualified bidder.

16. For these reasons, the UST objects to the Motion and the entry of the Revised Order and Revised Bid Procedures.

WHEREFORE, the United States Trustee requests that the Court enter an order sustaining this objection, denying entry of the proposed final order authorizing the Debtors' use of cash collateral in its present form, and granting such other relief as the Court deems appropriate.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION ONE

Dated: August 20, 2025     By:     /s/ *Sandra Nicholls*
Sandra Nicholls
Acting Assistant U.S. Trustee
U.S. Department of Justice
Office of the U.S. Trustee
U.S. Courthouse
1 Exchange Terrace, Suite 431
Providence, RI 02903
Tel: (401) 528-5553
sandra.nicholls@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 20, 2025, true and correct copies of the foregoing Objection were served via CM/ECF upon the following individuals listed on the in the Court's CM/ECF system:

- **D. Sam Anderson**   sanderson@bernsteinshur.com, sbaker@bernsteinshur.com;kflynn@bernsteinshur.com
- **Roger A. Clement, Jr.**   rclement@verrilldana.com, crubin@verrill-law.com;rclement@ecf.courtdrive.com
- **Bodie B. Colwell**   bcolwell@preti.com, sbarrington@preti.com
- **Randy J. Creswell**   rcreswell@creswelllaw.com, gwen@creswelllaw.com
- **Shawn K. Doil**   sdoil@verrill-law.com, lwaddell@verrill-law.com;lwaddell@ecf.courtdrive.com
- **Jeremy R. Fischer**   jfischer@dwmlaw.com, chunter@dwmlaw.com;mveilleux@dwmlaw.com
- **Kellie W. Fisher**   kfisher@dwmlaw.com, chunter@dwmlaw.com
- **Christopher M. Leger**   cleger@kelleyleger.com, clegerecf@gmail.com;r44127@notify.bestcase.com
- **Kelly McDonald**   kmcdonald@mpmlaw.com, kwillette@mpmlaw.com
- **Adam R. Prescott**   aprescott@bernsteinshur.com, sbaker@bernsteinshur.com;kflynn@bernsteinshur.com
- **Micah A. Smart**   msmart@mpmlaw.com, kwillette@mpmlaw.com

The Objection was also served on the members of the Unsecured Creditors Committee via email:

Northern Ocean Seafood Products, LLC: deke@northernoceanmarine.com
Damien Barry: damien.b@louisbourgseafoods.ca

By:   */s/ Sandra Nicholls*