*RELIEF REQUESTED WITHOUT A HEARING*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re: | Chapter 11 |
| **COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.,** | Case No. 25-20160 |
| | (Jointly Administered) |
| Debtors.[1] | |

### APPLICATION OF THE DEBTORS FOR ORDER PURSUANT TO §§ 327 AND 328 OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF OPUS CONSULTING PARTNERS TO PROVIDE FRACTIONAL CHIEF FINANCIAL OFFICER SERVICES TO THE DEBTORS, EFFECTIVE AS OF JULY 28, 2025

Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc., the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby move this Court (the "**Application**") for entry of an order, pursuant to §§ 327 and 328 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 9013-3 of the Local Rules of the United States Bankruptcy Court for the District of Maine (the "**Local Rules**"), authorizing the employment of Opus Consulting Partners, LLC ("**Opus**") to provide fractional chief financial officer services the Debtors, effective as of the July 28, 2025. Simultaneously with the filing of this Application, the Debtors are filing the *Declaration of Casey Skovran in Support of Application of the Debtors for Order Pursuant to §§ 327 and 328 of the Bankruptcy Code Authorizing Employment of Opus Consulting Partners, to Provide Fractional Chief Financial*

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

1

*Officer Services to the Debtors, Effective as of July 28, 2025* (the "**Skovran Declaration**"), which is attached hereto as **Exhibit A** and incorporated herein by reference. In support of the Application, the Debtors state as follows:

## JURISDICTION, VENUE AND STATUTORY BASIS

1.      The United States District Court for the District of Maine (the "**District Court**") has original, but not exclusive, jurisdiction over the Debtors' chapter 11 cases pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4.      The predicates for the relief sought herein are §§ 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and 2016, and Local Rules 2014-1 and 9013-3.

## BACKGROUND

5.      On July 1, 2025 (the "**Petition Date**"), the Debtors each commenced a chapter 11 case by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

6.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession. To date, no operating trustee, examiner, or statutory committee has been appointed in the cases by the United States Trustee.

## RELIEF REQUESTED

7.      Subject to the approval of this Court, the Debtors seek to employ Opus to provide the Fractional CFO Services (defined below).[2]

## BASIS FOR RELIEF

### A.      Legal Standard

8.      Section 327(a) of the Bankruptcy Code provides that a debtor-in-possession is authorized to employ one or more attorneys who do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in § 101(14), to represent or assist the debtor in carrying out its duties under the Bankruptcy Code. See 11 U.S.C. §§ 101(14), 327(a).  Section 328(a) of the Bankruptcy Code provides that professionals employed pursuant to § 327(a) may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." See id. § 328(a).

### B.      Background and Services to be Provided

9.      The Debtors retained Opus to provide the Fractional CFO Services on or about July 28, 2025.  As part of their overall management structure and effort to efficiently manage costs in these cases, the Debtors have concluded the services of their existing fractional chief financial officer and propose to replace that individual with Opus.  The Debtors believe that given Opus's familiarity with the Debtors' books and records, as well as its experience in this area, Opus will be able to provide the Fractional CFO Services in a timely, efficient, and cost-effective manner during these cases.

---

[2] The Fractional CFO Services are arguably ordinary course services that the Debtor may obtain and pay for without Court approval.  However, given Opus' application to be employed as financial advisor, and out of an abundance of caution, the Debtors are filing this Application.

10.     In accordance with Local Rule 2014-1(c), the professional services that Opus will render in its capacity as fractional chief financial officer (collectively, the "**Fractional CFO Services**") are as follows:

(a)     **Financial Liaison:** Act as the liaison and manage work product and interactions between various internal and external accounting and financial resources.

(b)     **Checks & Balances:** Provide oversight over various accounting and financial resources and serve as watchdog over multiple parties.  Review processes and implement new procedures to create inherent checks and balances between all parties.

(c)     **Payables Management:** Ongoing payables management to ensure proper cash management and vendor relationships.

(d)     **Bookkeeping & Reconciliation:** Manage and lead the accounting department.  Ensure books close monthly in a timely and accurate manner. Review and oversee all accounting processes. Prepare appropriate journal entries ensuring accurate financial records.

(e)     **Processes & SOPs:** Implement any non-existing financial processes the company may be missing.  Develop accounting efficiencies for team.  Draft detailed Standard Operating Procedures for processes to ensure they are repeatable and properly documented.

### C.     Opus is Disinterested and Does Not Have Any Adverse Interests.

11.     Except to the extent non-adverse connections are disclosed in the Skovran Declaration, Opus does not have any connection with, or any interest adverse to, the Debtors, their creditors, any other party in interest, their respective attorneys and accountants (to the extent known), the United States Trustee, or persons known to Opus as employees of the Office of the United States Trustee.  Accordingly, the Debtors believe that Opus does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that phrase is defined in Bankruptcy Code § 101(14), as modified by § 1107(b).

### D.     Arrangement for Compensation and Reimbursement of Expenses

12.     Opus did not provide Fractional CFO Services prior to the Petition Date.

4

13.     A brief biography of Casey Skovran is included at **Exhibit 2** to the Skovran Declaration.

14.     The Debtors, subject to approval by this Court, propose to pay Opus its customary hourly rates, as set forth in the Skovran Declaration, for the Fractional CFO Services.  Further, because the Fractional CFO Services are arguably ordinary course, Opus requests authority to be paid weekly on an interim basis, with a final fee application to be filed at the conclusion of the cases (all in accordance with the applicable cash collateral budgets and orders).  In accordance with Local Rule 2014-1(c), Opus estimates that its weekly fees for the Fractional CFO Services will be approximately $2,500 to $3,500 per week.

15.     Further, the Debtors, subject to Court approval, propose to reimburse Opus for its actual and necessary expenses incurred in connection with the Fractional CFO Services.  Opus will maintain detailed records of time and any actual and necessary expenses incurred in connection with the rendering of its services by category and nature of the services rendered.

16.     Finally, the Debtors separately applied to retain Opus as their financial advisor [Dkt. No. 70] (the "**Opus FA Application**").  Opus has reviewed the Fractional CFO Services and is confident that it is able to track time and allocate expenses between the Fractional CFO Services and the  services in the Opus FA Application.  Further, Opus has carefully designed the Fractional CFO Services to avoid overlap with the financial advisor services, and, moreover, Opus submits that its familiarity with the Debtors and their records through the financial advisor services will create efficiencies and cost-savings for professional fees compared to continuing to employ a separate fractional CFO.

## NOTICE

17.     Notice of this Application shall be served as set forth in the certificate of service.

## CONCLUSION

18.    Based on the foregoing, the Debtors request that this Court enter an order authorizing the employment of Opus to provide the Fractional CFO Services on the terms set forth herein and in the proposed form of order filed herewith.

Dated:  August 25, 2025                    Respectfully Submitted,

**BERNSTEIN, SHUR, SAWYER &**
**NELSON, P.A.**

*/s/ D. Sam Anderson*
D. Sam Anderson, Esq.
Adam R. Prescott, Esq.
100 Middle Street
PO Box 9729, Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com

*Counsel to the Debtors and Debtors in Possession*