*RELIEF REQUESTED WITHOUT A HEARING*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE**

| | |
|---|---|
| In re: | Chapter 11 |
| **COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.,** | Case No. 25-20160 |
| | (Jointly Administered) |
| Debtors.[1] | |

**APPLICATION OF THE DEBTORS FOR ORDER PURSUANT TO §§ 327 AND 328 OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF PURDY POWERS & COMPANY AS ACCOUNTANT TO THE DEBTORS, EFFECTIVE AS OF AUGUST 18, 2025**

Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc., the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby submit this application (the "**Application**") for entry of an order, pursuant to §§ 327 and 328 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Maine (the "**Local Rules**"), authorizing the employment of Purdy Powers & Company ("**Purdy Powers**") as accountant for the Debtors, effective as of August 18, 2025. Simultaneously with the filing of this Application, the Debtors are filing the *Declaration of Marc Powers in Support of Application of the Debtors for Order Pursuant to §§ 327 and 328 of the Bankruptcy Code Authorizing Employment of Purdy Powers & Company as Accountant to the Debtors, Effective as of August 18, 2025* (the "**Powers**

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

**Declaration**"), which is attached hereto as **Exhibit A** and incorporated herein by reference. In support of the Application, the Debtors state as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Maine (the "**District Court**") has original, but not exclusive, jurisdiction over the Debtors' chapter 11 cases pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

## BACKGROUND

4. On July 1, 2025 (the "**Petition Date**"), the Debtors commenced their chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession. To date, no operating trustee or examiner has been appointed in the cases by the United States Trustee.

6. The Debtors' cases are being jointly administered for procedural purposes only.

## RELIEF REQUESTED

7. Subject to the approval of this Court, the Debtors seek to employ Purdy Powers to serve as their accountant in connection with the bankruptcy cases, with the retention being effective as of August 18, 2025.

2

**BASIS FOR RELIEF**

A. **Legal Standard**

8. Section 327(a) of the Bankruptcy Code provides that a debtor in possession is authorized to employ one or more advisors that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in Bankruptcy Code section 101(14), to represent or assist the debtor in carrying out its duties under the Bankruptcy Code. See 11 U.S.C. §§ 101(14), 327(a). Section 1107(b) modifies §§ 101(14) and 327(a) in cases filed under chapter 11 and provides that a person is not disqualified for employment under § 327(a) by a debtor in possession solely because of such person's employment by or representation of the debtor prior to the commencement of the bankruptcy case. See id. § 1107(b). Under § 328(a), an advisor retained under § 327(a) may, with the Court's approval, be employed on any reasonable terms and conditions, including on retainer or on an hourly basis. See id. § 328(a).

B. **Background and Services to be Provided by Purdy Powers**

9. The Debtors first retained Purdy Powers in 2017 to provide accounting, tax preparation, and related tax advisory services. Purdy Powers has extensive knowledge of the Debtors' finances, assets, liabilities, tax obligations, and financial statements based on its prior work for the Debtors. The Debtors require Purdy Powers' expertise and knowledge of the Debtors to provide accounting services in the cases, primarily in regard to tax preparation and tax advisory services, including so that the Debtors may comply with their tax filing obligations under applicable non-bankruptcy law. The Debtors selected Purdy Powers as their accountant because of Purdy Powers' experience in accounting and tax matters, in general, and experience with the Debtors in particular.

10. The professional services that Purdy Powers will render to the Debtors will include

some or all of the following:

    (a)    Preparing and filing state and federal tax returns, including for 2024 and 2025, and all necessary services relating thereto; and

    (b)    Tax analysis and advice, including regarding tax consequences of business operations and advice to Debtors regarding tax implications of various sale structures under consideration, which also may include reviewing sale offers and communications with Debtors regarding the same.

