**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: <br><br> COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC., <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 25-20160 <br><br> (Jointly Administered) |

**FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR BERNSTEIN, SHUR, SAWYER & NELSON, P.A. AS COUNSEL TO THE DEBTORS FOR THE PERIOD OF**
**JULY 1, 2025, THROUGH**
**OCTOBER 17, 2025**

| | |
|---|---|
| Name of Applicant: | Bernstein, Shur, Sawyer & Nelson, P.A. ("**BSSN**") |
| Authorized to Provide Professional Services to: | Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc. (the "**Debtors**") |
| Petition Date: | July 1, 2025 |
| Date of Retention Order: | August 5, 2025 [D.E. 120], with retention effective as of the Petition Date |
| Compensation Period: | July 1, 2025, through October 17, 2025 |
| Compensation for Fees Requested: | **$211,480.50** |
| Expense Reimbursement Requested: | **$7,953.62** |
| Total Amount Requested in Fee Application: | **$219,434.12** |
| Amount Held in Escrow by BSSN: | **$129,790.00** |

**This is a First Interim Application.**

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

## SUMMARY OF FEES AND EXPENSES DURING COMPENSATION PERIOD

### Compensation by Timekeeper: Total Fees

| Name of Professional and Position | Year Admitted | Rate | Hours Billed | Fees Billed |
|---|---|---|---|---|
| Sam Anderson, Shareholder | 2005 | $595.00 | 177.00 | $105,315.00 |
| James F. Keenan, Shareholder | 1999 | $700.00 | 2.00 | $1,400.00 |
| John J. Moran, Shareholder | 2014 | $400.00 | 17.00 | $6,800.00 |
| Adam R. Prescott, Shareholder | 2012 | $495.00 | 171.90 | $85,090.50 |
| Peter J. Van Hemel, Shareholder | 2001 | $535.00 | 0.50 | $267.50 |
| Katherine Flynn, Paralegal | N/A | $175.00 | 71.10 | $12,442.50 |
| Katherine Flynn, Paralegal | N/A | $0.00 | 84.10 | N/C |
| Giselle Paquette, Paralegal | N/A | $275.00 | 0.60 | $165.00 |
| | | | | |
| | | Total | 524.20 | $211,480.50 |

### Compensation by Project Category: Total Fees

| Task Number | Task Description | Hours Billed | Fees Billed |
|---|---|---|---|
| 1 | Asset Analysis and Recovery | 1.10 | $654.50 |
| 2 | Asset Disposition | 166.60 | $90,221.00 |
| 3 | Business Operations | 44.20 | $24,829.00 |
| 4 | Case Administration | 120.70 | $31,000.00 |
| 5 | Claims Administration and Objections | 17.00 | $4,208.00 |
| 7 | Fee/Employment Applications | 37.00 | $18,335.00 |
| 9 | Financing | 60.40 | $31,830.00 |
| 10 | Litigation | 0.90 | $445.50 |
| 11 | Meeting of Creditors | 7.20 | $3,814.00 |
| 13 | Relief From Stay Proceedings | 2.10 | $1,099.50 |
| 14 | Other | 0.60 | $165.00 |
| 21 | Tax Issues | 1.40 | $793.00 |
| 23 | ECF Filing & Related Service | 65.00 | $4,086.00 |
| | | | |
| | Total | 524.20 | $211,480.50 |

**Summary of Expenses Requested**

| Category | Amount |
| --- | --- |
| Court Filing Fees | $5,680.00 |
| Parking | $1.50 |
| Mileage | $166.60 |
| Tolls | $2.00 |
| Food/Meals | $21.90 |
| Phone charges for U.S. Bankruptcy Court Hearing | $30.25 |
| Federal Express Shipping Fees | $317.37 |
| Escrow Agent Fees | $500.00 |
| Postage/Mailing | $1,150.00 |
| UCC Searches | $84.00 |
| | |
| **Total** | **$7,953.62** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-20160<br><br>(Jointly Administered) |

**FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR BERNSTEIN, SHUR, SAWYER & NELSON, P.A. AS COUNSEL TO THE DEBTORS FOR THE PERIOD OF
JULY 1, 2025, THROUGH
OCTOBER 17, 2025**

