**Exhibit A**
**Liquidating Trust Agreement**

# LIQUIDATING TRUST AGREEMENT

**THIS LIQUIDATING TRUST AGREEMENT** (this "**Trust Agreement**") is made and entered into as of _____ \_\_, 2026, by and among: Cozy Harbor Seafood, Inc. ("**Cozy Harbor**"), Art's Lobster Co., Inc. ("**Art's Lobster**"), and Casco Bay Lobster Co., Inc. ("**Casco Bay Lobster**" and, together with Cozy Harbor and Art's Lobster, the "**Debtors**"), on the one hand, and Mark Stickney, solely in his capacity as the trustee of the Liquidating Trust (the "**Trustee**" and, together with the Debtors, the "**Parties**"), on the other hand.

**WHEREAS**, on July 1, 2025, the Debtors each file a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS**, the Bankruptcy Court for the District of Maine (the "**Bankruptcy Court**") has an entered an order (the "**Confirmation Order**") confirming the Debtors' Joint Plan of Liquidation Dated _____, 2026 (the "**Plan**"); and

**WHEREAS**, the Plan provides for the establishment of the Liquidating Trust for the purpose of receiving the Remaining Assets (collectively, the "**Liquidating Trust Assets**"), liquidating the Liquidating Trust Assets, and distributing the proceeds of the Liquidating Trust Assets as provided for by the terms of the Plan, the Confirmation Order, and this Trust Agreement; and

**WHEREAS**, it is desired that the powers of the Trustee in regard to the Liquidating Trust and the purposes of the Liquidating Trust be limited so that the Liquidating Trust created hereby qualifies as a liquidating trust for federal income tax purposes; and

**WHEREAS**, pursuant to the Confirmation Order and the Plan, the Trustee is to serve as trustee of the Liquidating Trust, subject to Bankruptcy Court oversight and other consultation obligations to the extent set forth herein or in the Plan and Confirmation Order.

**NOW THEREFORE**, it is agreed between the Parties as follows:

## ARTICLE ONE

1.1 **Terms Defined**. All capitalized terms, singular or plural, used in this Trust Agreement, unless defined otherwise herein, shall have the meaning ascribed to such terms in the Plan. In addition, the following terms shall have the following meanings when used herein:

(a) "**Beneficiaries**" shall mean the Holders of Allowed Claims under the Plan to whom Distributions must be made pursuant to the Plan and Confirmation Order.

(b) "**Net Proceeds**" shall mean the Cash component, if any, of the Liquidating Trust Assets and Cash proceeds realized from the sale or liquidation of the Liquidating Trust Assets, **minus** the Liquidating Trust Expenses.

(c) "**Trust Estate**" shall mean all of the Liquidating Trust Assets transferred to the Liquidating Trust (and the proceeds therefrom) and held from time to time by the Trustee pursuant to this Trust Agreement.

1.2 **Other Definitional Provisions**. The words "hereof," "herein" and "hereunder" and words of similar import when used in this Trust Agreement shall refer to this Trust Agreement as a whole and not to any particular provision of this Trust Agreement, and section references are to this Trust Agreement unless otherwise specified.

## ARTICLE TWO
### Authority of and Certain Directions to Trustee; Declaration of Liquidating Trust

2.1 **Creation of the Liquidating Trust**. The Debtors hereby create the Liquidating Trust for the benefit of the Beneficiaries, and the Liquidating Trust is subject to the jurisdiction of the Bankruptcy Court and is subject to the terms and conditions of the Plan and the Confirmation Order.

2.2 **Purpose of Liquidating Trust**. The Liquidating Trust is organized for the sole purpose of collecting and distributing the Liquidating Trust Assets in accordance with the Plan and the Confirmation Order, and with the purpose of effectuating and consummating the Plan and the Confirmation Order, and with no objective to engage in the conduct of a trade or business. The Trustee shall report the Liquidating Trust for federal income tax purposes as a liquidating trust in accordance with Treasury Regulations, Section 301.7701-4(d) and as a "grantor trust" subject to the provisions of Subchapter J, Subpart E of the Internal Revenue Code of 1986, as amended (the "**IRS Code**"). The Beneficiaries of the Liquidating Trust shall be treated as the grantors and deemed owners of the Liquidating Trust for income tax purposes under Section 677 of the IRS Code. The Trustee is hereby authorized to take all reasonable and necessary action to carry out the express purpose of the Liquidating Trust, to conserve and protect the Trust Estate, and to distribute the Net Proceeds to the Beneficiaries in a prompt, efficient, and orderly fashion in accordance with the provisions hereof, and in accordance with the Plan and the Confirmation Order.

