**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>COZY HARBOR SEAFOOD, INC.,<br>CASCO BAY LOBSTER CO., INC. and<br>ART'S LOBSTER CO., INC.<br><br>Debtors. | Chapter 7<br><br>Case No. 25-20160<br>(Jointly Administered) |

**CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. §§ 348(c) AND 365(d)(1) TO (I) PAY CERTAIN NON-ESTATE FUNDS, (II) ASSUME TRANSITION SERVICES AGREEMENT AND (III) GRANT EXPEDITED DETERMINATION AND LIMITED <u>NOTICE</u>**

**This Motion includes a request for an expedited determination pursuant to Local Rule 9013-4, with a proposed hearing on or before April 9, 2026.  A statement of the facts and circumstances justifying expedited determination, as required by Local Rule 9013-4(4) is included herein.**

Jeffrey Piampiano, Esq., in his capacity as the interim Chapter 7 Trustee (the "<u>Trustee</u>") in each of the above-captioned, jointly-administered Chapter 7 cases of Debtors Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co, Inc. (collectively, the "<u>Debtors</u>"), by and through undersigned counsel, hereby requests that the Court issue an Order both approving the Trustee's assumption of that certain Transition Services Agreement dated November 26, 2025, as amended by a certain First Amendment to Transition Services Agreement dated February 25, 2026 (as amended, the "<u>TSA</u>"), by and among Debtors and Harlan Aquashell Seafoods US Inc.("<u>Harlan Aquashell</u>"), and, relatedly, authorizing his payment of certain non-estate funds to Harlan Aquashell under the terms of the TSA.  In support of this Motion, the Trustee states as follows.

1.     On July 1, 2025 (the "<u>Petition Date</u>"), each of Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "<u>Code</u>") in the United States Bankruptcy Court for the District of Maine (the "<u>Court</u>").  The Debtors' bankruptcy cases (the

"Cases") are jointly administered in accordance with this Court's order dated July 3, 2025 [D.E. 28], with case number 25-20160 (Cozy Harbor Seafood, Inc.) being the lead case.   See also D.E. 354 dated March 20, 2026 (providing for continued joint administration in Chapter 7).

2.      On March 20, 2026 (the "Conversion Date"), this Court entered an Order converting the Case to a case under Chapter 7 of the Code (the "Conversion").  Furthermore, on March 20, 2026, the Trustee was appointed as interim Chapter 7 trustee in the Case pursuant to § 701 of the Code.  The Trustee continues to serve in that capacity.

3.      On October 31, 2025, the Court entered an Order approving the sale of substantially all of the Debtors' assets to Harlan Aquashell [D.E. 274], and the sale transaction (the "Sale") subsequently closed.

4.      Upon information and belief, the TSA was entered into by the Debtors and Harlan Aquashell to facilitate the Sale.  Pursuant to the terms of the TSA, a copy of which is appended hereto as **Exhibit A**, customer payments received by the Debtors after the Sale closing, but generated by sales made by Harlan Aquashell after the Sale closing (the "HA Funds"), are to be turned over to Harlan Aquashell, and the Debtors agreed to provide certain other sale-related transition services in exchange for the payment of (1) a fee of $20,000 per month (reduced to $10,000 per month after the initial term), (2) any United States Trustee Fees which become payable on account of the Debtor's receipt of funds from Harlan Aquashell's customers, and (3) reasonable expenses incurred by the Debtors in performing under the TSA.

5.      As of March 30, 2026, pursuant to and in accordance with the TSA, $643,428.35 of HA Funds were deposited into the Debtors' Debtor-in-Possession ("DIP") account but has not been remitted to Harlan Aquashell in accordance with the terms of the TSA.

6.      As of the date of the filing of this Motion, Harlan Aquashell owes the Trustee, for the benefit of the Estate, the following amounts:

2

| | |
|---|---|
| March 26- April 26 TSA Fee:<br>(paid current next $10,000 fee due April 27, 2026) | $0.00 |
| Q4 2025 UST Fees based on disbursements<br>to Harlan Aquashell (80 bps on $1,407,754.40) | $11,262.04 |
| Q1 2026 UST Fees based on disbursements<br>to Harlan Aquashell:  ($2,178,235.34)<br>last transfer on 3/10 | $9,750.00 |
| TOTAL (the "Estate Offset") | $21,012.04[1] |

7.     Thus, the amount due to Harlan Aquashell under the TSA, which is equal to the HA Funds less the Estate Offset, is **$622,416.31**.  Upon information and belief, the HA Funds are the proceeds of goods that Harlan Aquashell provided to its customers, including Hannaford and not related to goods or services provided by the Debtors, and therefore are not property of the Estate.

