**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC., | Case No. 25-20160 |
|  | (Jointly Administered) |
| Debtors.[1] | |

**SECOND INTERIM AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR BERNSTEIN, SHUR, SAWYER & NELSON, P.A. AS COUNSEL TO THE DEBTORS FOR (A) SECOND INTERIM PERIOD OF OCTOBER 18, 2025, THROUGH MARCH 21, 2026; AND (B) FINAL PERIOD OF JULY 1, 2025, THROUGH MARCH 21, 2026, WITH REQUEST FOR AUTHORITY TO PERFORM AND FUND CERTAIN POST-CLOSING SERVICES**

| | |
|---|---|
| Name of Applicant: | Bernstein, Shur, Sawyer & Nelson, P.A. ("**BSSN**") |
| Authorized to Provide Professional Services to: | Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc. (the "**Debtors**") |
| Petition Date: | July 1, 2025 |
| Date of Retention Order: | August 5, 2025 [D.E. 120], with retention effective as of the Petition Date |

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

## SECOND INTERIM COMPENSATION PERIOD

Second Interim Compensation Period:        October 18, 2025, through March 21, 2026

Compensation for Fees Requested:        **$119,497.50**

Expense Reimbursement Requested:        **$16.95**

Total Amount Requested:        **$119,514.45**

## FINAL COMPENSATION PERIOD

Final Compensation Period:        July 1, 2025, through March 21, 2026

Compensation for Fees Requested:        **$330,978.00**

Expense Reimbursement Requests:        **$7,970.57**

Total Amount Requested:        **$338,948.57**

Amount Held in Escrow by BSSN:        **$0.00**

**This is a Second Interim and Final Application.**

**SUMMARY OF FEES AND EXPENSES DURING SECOND INTERIM COMPENSATION PERIOD**

**Compensation by Timekeeper: Total Fees**

| Professional (Position) | Year Admitted | Rate | Hours Billed | Fees Billed |
|---|---|---|---|---|
| Sam Anderson, Shareholder | 2005 | $650.00 | 7.0 | $4,550.00 |
| | | $595.00 | 98.40 | $58,548.00 |
| Adam R. Prescott, Shareholder | 2012 | $495.00 | 45.30 | $22,423.50 |
| John J. Moran, Shareholder | 2014 | $495.00 | 6.90 | $3,415.50 |
| | | $400.00 | 39.90 | $15,960.00 |
| Paige Eggleston, Associate | 2022 | $345.00 | 5.10 | $1,759.50 |
| Kenny W. Laughton, Associate | 2022 | $295.00 | 8.70 | $2,566.50 |
| Laura Unfricht, Paralegal | N/A | $225.00 | 33.80 | $7,605.00 |
| Katherine Flynn, Paralegal | N/A | $175.00 | 21.20 | $3,710.00 |
| Evelyn Kitchen, Paralegal | N/A | $0.00 | 0.50 | N/C |
| | | **Total** | **266.80** | **$120,538.00*** |

**Compensation by Project Category: Total Fees**

| Task Number | Task Description | Hours Billed | Fees Billed |
|---|---|---|---|
| 1 | Asset Analysis and Recovery | 1.20 | $689.50 |
| 2 | Asset Disposition | 128.20 | $65,225.50 |
| 3 | Business Operations | 24.50 | $13,518.00 |
| 4 | Case Administration | 12.80 | $3,402.00 |
| 5 | Claims Administration and Objections | 3.90 | $1,594.00 |
| 7 | Fee/Employment Applications | 36.80 | $10,146.00 |
| 9 | Financing | 5.50 | $2,952.50 |
| 10 | Litigation | 0.40 | $198.00 |
| 12 | Plan and Disclosure Statement | 45.10 | $20,974.00 |
| 21 | Tax Issues | 0.30 | $178.50 |
| 23 | ECF Filing & Related Service | 8.10 | $1,660.00 |
| | **Total** | **266.80** | **$120,538.00*** |

