**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: | Chapter 7 |
| COZY HARBOR SEAFOOD, INC., CASCO BAY LOBSTER CO., INC., and ART'S LOBSTER CO., INC., | Case No. 25-20160 |
| | (Jointly Administered) |
| Debtors.[1] | |

**ORDER GRANTING SECOND INTERIM AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR BERNSTEIN, SHUR, SAWYER & NELSON, P.A. AS COUNSEL TO THE DEBTORS FOR (A) SECOND INTERIM PERIOD OF OCTOBER 18, 2025, THROUGH MARCH 21, 2026; AND (B) FINAL PERIOD OF JULY 1, 2025, THROUGH MARCH 21, 2026, WITH REQUEST FOR AUTHORITY TO PERFORM AND FUND CERTAIN POST-CLOSING SERVICES**

This matter having come before this Court on the above-referenced application  [Dkt. No. ___] (the "**Fee Application**"), and after sufficient notice having been provided, and with this Court having reviewed the Fee Application, and with the consent of the chapter 7 trustee, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** as follows:

1.      The Fee Application is **GRANTED** as set forth herein.

2.      In relation to the Second Interim Compensation Period,[2] BSSN is allowed, on an interim basis, compensation for services to the Debtors in the total amount of **$119,514.45**, which is comprised of compensation for services in the amount of **$119,497.50**, and reimbursement of expenses in the amount of **$16.95**.

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363.  The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

[2] Capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to such terms in the Fee Application.

3.      In relation to the Final Compensation Period, BSSN is allowed, on a final basis, compensation for services to the Debtors in the total amount of **$338,948.57**, which is comprised of compensation for services in the amount of **$330,978.00**, and reimbursement of expenses in the amount of **$7,970.57**.

4.      The fees and expenses herein are awarded on a final basis in accordance with the applicable sections of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's local rules.  The fees and expenses allowed herein are allocated among the Debtors in accordance with the Retention Order.

5.      The chapter 7 trustee is authorized to pay to BSSN funds sufficient to satisfy the remaining balance owed to BSSN under the Fee Application (after accounting for the Security Retainer), which amount is **$129,514.45**.  The timing of such payment shall be at the discretion of the chapter 7 trustee, provided, however, in the event the chapter 7 trustee fails to pay such amounts, BSSN reserves the right to request that this Court order the payment to BSSN.  The fees paid under this Order shall be subject to disgorgement upon demand from the chapter 7 trustee (such disgorgement being authorized and directed hereby without further order of the Court) in the event that funds in the Debtors' estates are insufficient to either satisfy Chapter 7 administrative expenses, or is necessary to ensure a pro-rata distribution to persons holding Chapter 11 administrative claims.  Prior to having to disgorge any amounts hereunder, the chapter 7 trustee shall provide BSSN with written evidence of the percentage of disgorgement necessary from all chapter 11 administrative claimants, on a pro rata basis, needed to fund the allowed chapter 7 administrative claims and/or to ensure that chapter 11 administrative claims share in a distribution on a pro rata basis, and BSSN shall only be required to disgorge its pro rata share of the amount paid to BSSN.

6. BSSN is authorized to hold its pre-petition retainer as the Security Retainer in the sum of **$10,000.00** and to perform up 20 hours of legal services to assist the chapter 7 trustee after conversion, and BSSN is further authorized to apply the Security Retainer to its post-conversion fees and costs without further Order of this Court. Any unused Security Retainer shall be remitted to the chapter 7 trustee upon request, but such remittance shall also terminate the obligations of BSSN timekeepers to provide transition services for the benefit of the Estate as provided in the Application.  This paragraph is without prejudice to the rights of BSSN and the chapter 7 trustee to seek approval for BSSN to perform additional services in the chapter 7 cases.

7. This Court shall retain jurisdiction to interpret and enforce the terms of this Order.

Date: _____

Michael A. Fagone
United States Bankruptcy Judge
District of Maine