**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>COZY HARBOR SEAFOOD, INC.,<br>CASCO BAY LOBSTER CO., INC. and<br>ART'S LOBSTER CO., INC.<br><br>          Debtors. | Chapter 7<br><br>Case No. 25-20160<br>(Jointly Administered) |

**ORDER GRANTING, IN PART, CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO 11
U.S.C. §§ 348(c) AND 365(d)(1) TO (I) PAY CERTAIN NON-ESTATE FUNDS, (II)
ASSUME TRANSITION SERVICES AGREEMENT AND (III) GRANT EXPEDITED
DETERMINATION AND LIMITED NOTICE**

Upon consideration of the Motion to Pay Certain Non-Estate Funds and Accept
Transition Services Agreement [D.E. 366] (the "Motion"), filed by Jeffrey Piampiano, Esq.,
Chapter 7 Trustee in the above-captioned case (the "Trustee"), on April 2, 2026, and after
due and appropriate prior notice of the Motion to all interested parties, and after a hearing
before me on the Motion or in the absence of any timely filed objection to the Motion, and
for other good cause shown and demonstrated for the relief requested in the Motion, the
Court finding that cause exists for the relief sought in the Motion, it is therefore hereby

**ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Capitalized terms used herein without definition shall have the same meaning
   ascribed to them in the Motion.
2. The Trustee is hereby authorized to pay over to Harlan Aquashell the HA Funds,
   less the Estate Offset, as non-Estate assets.  Such funds shall be remitted by the
   Trustee as soon as reasonably practicable after entry of this Order;
3. Harlan Aquashell agrees, and the Court hereby approves such agreement, that the
   Trustee shall be entitled to retain the Estate Offset in consideration for the
   remittance of such funds, and in consideration of the Trustee preparing and
   prosecuting the Motion.
4. Harlan Aquashell has confirmed, on the record at hearing, and shall be bound by
   the following representations:
   a.  that the TSA is terminated as of the date hereof, such that assumption
       thereof is no longer necessary;
   b.  That there are no defaults by the Debtors under the TSA;
   c.
   d.  The relief sought by the Motion relative to assumption of the TSA is,
       therefore, moot, and is thus denied.

1

2

This Order shall be effective immediately, and is not subject to any stay.

Date: _____

_____

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

2