C.    **Purdy Powers is Disinterested and Does Not Have Any Adverse Interests.**

11.    Except to the extent non-adverse connections are disclosed in the Powers Declaration, Purdy Powers does not have any connection with, or any interest adverse to, the Debtors, their creditors, any other party in interest, their respective attorneys and accountants (to the extent known), the United States Trustee, or persons known to Purdy Powers as employees of the Office of the United States Trustee. Accordingly, the Debtors believe that Purdy Powers does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that phrase is defined in Bankruptcy Code § 101(14), as modified by § 1107(b).

12.    Prior to the Petition Date, Purdy Powers provided similar tax and accounting services on behalf of and for the benefit of the following insiders and affiliates of the Debtors: John S. Norton, Joseph Donovan, WNDK Limited Liability Company, 35 Union, LLC, and Tenant's Harbor Wharf (collectively, the "**Affiliates**"). Purdy Powers anticipates providing similar accounting services to these Affiliates after the Petition Date, which will primarily involve preparing tax returns and general tax advice. Purdy Powers will carefully track its time to ensure that all fees and costs are billed to the appropriate entity.

D.    **Arrangement for Compensation and Reimbursement of Expenses**

13.    A brief biography of each Purdy Powers professional who may render services to the Debtors in the cases is included at **Exhibit 2** to the Powers Declaration.

14.    The invoicing and payments to Purdy Powers prior to the Petition Date are set forth

4

in **Exhibit 3** to the Powers Declaration.

15. With respect to fees and expenses incurred after the Petition Date, the Debtors, subject to approval by this Court, propose to pay Purdy Powers its customary hourly rates, as set forth in the Powers Declaration. Purdy Powers' hourly rates are set at levels designed to fairly compensate Purdy Powers for its professional services and to cover fixed and routine overhead expenses. The Debtors submit that such rates are reasonable and should be approved by the Court, subject to a determination of the amounts to be paid to Purdy Powers upon application for allowance of compensation.

16. The Debtors, moreover, seek approval for Purdy Powers to record time in quarter-hour (15 minute) increments, which is consistent with its ordinary billing practices and will reduce the administrative burden on Purdy Powers during these cases as a professional that does not typically bill in tenth of an hour increments. The Debtors have explained to Purdy Powers the detailed billing requirements as a chapter 11 professional in order to be compensated in these cases. Purdy Powers will maintain a separate bill as to each of the Debtors for services to that Debtor.

17. Further, the Debtors, subject to Court approval, propose to reimburse Purdy Powers for its actual and necessary expenses incurred in connection with the services discussed above. Purdy Powers will maintain detailed records of time and any actual and necessary expenses incurred in connection with the rendering of its services by category and nature of the services rendered.

18. In accordance with Local Rule 2014-3, Purdy Powers estimates that the fees for its services to the Debtors (collectively) in the cases will be approximately $6,000-$8,000 for preparing the 2024 tax returns and $6,000-$8,000 for preparing the 2025 tax returns, plus additional fees for general tax advice related to operations and sale matters (estimated as an

5

additional $2,000-$5,000).

E. **No Duplication with Other Professionals**

19. The Debtors have retained additional professionals in the cases, including Bernstein, Shur, Sawyer & Nelson, P.A. as general bankruptcy counsel, and Opus Consulting as financial advisor. The Debtors do not believe that Purdy Powers' services will overlap with or duplicate the services of any other retained professional in the cases, as no other professional has been retained to provide tax preparation and related tax services. Purdy Powers, moreover, will take all appropriate steps to avoid unnecessary and wasteful duplication of efforts by any other professionals retained in the chapter 11 cases.

## NOTICE

20. Notice of this Application shall be served on the date and in the manner set forth in the certificate of service.

## CONCLUSION

The Debtors request that this Court enter an order authorizing the employment of Purdy Powers on the terms set forth herein, and that all fees and expenses to be paid shall be approved by this Court in accordance with the Bankruptcy Code and other applicable orders of this Court.

Dated:   August 25, 2025

Respectfully submitted,
**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ D. Sam Anderson*
D. Sam Anderson
Adam R. Prescott
100 Middle Street, PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
sanderson@bernsteinshur.com
aprescott@bernsteinshur.com

*Counsel to the Debtors and Debtors in Possession*