Bernstein, Shur, Sawyer & Nelson, P.A. ("**BSSN**"), in its capacity as chapter 11 counsel to Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc. (the "**Debtors**"), submits its first interim fee application (the "**Fee Application**"), seeking entry of an order allowing and authorizing the Debtors to pay to BSSN, on an interim basis, compensation for professional services in the amount of **$211,480.50** and reimbursement of expenses in the amount of **$7,953.62** for the period of July 1, 2025, through and including October 17, 2025 (the "**Compensation Period**"). In support of this Fee Application, BSSN states as follows:

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

3. The statutory predicates for the relief sought herein are §§ 327(a) and 330 of chapter 11 of 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**"), Fed. R. Bankr. P. 2016(a), and D. Me. LBR 2016-1.

## BACKGROUND

4. On July 1, 2025 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maine.

5. On July 17, 2024, the Debtors filed the *Application of the Debtors for Order Pursuant to §§ 327 and 328 of the Bankruptcy Code Authorizing Employment of Bernstein, Shur, Sawyer & Nelson, P.A. as Counsel to the Debtors, Effective as of the Petition Date* [D.E. 67] (the "**Retention Application**").

6. On August 5, 2025, this Court entered its order granting the Retention Application and authorizing the Debtors to retain BSSN, effective as of the Petition Date [D.E. 120] (the "**Retention Order**").[2]

## COMPENSATION AND REIMBURSEMENT REQUEST

7. By this Fee Application, for the Compensation Period, BSSN seeks allowance, on an interim basis, for payment of compensation for services rendered to the Debtors in the amount of **$211,480.50**, and reimbursement of expenses in the amount of **$7,953.62**. The total amount sought by BSSN for the Compensation Period in the Fee Application is **$219,434.12**.

8. A detailed statement of professional services provided to the Debtors by BSSN

---

[2] In a supplement to the Retention Application [Docket No. 114] filed by BSSN, the Debtors proposed that allowed compensation and reimbursement of expenses to BSSN be allocated among the Debtors based on the approximate ratio of their estimated unsecured liabilities, which is as follows: Cozy Harbor Seafood, Inc. (98%); Casco Bay Lobster Co., Inc. (1%); and Art's Lobster Co., Inc. (1%).

2

during the Compensation Period is set forth on **Exhibit A**, which is attached hereto and incorporated herein by reference (the "**Billing Detail**").

9. Pursuant to LBR 2016-1(a)(2)(D), summary charts setting forth billing rates, total hours billed, and total amounts billed for each professional and paraprofessional at BSSN during the Compensation Period are set forth above in the *Summary of Fees and Expenses During Compensation Period*.

10. No understanding exists between BSSN and any other person for the sharing of the compensation sought by this Fee Application, except among the shareholders and employees of BSSN. In addition, no payments have been made or promised to BSSN for services rendered or to be rendered in connection with the Debtors' case, except as may be set forth herein or in the Retention Application or Retention Order.

11. BSSN has substantial experience in the areas of business restructuring and bankruptcy. BSSN's team has counseled the Debtors in these areas before and since the Petition Date. Pursuant to Rule 2016-1(a)(2)(E), a brief biography of each BSSN professional and paraprofessional who has rendered services in connection with the fees and expenses sought herein is set forth in **Exhibit B**, which is attached hereto and incorporated herein by reference.

12. This Fee Application is BSSN's first interim fee application to this Court in these cases for compensation for professional services and reimbursement of expenses pursuant to §§ 328 and 331 of the Bankruptcy Code, Fed. R. Bankr. P. 2016 and D. Me. LBR 2016-1.

13. As required by paragraph (b)(v) of the UST Guidelines, the Debtors were given the opportunity to review the fees sought by this Application prior to filing, and the Debtors have approved of the requested relief.