2.3 Transfer to Trustee. Subject to the terms of the Plan and the Confirmation Order, the Debtors hereby grant unto the Trustee all of their rights, title, and interest in and to the Liquidating Trust Assets, in trust for the uses and purposes stated herein, and the Trustee hereby accepts such Liquidating Trust Assets and such trust. The transfer of the Liquidating Trust Assets to the Liquidating Trust shall occur as provided for by the terms of the Plan and the Confirmation Order. Such transfer shall be treated as a transfer of the Liquidating Trust Assets to the Beneficiaries for all purposes under the IRS Code. The Liquidating Trust Assets shall be valued for income tax purposes on a consistent basis and such value shall be used for all applicable tax reporting requirements. The information, representations of value, and/or other documents provided by the Debtors shall be the basis for valuing the Liquidating Trust Assets.

2.4 Title to Trust Estate. Title to the Trust Estate shall vest in the Trustee without any requirement of filing or recording of documents of conveyance under otherwise applicable non-bankruptcy law. The Trustee shall hold legal title to all Liquidating Trust Assets at any time

constituting a part of the Trust Estate and shall hold the Liquidating Trust Assets in trust to be administered and distributed pursuant to the terms of this Trust Agreement, the Plan, and the Confirmation Order, for the benefit of the Beneficiaries. The Trustee is authorized to make Disbursements and other payments from the Trust Estate in accordance with the provisions of this Trust Agreement, and in accordance with and subject to the terms and conditions of the Plan and the Confirmation Order.

2.5  <u>Documents to be Executed by Trustee</u>.  The Trustee is hereby authorized to execute and deliver, or accept delivery on behalf of the Liquidating Trust, the following documents:

(a) Any and all documents necessary to enable the Liquidating Trust Assets or any proceeds thereof to be registered in the name of the Trustee on behalf of the Liquidating Trust, as the same shall be necessary or advisable;

(b) Any and all other documents as may be necessary or appropriate for consummation of the transactions contemplated by the Plan, the Confirmation Order, or this Trust Agreement including, but not limited to, the filing of any and all complaints, answers, discovery papers, settlement agreements, releases, and other documents necessary or appropriate to prosecute or settle any claims or issues arising out of or relating to the Liquidating Trust Assets; and

(c) Any and all documents as may be necessary or appropriate to consummate the Plan and/or comply with Confirmation Order.

2.6  <u>Instruments of Further Assurance; Power of Attorney</u>.  The Debtors and their agents, employees, representatives, and attorneys shall, upon reasonable request of the Trustee, execute, acknowledge, and deliver such further instruments and do such further acts as may be necessary or proper to effectively carry out the purposes of this Trust Agreement. In addition, the Debtors hereby grant to the Trustee a durable power of attorney to execute such documents and do such things as may be reasonable or necessary on behalf of the Debtors to carry out the purpose of the Trust as called for under this Trust Agreement, the Plan, and the Confirmation Order.

## ARTICLE THREE
### Beneficial Interests

3.1  The beneficial interests hereunder shall be governed solely by the Plan, the Confirmation Order, all compromises and orders incorporated into the Plan, any orders in aid of consummation or effectuation thereof, and, in particular, the determination of Allowed Claims.

3.2  In determining the Beneficiaries hereunder, the Trustee shall have the right, pursuant to and subject to the Plan and the Confirmation Order, to object to Claims, and rely upon the public records of the Bankruptcy Court and of any other court that may, by appeal or otherwise, become involved in any part of the chapter 11 proceedings of the Debtors.