8.     All of the HA Funds are in an account in the name of debtor Cozy Harbor Seafood, Inc., such that the funds attributable to the Estate Offset are property of the Cozy Harbor Seafood, Inc. estate.

9.     The Trustee has reviewed both the TSA and an accounting prepared by the Debtors' pre-conversion financial advisors and is comfortable in his business judgment that (1) the HA Funds are not property of the Estate and (2) that the HA Funds relate solely to goods sold by Harlan Aquashell, not the Debtors. Accordingly, the Trustee requests approval to remit the HA Funds to Harlan Aquashell.

10.     Furthermore, the Trustee has determined that such assumption of the TSA is in the best interests of the Estate. In particular, the TSA shall last for only so long as Harlan Aquashell needs to use the Debtors' accounts as a conduit for being paid by its customers.  That need persists but, upon information and belief, is expected to end soon.   Nevertheless, Harlan Aquashell is obligated to pay the Estate a $10,000 service fee per month for that service under the TSA—a

---

[1] If the Estate is not required to pay US Trustee fees based on the HA Funds remitted to Harlan Aquashell, the Trustee will reimburse such fees to Harlan Aquashell. Harlan Aquashell will also remit funds to the Trustee if the United States Trustee Fees are more than anticipated herein.

benefit which is beneficial for the estate but involves very little effort on the part of the Trustee. As such, assumption of the TSA is in the best interests of the Estate.

11. The Trustee requests that any order approving his assumption of the TSA makes it clear that such assumption is effective as of the Conversion Date, and that the Trustee shall be entitled to remit funds received hereafter (that is, HA Funds received after the date of this Motion) without further order of the Court, but after deducting from such funds those amounts due to the Estate under the assumed TSA.

12. Finally, the Trustee is mindful of the fact that the TSA requires that funds received by the Debtor under the TSA be remitted to Harlan Aquashell within 5 days—a dynamic that was rendered impossible given the conversion of the Debtor's case. The Trustee is filing this Motion at the request of Harlan Aquashell, and Harlan Aquashell, through counsel, has both expressly waived any potential defaults by the Debtors or their successors under the TSA through the date hereof, and has further agreed that the payment contemplated hereby shall be due to Harlan Aquashell within three (3) business days after entry of an order approving this Motion which is not subject to any stay or appeal.

## REQUEST FOR EXPEDITED DETERMINATION

13. The Trustee respectfully requests expedited determination on this Motion. The Trustee understands that outstanding payment to Harlan Aquashell pursuant to the terms of the TSA was pending as of the Conversion Date. However, the payment was terminated upon the conversion of the Cases. The Trustee is confident that the HA Funds are not property of the estate, and thus, there is no reason to further delay remittance of the HA Funds to Harlan Aquashell. Moreover, the Trustee would like to ensure as soon as possible that the Estate can continue to perform under the TSA. Upon information and belief, the TSA will be unnecessary in the near future, but the Trustee believes that the Estate will receive a meaningful benefit from continuing

to operate thereunder.  Therefore, the Trustee respectfully requests an expedited hearing on this Motion on April 9, 2026 at 1:00 p.m.

WHEREFORE, the Trustee requests that the Court enter an order (i) allowing the Trustee's remittance of the HA Funds (net of the Estate Offset) from the Trustee to Harlan Aquashell, on the premise that those funds are not estate property; (ii) authorizing the Trustee to assume the TSA and perform thereunder, subject to the provisions hereof; and (iii) granting the Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 2, 2026

*/s/ Jeffrey T. Piampiano*
Jeffrey T. Piampiano
Kellie W. Fisher
**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME 04101
jpiampiano@dwmlaw.com
kfisher@dwmlaw.com

*Counsel to Jeffrey T. Piampiano, Chapter 7 Trustee*