**\* Reduction To Account for 2026 Rate Difference**

**$120,538.00**
**- $1,040.50**
**$119,497.50**

3

**Summary of Expenses Requested**

| Category | Amount |
|---|---|
| Parking for Sale Hearing | $16.95 |

## SUMMARY OF FEES AND EXPENSES DURING FINAL COMPENSATION PERIOD

### Compensation by Timekeeper: Total Fees

| Professional (Position) | Year Admitted | Rate | Hours Billed | Fees Billed |
|---|---|---|---|---|
| Sam Anderson, Shareholder | 2005 | $650.00 | 7.0 | $4,550.00 |
|  |  | $595.00 | 275.40 | $163,863.00 |
| James F. Keenan, Shareholder | 1999 | $700.00 | 2.0 | $1,400.00 |
| John J. Moran, Shareholder | 2014 | $495.00 | 6.90 | $3,415.50 |
|  |  | $400.00 | 56.90 | $22,760.00 |
| Adam R. Prescott, Shareholder | 2012 | $495.00 | 217.20 | $107,514.00 |
| Peter J. Van Hamel, Shareholder | 2001 | $535.00 | 0.50 | $267.50 |
| Paige Eggleston, Associate | 2022 | $345.00 | 5.10 | $1,759.50 |
| Kenny W. Laughton, Associate | 2022 | $295.00 | 8.70 | $2,566.50 |
| Katherine Flynn, Paralegal | N/A | $175.00 | 92.3 | $16,152.50 |
|  |  | $0.00 | 84.1 | N/C |
| Evelyn Kitchen, Paralegal | N/A | $0.00 | 0.50 | N/C |
| Giselle Paquette, Paralegal | N/A | $275.00 | 0.60 | $165.00 |
| Laura Unfricht, Paralegal | N/A | $225.00 | 33.80 | $7,605.00 |
|  |  | **Total** | **791.00** | **$332,018.50*** |

### Compensation by Project Category: Total Fees

| Task Number | Task Description | Hours Billed | Fees Billed |
|---|---|---|---|
| 1 | Asset Analysis and Recovery | 2.30 | $1,344.00 |
| 2 | Asset Disposition | 294.80 | $155,446.50 |
| 3 | Business Operations | 68.70 | $38,347.00 |
| 4 | Case Administration | 133.50 | $34,402.00 |
| 5 | Claims Administration and Objections | 20.90 | $5,802.00 |
| 7 | Fee/Employment Applications | 73.80 | $28,481.00 |
| 9 | Financing | 65.90 | $34,782.50 |
| 10 | Litigation | 1.30 | $643.50 |
| 11 | Meeting of Creditors | 7.20 | $3,814.00 |
| 12 | Plan and Disclosure Statement | 45.10 | $20,974.00 |
| 13 | Relief From Stay Proceedings | 2.10 | $1,099.50 |
| 14 | Other | 0.60 | $165.00 |
| 21 | Tax Issues | 1.70 | $971.50 |
| 23 | ECF Filing & Related Service | 73.1 | $5,746.00 |
|  | **Total** | **791.00** | **$332,018.50*** |

**\* Reduction To Account for 2026 Rate Difference**

$332,018.50
- $1,040.50
$330,978.00

**Summary of Expenses Requested**

| Category | Amount |
|---|---|
| Court Filing Fees | $5,680.00 |
| Parking | $18.45 |
| Mileage | $166.60 |
| Tolls | $2.00 |
| Food/Meals | $21.90 |
| Phone charges for U.S. Bankruptcy Court Hearing | $30.25 |
| Federal Express Shipping Fees | $317.37 |
| Escrow Agent Fees | $500.00 |
| Postage/Mailing | $1,150.00 |
| UCC Searches | $84.00 |
| **Total** | **$7,970.57** |

6

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: | Chapter 7 |
| COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC., | Case No. 25-20160 |
| | (Jointly Administered) |
| Debtors.[1] | |