## SUMMARY OF SERVICES

14. BSSN provided numerous and varied services to the Debtors in connection with their chapter 11 cases. The Billing Detail is annotated with task codes to supplement the time entries generated by each timekeeper. Generally speaking, however, BSSN's services in the Compensation Period included, but were not limited to, the following:

   a. **Early Case Matters, Case Administration, and General Operational Guidance.** Following the Petition Date, BSSN worked with the Debtors to prepare, update, and file their schedules and statements of financial affairs and to attend the meeting of creditors. BSSN also worked with the Debtors to prepare and file monthly operating reports throughout the cases. In addition, BSSN performed tasks related to managing the deadlines in the cases and filing and serving numerous pleadings with this Court. Throughout the Compensation Period, BSSN worked with the Debtors regarding their business operations, relationships with parties-in-interest, critical vendors, financial performance and analysis, and business strategy as debtors-in-possession. Those tasks included communicating with the Debtors and with interested parties, including lenders, vendors, creditors, and other professionals.

   b. **First and Second Day Motions.** BSSN prepared and filed pleadings on behalf of the Debtors at the outset of the cases to allow the Debtors to establish themselves in chapter 11, all of which was designed to preserve property of the estates and maximize value for the benefit of creditors. Those pleadings and related services included motions seeking authority to use cash collateral, to pay payroll, and to approve protections and procedures for certain utility providers.

   c. **Professional Retention.** BSSN represented the Debtors in matters relating to the retention of BSSN, Opus Consulting Partners LLC, and Corporate Finance Associates.

   d. **Bid Procedures and Sale Motion.** BSSN worked closely with the Debtors to prepare and file a motion seeking approval of bid procedures for and approval of a sale of substantially all of the Debtors' assets. BSSN's work resulted in an order approving the bid procedures and a competitive sale process in accordance with those procedures. Related BSSN services included drafting an asset purchase agreement, negotiating terms with the Debtors' lenders and interested buyers, and other related sale matters.

## THE ACTUAL AND NECESSARY EXPENSES SHOULD BE ALLOWED

15. All of the expenses in this Fee Application for which reimbursement is requested are expenses that: (i) BSSN customarily recoups from all of its clients; (ii) were incurred or billed during the Compensation Period; and (iii) were necessarily incurred in connection with the cases. BSSN will not profit from the reimbursement of any expense. Pursuant to D. Me. LBR 2016-1(a)(4), the types of costs and expenses for which reimbursement is sought are set forth in detail on **Exhibit A**. A chart summarizing the expenses is included above in the *Summary of Fees and Expenses During Compensation Period*.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

16. Pursuant to § 330 of the Bankruptcy Code, this Court may award professionals "reasonable compensation for actual, necessary services." 11 U.S.C. § 330(a)(1)(A). The Court may, on its own motion or an objection filed by a party in interest, "award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2). In evaluating the amount of reasonable compensation to be awarded, the Court should consider:

> the nature, the extent, and the value of such services, taking into account all relevant factors including:
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

5

  (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

U.S.C. §§ 330(a)(3)(A–F).

  17. BSSN submits that the services for which it seeks compensation in this Fee Application were necessary for and beneficial to the Debtors' estates. Overall, BSSN's services to the Debtors achieved significant benefits for the Debtors and their estates, including a value-maximizing sale process and ongoing operations. The services rendered by BSSN during the Compensation Period were performed economically, effectively, and efficiently. Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors.

  18. The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Whenever possible and appropriate, BSSN sought to minimize the costs of its services by utilizing associates and paraprofessionals and minimizing the number of professionals working on the case, as well as to delegate tasks to non-billing professionals when appropriate and to voluntarily write-off time that may be not be compensable under the Bankruptcy Code or applicable rules.

  19. In sum, the services rendered by BSSN were necessary and beneficial to the Debtors and their estates, and such services were consistently performed in a timely manner, commensurate with the complexity and nature of the issues involved. Accordingly, approval of the compensation sought herein for this Fee Application is warranted on an interim basis.

  WHEREFORE, BSSN requests that this Court enter an order: (a) approving this Fee Application and the amount of compensation and expense reimbursement sought herein on an

interim basis; (b) authorizing BSSN to apply its escrowed funds to the total fees and expenses sought herein; and (c) providing any such other and further relief as the Court deems just and proper.

Dated: October 23, 2025

Respectfully submitted,
**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ Adam R. Prescott*
Adam R. Prescott, Esq.
D. Sam Anderson, Esq.
100 Middle Street
PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
aprescott@bernsteinshur.com
sanderson@bernsteinshur.com

*Counsel to the Debtors and Debtors in Possession*