## ARTICLE FOUR
### Collection, Application, and Distribution of Trust Estate

4.1 <u>Collection of Trust Moneys</u>. All Liquidating Trust Assets, to the extent not in the form of Cash, shall be collected by the Trustee, reduced to Cash whenever practicable, and held as a part of the Trust Estate.

4.2 <u>Distributions by Trustee</u>. The Trustee shall, from time to time, in keeping with the availability of Cash in the Trust Estate, distribute available Cash to the Beneficiaries pursuant to the provisions of the Plan and the Confirmation Order (provided that when making any such interim Distributions, the Trustee shall maintain a sufficient Cash reserve to fund Liquidating Trust Expenses). All Distributions shall be made in accordance with, and subject to the requirements of, the Plan and the Confirmation Order.

4.3 <u>Unclaimed Distributions</u>. Except as otherwise set forth in the Plan, any Entity that fails to claim any Cash shall forfeit all rights to any Distributions under the Plan, and the Trustee shall be authorized to cancel any Distribution that is not timely claimed. Upon forfeiture, the Claim of any Beneficiary with respect to such funds shall be irrevocably waived and forever barred against all of the Debtors, the Estates, and the Liquidating Trust, to the extent set forth in the Plan.

4.4 <u>Taxes, Withholding and Other Charges</u>.

(a) The Beneficiaries of the Trust are responsible for reporting and paying any income tax due on their respective shares of any net income earned by the Trust, whether or not a reserve is established for Disputed Claims. Each Beneficiary's share of such net income shall be determined pro rata, in accordance with the Plan, on the basis of each Beneficiary's share of the Trust Estate during the relevant time period.

(b) Notwithstanding any other provision of this Trust Agreement, the Trustee is authorized to pay any taxes on long-term gain on the sale or disposition of any Liquidating Trust Assets, and withholding and paying to the United States and any state income and employment taxes required to be withheld from wages paid to employees, if any, of the Liquidating Trust.

(c) Notwithstanding the foregoing, the Trustee shall have the right (but not the obligation) with respect to the United States or any state or political subdivision or entity to contest the imposition of any tax or other charge.

4.5 <u>Payment of Liquidating Trust Expenses</u>. The Trustee shall pay, from the Trust Estate, the Liquidating Trust Expenses, which shall include, but are not limited to, the reasonable fees, costs, and expenses of the Liquidating Trust, including insurance, professional fees, and compensation to the Trustee. Such payments may be made in accordance with the Plan and Confirmation Order.

4.6 <u>Reports to Beneficiaries</u>. As soon as practicable after the end of each fiscal year of

the Trust and after termination of the Liquidating Trust, the Trustee shall submit a written Form 1041 informational return with allocation of income among Beneficiaries and account to those Beneficiaries who request it showing the assets and liabilities of the Liquidating Trust at the end of such fiscal year or upon termination and the receipts and disbursements of the Trustee for such fiscal year.

## ARTICLE FIVE
### Powers and Duties of the Trustee

5.1   <u>Powers</u>.  The Trustee shall hold the legal title to all of the Liquidating Trust Assets at any time constituting a part of the Trust Estate and shall hold such Liquidating Trust Assets in trust to be administered and disposed of by the Trustee pursuant to the terms of this Trust Agreement (and the terms of the Plan and the Confirmation Order) for the benefit of the Beneficiaries, subject to the Plan and the Confirmation Order, and such other orders as may be entered by the Bankruptcy Court relating thereto.  The Trustee shall have power to act in such manner as the Trustee may deem necessary or appropriate to conserve and protect the Trust Estate and/or to confer the benefits intended by this Trust Agreement on the Beneficiaries, and, without limitation, the Trustee shall have, without the need to seek Bankruptcy Court approval, the following specific powers, authority, and other matters:

(a)   To collect and receive any and all money and other property of whatsoever kind or nature due to or owing or belonging to the Liquidating Trust and to give full discharge and acquittance therefor;

(b)   To open bank accounts with the right to make withdrawals therefrom and to obtain and maintain all relevant insurance in relation to the Debtors and the Liquidating Trust, and tax identification number(s) for the Liquidating Trust;

(c)   Subject to the Plan and the Confirmation Order, to institute or defend all Causes of Action and proceedings for interpleaders to collect money, object to Claims, or otherwise, and to take such other action as the Trustee may deem necessary or desirable to prevent a default pertaining to instruments relating to or forming a part of the Trust Estate;