**SECOND INTERIM AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR BERNSTEIN, SHUR, SAWYER & NELSON, P.A. AS COUNSEL TO THE DEBTORS FOR (A) SECOND INTERIM PERIOD OF OCTOBER 18, 2025, THROUGH MARCH 21, 2026; AND (B) FINAL PERIOD OF JULY 1, 2025, THROUGH MARCH 21, 2026, WITH REQUEST FOR AUTHORITY TO PERFORM AND FUND <u>CERTAIN POST-CLOSING SERVICES</u>**

Bernstein, Shur, Sawyer & Nelson, P.A. ("**BSSN**"), in its capacity as chapter 11 counsel to Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc. (the "**Debtors**"), submits this second interim and final fee application (the "**Fee Application**"), seeking entry of an order allowing and authorizing the Debtors to pay to BSSN, (A) on an interim basis, compensation for professional services in the amount of **$119,497.50** and reimbursement of expenses in the amount of **$16.95** for the period of October 18, 2025, through and including March 21, 2026 (the "**Second Interim Compensation Period**"); and (B) on a final basis, compensation for professional services in the amount of **$330,978.00** and reimbursement of expenses in the amount of **$7,970.57** for the period of July 1, 2025, through and including March 21, 2026 (the "**Final Compensation Period**").

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363.  The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

In addition, through this Fee Application, BSSN, with the consent of the chapter 7 trustee, seeks authority to hold a post-conversion security retainer in the sum of **$10,000.00** and to perform a limited amount of post-conversion services (up to 20 hours) to assist the chapter 7 trustee in the transition to chapter 7.  This relates to attorney time only.  Other administrative time, such as time for preparing the files of BSSN for transmittal to the chapter 7 trustee, shall be provided at no cost to the Chapter 7 estate.  For avoidance of doubt, BSSN is not hereby seeking Court approval to be retained by the chapter 7 trustee, nor will BSSN be providing legal services to the Trustee.  Rather, the chapter 7 trustee believes that access to BSSN attorneys for the purpose of (a) assisting the Debtor in meeting its statutory obligations in connection with these cases and (b) providing the Trustee with history and context of the cases will enhance the efficiency of the chapter 7 trustee's administration of the estate.

In support of this Fee Application, BSSN states as follows:

### JURISDICTION, VENUE AND PREDICATES FOR RELIEF

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

3.      The statutory predicates for the relief sought herein are §§ 327(a) and 330 of chapter 11 of 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**"), Fed. R. Bankr. P. 2016(a), and D. Me. LBR 2016-1.

### BACKGROUND

4.      On July 1, 2025 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maine.

2

5.      On July 17, 2024, the Debtors filed the *Application of the Debtors for Order Pursuant to §§ 327 and 328 of the Bankruptcy Code Authorizing Employment of Bernstein, Shur, Sawyer & Nelson, P.A. as Counsel to the Debtors, Effective as of the Petition Date* [D.E. 67] (the "**Retention Application**").

6.      On August 5, 2025, this Court entered its order granting the Retention Application and authorizing the Debtors to retain BSSN, effective as of the Petition Date [D.E. 120] (the "**Retention Order**").[2]

7.      On October 23, 2025, the Debtors filed the *First Interim Application for Compensation and Reimbursement of Expenses for Bernstein, Shur, Sawyer & Nelson, P.A.* [D.E 258] (the "**First Interim Application**").

8.      On November 18, 2025, this Court entered its order granting the Fee Application [D.E. 283] (the "**Order Granting First Interim Application**").

9.      On March 20, 2026, this Court entered the *Order Converting Cases to Cases Under Chapter 7 and Continuing Joint Administration of the Cases* [D.E. 354].

### COMPENSATION AND REIMBURSEMENT REQUEST

10.     By this Fee Application, for the Second Interim Compensation Period, BSSN seeks allowance, on an interim basis, payment of compensation for services rendered to the Debtors in the amount of **$119,497.50**, and reimbursement of expenses in the amount of **$16.95**.