(d)   To perform any act authorized, permitted, or required under any instruments relating to or forming a part of the Trust Estate whether in the nature of an approval, consent, demand, or notice thereunder or otherwise;

(e)   To cancel, terminate, or amend any instruments relating to or forming a part of the Trust Estate;

(f)   Subject to the Plan and the Confirmation Order, to employ agents, attorneys, accountants, and consultants, and to confer upon them such authority as the Trustee may deem expedient, and to pay reasonable compensation therefore;

5

    (g)    To perform all acts authorized, permitted, or required, and to take such other action as the Trustee may deem necessary or desirable to effectuate or consummate the Plan and the Confirmation Order as the same shall pertain to the Liquidating Trust and the Liquidating Trust Assets, including, without limitation, all such power and authority as is necessary to perform acts necessary, permitted, or required pursuant to the Plan and the Confirmation Order, and any compromises, orders, and agreements that are an integral part of the Plan or Confirmation Order as related to the Liquidating Trust and the Liquidating Trust Assets; and

    (h)    All powers, abilities, duties, authority, rights, titles, and interests as are granted to the Trustee and the Liquidating Trust, including the right to sell or dispose of the Liquidating Trust Assets, including, subject to the Plan and the Confirmation Order, to prosecute, settle, and/or resolve the Causes of Action, and such other and further rights and powers as may be directed by the Bankruptcy Court as related to the Liquidating Trust and Liquidating Trust Assets.

5.2    <u>Additional Powers and Rights of Trustee</u>.  Subject to any express limitations herein, the Trustee shall have, and may exercise with respect to any and all Liquidating Trust Assets, and in the administration and distribution of the Trust Estate, all powers and rights now or hereafter conferred on trustees by the laws of the State of Maine, and all powers and rights permitted or contemplated by the Plan or the Confirmation Order or such further order as may be entered by the Bankruptcy Court.

5.3    <u>Limitations on Trustee</u>.  The Trustee shall not at any time, on behalf of the Liquidating Trust, enter into or engage in any business, nor shall the Trustee exercise its investment powers beyond making investments in demand and time deposits in banks, savings, or similar financial institutions, or temporary investments such as short-term certificates of deposit or treasury bills.  The Trustee shall be subject to all terms and conditions of the Plan, the Confirmation Order, and such further orders, on notice to the Trustee, as may be entered by the Bankruptcy Court.

5.4    <u>Settlement of Litigation</u>.  Other than as provided for by the Plan or the Confirmation Order, the Trustee shall have full and complete discretion in settling any objections, Claims, or Causes of Action (including actions in which one or more of the Debtors may be named as a defendant) and in relation to selling or discounting any Liquidating Trust Asset.

## ARTICLE SIX
### Concerning the Trustee

6.1    <u>Generally</u>.  The Trustee accepts the Liquidating Trust created by this Trust Agreement and agrees to execute the Trust Agreement upon the conditions hereof, including the following:

6

    (a)      The Trustee shall serve without bond;

    (b)      The Trustee shall perform: (i) such duties and obligations as are specifically set forth in this Trust Agreement; and (ii) such duties and obligations as are set forth in the Plan and/or the Confirmation Order;

    (c)      The Trustee shall not be responsible in any manner whatsoever for the validity or sufficiency of this Trust Agreement;

    (d)      The Trustee shall be protected in acting upon any paper or document reasonably believed by the Trustee and upon due inquiry appearing to be genuine;

    (e)      The Trustee shall not be liable for any acts or omissions of any agents, representatives, accountants, or attorneys selected by or acting for the Trustee if such agents or attorneys were selected with reasonable care; and

    (f)      The Trustee may consult with legal counsel, accountants, appraisers, consultants, or other professional counsel, and any act or failure to act done or omitted in good faith in accordance with the opinion of any such person and/or counsel shall create no liability on the part of the Trustee.