11.     For the Final Compensation Period, BSSN seeks allowance, on a final basis, payment of compensation for services rendered to the Debtors in the amount of **$330,978.00**, and

---

[2] In a supplement to the Retention Application [Docket No. 114] filed by BSSN, the Debtors proposed that allowed compensation and reimbursement of expenses to BSSN be allocated among the Debtors based on the approximate ratio of their estimated unsecured liabilities, which is as follows: Cozy Harbor Seafood, Inc. (98%); Casco Bay Lobster Co., Inc. (1%); and Art's Lobster Co., Inc. (1%).

reimbursement of expenses in the amount of **$7,970.57**.

12.     A detailed statement of professional services provided to the Debtors by BSSN during the Second Interim Compensation Period is set forth on **Exhibit A** hereto (the "**Second Interim Billing Detail**").   Additional detail for the First Interim Compensation Period was attached to the First Interim Fee Application as **Exhibit A** (the "**First Interim Billing Detail**" and, together with the Second Interim Billing Detail, the "**Billing Detail**").

13.      Pursuant to LBR 2016-1(a)(2)(D), summary charts setting forth billing rates, total hours billed, and total amounts billed for each professional and paraprofessional at BSSN during the Second Interim Compensation Period and the Final Compensation Period are set forth above in the *Summary of Fees and Expenses During Compensation Period*.

14.     No understanding exists between BSSN and any other person for the sharing of the compensation sought by this Fee Application, except among the shareholders and employees of BSSN.  In addition, no payments have been made or promised to BSSN for services rendered or to be rendered in connection with the Debtors' case, except as may be set forth herein or in the Retention Application or Retention Order.

15.     BSSN has substantial experience in the areas of business restructuring and bankruptcy.  BSSN's team counseled the Debtors in these areas before and since the Petition Date. Pursuant to Rule 2016-1(a)(2)(E), a brief biography of each BSSN professional and paraprofessional who has rendered services in connection with the fees and expenses sought herein is set forth in **Exhibit B**, which is attached hereto and incorporated herein by reference.

16.     This Fee Application is BSSN's second interim and final fee application to this Court in these cases for compensation for professional services and reimbursement of expenses pursuant to §§ 328 and 331 of the Bankruptcy Code, Fed. R. Bankr. P. 2016 and D. Me. LBR

4

2016-1.

17.     As required by paragraph (b)(v) of the UST Guidelines, the Debtors were given the opportunity to review the fees sought by this Fee Application prior to filing, and the Debtors have approved of the requested relief.

## SUMMARY OF SERVICES

18.     BSSN provided numerous and varied services to the Debtors in connection with their chapter 11 cases.  The Billing Detail is annotated with task codes to supplement the time entries generated by each timekeeper.  Generally speaking, however, BSSN's services in the Second Interim Compensation Period include the following:

    a.    <u>Case Administration and General Operational Guidance</u>.  BSSN worked with the Debtors to prepare and file monthly operating reports throughout the case.  In addition, BSSN performed tasks related to managing the deadlines in the cases and filing and serving numerous pleadings with this Court and interested parties. Throughout the Second Interim Compensation Period, BSSN worked with the Debtors regarding their business operations, relationships with parties-in-interest, financial performance and analysis, and restructuring strategy as debtors-in-possession.

    b.    <u>Sale</u>.  BSSN advised the Debtors in timely closing the sale of substantially all of their assets, including in obtaining approval of such sale from the Court through entry of the sale order.

    c.    <u>Post-Sale Matters</u>.  BSSN advised the Debtors on a variety of post-sale matters, including reviewing claims for potential objections, analyzing preference claims, attending to post-closing transition matters, and preparing and filing a proposed plan of liquidation and related disclosure statement.

## THE ACTUAL AND NECESSARY EXPENSES SHOULD BE ALLOWED

19.     All of the expenses in this Fee Application for which reimbursement is requested are expenses that: (i) BSSN customarily recoups from all of its clients; (ii) were incurred or billed during the applicable period; and (iii) were necessarily incurred in connection with the cases. BSSN will not profit from the reimbursement of any expense.  Pursuant to D. Me. LBR 2016-

5

1(a)(4), the types of costs and expenses for which reimbursement is sought are set forth in detail

in the Billing Detail.  A chart summarizing the expenses is included above in the *Summary of Fees*

*and Expenses During Compensation Period*.