    6.2      <u>Transferee Liabilities/Indemnification</u>.  If any liability shall be asserted against the Liquidating Trust or the Trustee as the transferees of the Liquidating Trust Assets, for acts while carrying out the Trustee's duties as Trustee, on account of any claimed liability of or through one or more of the Debtors, the Trustee may use part or all of the Liquidating Trust Assets as may be necessary in contesting any such claimed liability and in payment, compromise, settlement, and discharge thereof on terms reasonably satisfactory to the Trustee.  In no event shall the Trustee be liable for or be required to use Liquidating Trust Assets for such purposes.

### ARTICLE SEVEN
### Protection of Persons Dealing with the Trustee

    7.1      <u>Reliance on Statement by Trustee</u>.  Any person dealing with the Trustee shall be fully protected in relying upon the Trustee's certificate that the Trustee has authority to take any action under this Liquidating Trust.

    7.2      <u>Application of Money Paid or Transferred to Trustee</u>.  No person dealing with the Trustee shall be required to follow the application by the Trustee of any money or property which may be paid or transferred to the Trustee.

### ARTICLE EIGHT
### Compensation of Trustee

    8.1      <u>Amount of Compensation</u>.  The Trustee shall receive compensation for services performed hereunder at the Trustee's regular hourly rates charged for such services and subject to

any cap on such compensation in the Plan, <u>provided</u> that the Trustee may receive annual compensation increases of not more than 5%.

8.2     <u>Expenses</u>.  The Trustee shall be reimbursed from the Trust Estate for all reasonable fees, costs, and expenses actually incurred by the Trustee in the performance of the Trustee's duties in accordance with this Trust Agreement.

## ARTICLE NINE
## Successor Trustee

9.1     <u>Resignation and Removal</u>.  The Trustee may resign and be discharged from the Trustee's obligations as Trustee, without cause (or be required to resign with cause), upon: (i) notice to the Debtors; (ii) the Debtors' appointment of a substitute Trustee; and (iii) the filing of a notice of resignation and identification of the substitute Trustee on the docket in the Chapter 11 Cases.

9.2     <u>Acceptance of Appointment by Successor Trustee</u>.  Any successor Trustee appointed shall execute an instrument accepting such appointment hereunder.

## ARTICLE TEN
## Termination

10.1    <u>Termination</u>.  The Liquidating Trust shall terminate upon the fulfillment of its purpose, consummation of the Plan, and the closing of the Chapter 11 Cases, or within six (6) years after the effective date of the Liquidating Trust, whichever shall occur first.  Notwithstanding the foregoing, in the event the Trustee shall have been unable, after reasonable efforts, to distribute the Trust Estate within the initial six (6) year term of this Trust Agreement, the Trustee shall have the right to extend the term of the Liquidating Trust for successive one-year renewal terms until the Trust Estate can be fully distributed.  Prior to or contemporaneously with the termination of the Liquidating Trust, the Trustee shall satisfy or provide for payment of all expenses, liabilities, and obligations of the Liquidating Trust known to it and shall distribute the Trust Estate to the Beneficiaries as provided for herein and in accordance with the Plan and the Confirmation Order.  The Trustee shall have a reasonable period of time after the termination of the Liquidating Trust in which to wind up the administration of the Liquidating Trust and to make a Distribution of the Net Proceeds.  During this period of time, the Trustee shall continue to have, and shall exercise, all powers granted to the Trustee until the Net Proceeds of the Liquidating Trust are distributed in accordance with the Plan, the Confirmation Order, and this Trust Agreement.

## ARTICLE ELEVEN
## Plan and Confirmation Order

11.1    Notwithstanding any provision or term of this Trust Agreement, the Liquidating Trust, the Trustee, the Trust Estate, and all terms and conditions of this Trust Agreement, shall be subject to the terms and conditions of the Plan, the Confirmation Order, and other additional orders as may be entered in relation to the Chapter 11 Cases by the Bankruptcy Court.  In addition, the Liquidating Trust, the Trustee, and the Trust Estate shall be subject to the jurisdiction of the

Bankruptcy Court to the extent provided for by the terms of the Plan and the Confirmation Order.

## ARTICLE TWELVE
### Miscellaneous Provisions

12.1   Filing Documents.  This Trust Agreement may be filed or recorded in such office or offices as the Trustee may determine to be necessary or desirable.