### THE REQUESTED COMPENSATION SHOULD BE ALLOWED

20.     Pursuant to § 330 of the Bankruptcy Code, this Court may award professionals

"reasonable compensation for actual, necessary services."  11 U.S.C. § 330(a)(1)(A).  The Court

may, on its own motion or an objection filed by a party in interest, "award compensation that is

less than the amount of compensation that is requested."  11 U.S.C. § 330(a)(2).  In evaluating the

amount of reasonable compensation to be awarded, the Court should consider:

> the nature, the extent, and the value of such services, taking into account all relevant
> factors including:
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of
> time commensurate with the complexity, importance, and nature of
> the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and experience in the
> bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases
> other than cases under this title.

U.S.C. §§ 330(a)(3)(A–F).

21.     BSSN submits that the services for which it seeks compensation in this Fee

Application were necessary for and beneficial to the Debtors' estates.  Overall, BSSN's services

6

to the Debtors achieved significant benefits for the Debtors and their estates, including a value-maximizing sale process that, among other things, allowed the Debtors to pay all secured Debtors in full and recovered substantial funds for unsecured creditors, including holders of administrative expense claims.  The services rendered by BSSN during the applicable periods were performed economically, effectively, and efficiently.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors.

22.     The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.  Whenever possible and appropriate, BSSN sought to minimize the costs of its services by utilizing associates and paraprofessionals and minimizing the number of professionals working on the case, as well as to delegate tasks to non-billing professionals when appropriate and to voluntarily write-off time that may be not be compensable under the Bankruptcy Code or applicable rules.

23.     In sum, the services rendered by BSSN were necessary and beneficial to the Debtors and their estates, and such services were consistently performed in a timely manner, commensurate with the complexity and nature of the issues involved.  Accordingly, approval of the compensation sought herein for this Fee Application is warranted on an interim basis.

**REQUEST TO HOLD SECURITY RETAINER AND TO PERFORM LIMITED POST-CONVERSION SERVICES TO ASSIST THE CHAPTER 7 TRUSTEE**

24.     Through this Fee Application, BSSN also seeks authority to hold a security retainer in the sum of **$10,000.00** (the "**Security Retainer**") and to apply the Security Retainer to post-conversion services to assist the chapter 7 trustee in transitioning these cases into chapter 7 (up to 20 hours).

25.     The Security Retainer reflects a portion of the prepetition retainer (in the original sum of **$54,790.00**) funded by the Debtors to BSSN, which amount BSSN applied to allowed interim compensation but, under this Fee Application, would partially unwind and hold as the Security Retainer (with the previously paid and unwound interim compensation to be paid by the chapter 7 trustee).

26.     Specifically, BSSN seeks allowance and payment of the following amounts:

| | |
|---|---|
| Total Final Amount of Compensation and Expenses Requested | $338,948.57 |
| Amount Allowed and Funded Under First Interim Fee Order | ($219,434.12) |
| **Balance Owed to BSSN Before Unwinding Application of Retainer** | **$119,514.45** |
| Conversion of Prepetition Retainer into Post-Conversion Security Retainer | $10,000.00 |
| **Balance Owed to BSSN after Unwinding and Establishing Security Retainer** | **$129,514.45** |

WHEREFORE, BSSN requests that this Court enter an order: (a) approving this Fee Application and the amount of compensation and expense reimbursement sought herein, including on a final basis; (b) authorizing BSSN to hold the Security Retainer and perform limited services post-conversion to assist the chapter 7 trustee (and to bill against the Security Retainer without further Order); and (c) providing any such other and further relief as the Court deems just and proper.

[intentionally left blank]

8

Dated: April 2, 2026

Respectfully submitted,
**BERNSTEIN, SHUR, SAWYER &**
**NELSON, P.A.**

*/s/ Adam Prescott*
Adam R. Prescott, Esq.
D. Sam Anderson, Esq.
100 Middle Street
PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
aprescott@bernsteinshur.com
sanderson@bernsteinshur.com

Counsel to the Debtors

9