12.2   Laws as to Construction.  This Trust Agreement shall be governed by and construed in accordance with the laws of the State of Maine.

12.3   Headings.  The captions and headings used in this Trust Agreement are for convenience only and do not in any way limit or amplify the terms and provisions hereof.

12.4   Binding Effect.  This Trust Agreement shall inure to the benefit of and be binding upon the Trustee and the Beneficiaries and their respective successors and assigns.

12.5   Severability.  In the event any provision of this Trust Agreement shall be finally determined by a court with jurisdiction to be invalid or unenforceable to any extent, the remainder of this Trust Agreement shall not be affected thereby, unless the invalidity or unenforceability materially changes the purpose of the Trust, in which case the Trust Agreement shall be deemed void in its entirety.

12.6   Notices.  Any notice or other communication by the Trustee to any Beneficiary hereunder shall be deemed to have been sufficiently given, for all purposes, if given by being deposited, postage prepaid, in a post office or letter box addressed to such Beneficiary at its address as shown on the pleadings or other instruments on record with the Bankruptcy Court or via electronic mail to the address reasonably believed to be correct for such Beneficiaries.  Any notices to the Trustee shall, in respect to the initial Trustee, be made by electronic mail to:

Mark Stickney
[              ]

-and-

D. Sam Anderson, Esq.
Bernstein, Shur, Sawyer & Nelson, P.A.
100 Middle Street, P.O. Box 9729
Portland, ME 04104
sanderson@bernsteinshur.com

In seeking Bankruptcy Court approval of any action requiring Bankruptcy Court approval hereunder or under the Plan or Confirmation Order, the Trustee shall not be obligated to provide notice to all creditors of the Debtors; except as otherwise provided in the Plan, notice shall be provided only to the parties named in the matter before the Bankruptcy Court, parties having filed a notice of appearance and demand for service in the Chapter 11 Cases, and the United States

Trustee's Office.

12.7    Counterparts and Facsimile Delivery.  This Trust Agreement may be executed in multiple counterparts and may be executed and delivered by facsimile (PDF or its equivalent) copies of signature page(s), each of which shall be deemed to be an original and all of which taken together shall constitute a single instrument.  Subject to entry of the Confirmation Order, this Trust Agreement shall be effective as of the date upon the actual receipt of signed signature pages from each of the signatories hereto.

12.8    Fiscal Year.  The Trust's fiscal year shall end on the last day of December of each calendar year unless the Trustee deems it advisable to establish some other date on which the fiscal year of the Liquidating Trust shall end.

12.9    Title to Trust Estate.  No Beneficiary shall have title to any part of the Trust Estate.  No transfer, by operation of law or otherwise, of the right and interest of any Beneficiary in and to the Trust Estate or hereunder shall operate to terminate this Trust Agreement or the Liquidating Trust or to entitle any successor or transferee of such Beneficiary to an accounting with respect to the Trust Estate or to the transfer to it of title to any part of the Trust Estate.

12.10   Acceptance by Trustee.  The Trustee, by executing this Trust Agreement, accepts the Trust herein created and provided for and accepts all of the rights, powers, privileges, duties, and responsibilities of the Trustee hereunder and agrees to exercise and perform the same subject to the terms of this Trust Agreement and make Distributions to the Beneficiaries in accordance with the provisions of this Trust Agreement.

12.11   Amendment.  This Trust Agreement may be materially amended only upon the entry of an order in the Bankruptcy Court after notice to and an opportunity for hearing by, counsel to the Estates and the Trustee, and after such further notice and hearing as is appropriate.

*[intentionally left blank; signature page follows]*

**IN WITNESS WHEREOF**, the Parties have caused this Trust Agreement to be signed, sealed, and executed, all as of the day and year first above written.

**COZY HARBOR SEAFOOD, INC., ART'S LOBSTER CO., INC., AND CASCO BAY LOBSTER CO., INC.**
DEBTORS AND DEBTORS-IN-POSSESSION

By: _____
    Name:
    Its:

**MARK STICKNEY**
LIQUIDATING TRUSTEE

By: _____
    Mark Stickney, solely in his capacity as Liquidating Trustee

11