**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| In re:<br><br>COZY HARBOR SEAFOOD, INC.,<br>CASCO BAY LOBSTER CO., INC. and<br>ART'S LOBSTER CO., INC.<br><br>           Debtors. | Chapter 7<br><br>Case No. 25-20160<br>(Jointly Administered) |

**MOTION FOR ORDER ESTABLISHING ADMINISTRATIVE EXPENSE**
**CLAIM BAR DATE AND FOR OTHER, RELATED RELIEF**

Jeffrey Piampiano, Esq., in his capacity as the interim Chapter 7 Trustee (the "Trustee") in each of the above-captioned, jointly-administered Chapter 7 cases of Debtors Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co, Inc. (collectively, the "Debtors"), by and through undersigned counsel, and pursuant to 11 U.S.C. §503(a), Federal Rules of Bankruptcy Procedure 1019(6), 3002, and 9013, hereby requests that the Court enter an order establishing a bar date of  for the filing of administrative expenses incurred prior to March 20, 2026 (the "Conversion Date"), as well as claims entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9), against the estate of the Debtors (each, an "Administrative Expense Claim"). The Trustee further requests approval of a mechanism under which allowed Administrative Expense Claims which are not disputed may be paid, in part, on an interim basis, so as to avoid a delay in administrative claimants receiving the funds that they otherwise would have been paid in the ordinary course during the Chapter 11 portion of this case. In support of this Motion, the Trustee states as follows:

1

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(A), (B), and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

1.      On July 1, 2025 (the "Petition Date"), each of Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the District of Maine (the "Court").  The Debtors' bankruptcy cases (the "Cases") are jointly administered in accordance with this Court's order dated July 3, 2025 [D.E. 28], with case number 25-20160 (Cozy Harbor Seafood, Inc.) being the lead case.  See also D.E. 354 dated March 20, 2026 (providing for continued joint administration in Chapter 7).

2.      On March 20, 2026 (the "Conversion Date"), this Court entered an Order converting the Case to a case under Chapter 7 of the Code (the "Conversion").  Furthermore, on March 20, 2026, the Trustee was appointed as interim Chapter 7 trustee in the Case pursuant to § 701 of the Code.  The Trustee continues to serve in that capacity.

3.      On October 31, 2025, the Court entered an Order approving the sale of substantially all of the Debtors' assets to Harlan Aquashell Seafoods US Inc. [D.E. 274], and the sale transaction (the "Sale") subsequently closed.  The funds for that sale, in large measure, were not distributed during the Chapter 11 phase of this case (other than to secured lenders), such that the Trustee is presently holding more than $1.6 million in funds in these jointly-administered cases.

## **RELIEF REQUESTED**

4.      Pursuant to §§ 105, 501 and 503 of the Code and Federal Rules of Bankruptcy

Procedure 1019(c), and LBR 1019(c) and 2002-1, the Trustee seeks entry of an order substantially

in the form filed with this Motion (the "Administrative Expense Claims Bar Date Order"):

a.  Approving procedures for filing requests for payment of certain administrative expenses incurred or arising prior to the Conversion Date, including prior to the Petition Date asserting administrative priority treatment, including claims under 11 U.S.C. § 503(b)(9), as such expenses are defined herein as Administrative Expense Claims;

b.  Allowing the Trustee to serve the Administrative Expense Claims Bar Date Notice (as defined below) upon all necessary parties-in-interest, including all creditors listed on the creditor matrix, all entities that have requested notice in the Cases, which notice shall notify all such parties of the Administrative Expense Claims Bar Date and instruct such parties that the filing of a Proof of Claim (in the manner described below) or otherwise indicating an asserted Administrative Expense Claim after the Administrative Expense Claims Bar Date will be disallowed by the Court without further action by the Trustee, other than administrative expense claims: (a) of the Trustee or professionals retained by the Trustee pursuant to §§ 326, 327, and 328 of the Code; (b) that have already been filed with this Court; or (c) that, as of the date of the Order approving this Motion, have already been paid in full by the Debtors or Trustee or allowed by the Court; and

c.  Approving the proposed form and manner of notice of the Administrative Expense Claims Bar Date (the "Administrative Expense Claims Bar Date Notice"), a copy of which is attached hereto as **Exhibit A.**

5.      The proposed Administrative Expense Claims Bar Date Order shall provide that

any party-in-interest asserting an Administrative Expense Claim against the Debtors' estates must

file a separate and original Proof of Claim in the Case that substantially complies with Bankruptcy

Form B 410.  The Administrative Expense Claim must be received by the Court on or before July

22, 2026 (the "Administrative Expense Claims Bar Date") in order to be timely and subject to

allowance.  All such proofs of claim shall include copies of all material documents underlying or

supporting the Administrative Expense Claim.

6.      The Trustee also seeks approval of the Administrative Expense Claims Bar Date

Notice in its entirety and, in particular, the Administrative Expense Claims Bar Date in the Case.

7.      Further, to provide ample time to allow holders of Administrative Expense Claims a reasonable opportunity to prepare their Proofs of Claim for such Administrative Expense Claims, the Trustee is requesting that this Court set July 22, 2026 as the Administrative Expense Claims Bar Date.  The Trustee proposes to provide notice of the Administrative Expense Claims Bar Date through the mailing of the Administrative Expense Claims Bar Date Notice within seven days of entry of an order approving this Motion.  The Trustee also shall serve, directly, the Administrative Expense Claims Bar Date Notice, by first class mail, postage prepaid, upon the Debtors' full creditor matrix. The Trustee will file a certificate of service upon completion of service.

8.      The Trustee believes that the form, manner and extent of notice proposed herein is reasonably calculated to provide potential holders of administrative expense claims with notice of the Administrative Expense Claims Bar Date and the need to file a request for payment of an administrative expense claim.

9.      As of the date of filing this Motion, numerous Administrative Expense Claims have been filed.  The Trustee seeks to pay Administrative Expense Claim holders as quickly as possible. Therefore, the Trustee proposes the following procedures relative to filed Administrative Expense Claims:

a.  First, objections to Administrative Expense Claims shall be filed by the later of (i) thirty days from the date of the order approving this Motion; or (ii) thirty days from the date of filing of the Administrative Expense Claim (the "Administrative Expense Claim Objection Deadline").

b.  If the Administrative Expense Claim Objection Deadline passes with no objections, then such claim shall be deemed an "Allowed Administrative Expense".  Similarly, if a timely objection is filed, then any expense award reflected in a final order, no longer subject to appeal, resolving that objection shall also be an "Allowed Administrative Expense".

c.   As to any Allowed Administrative Expense, the Trustee shall be authorized to pay, without further order of the Court, the holder of such Allowed Administrative Expense either, at the election of the holder, (i) eighty percent of the value of the Allowed Administrative Expense, with a twenty percent holdback (which holdback amount will

4

be paid thereafter, on a pro rata basis will all other Chapter 11 administrative expense claimholders, in connection with the Trustee's final distribution in this case); or (ii) ninety percent of the Allowed Administrative Expense if the Administrative Expense Claim holder waives the remaining ten percent of its Administrative Expense Claim. As noted, if the holder of an Allowed Administrative Expense, opts to receive eighty percent of its final, allowed Administrative Expense Claim, the Trustee shall pay the eighty-percent portion of the Administrative Expense Claim without further order of the Court, with the final twenty percent to be paid as part of the Trustee's final distribution in this Bankruptcy Case.[1]

10.     The Trustee further requests that any potential Administrative Expense Claim arising under § 503 of the Bankruptcy Code or otherwise and which is not asserted or filed by the Administrative Expense Claims Bar Date by persons receiving the Administrative Expense Claims Bar Date Notice, shall not be disallowed and forever barred.

11.     Specifically, the Trustee proposes that any party-in-interest that is required to file an Administrative Expense Claim in these proceedings (pursuant to the Code, the Federal Rules of Bankruptcy Procedure or the Administrative Expense Claims Bar Date Order) with respect to any particular § 503(b)(9) or post-petition claim (other than those set forth above) against Debtors' estates but fails to do so in a timely manner, should be forever barred, estopped and enjoined from: (i) asserting any Administrative Expense Claim against Debtor's estate; and (ii) receiving any distributions in these proceedings on account of any such claimed Administrative Expense Claims.

12.     For the avoidance of doubt, nothing herein, or in the allowance and payment of an administrative expense request filed in accordance with the terms hereof, shall limit or otherwise inhibits the Trustee's ability to assert a claim pursuant to 11 U.S.C. §§ 544, 547, 548, or 550 against a party that files an Administrative Expense Claim.

---

[1] East Coast Seafood, LLC has asserted an administrative claim in the amount of $863,980.  Pending entry of an order approving this Motion, East Coast Seafood has indicated to the Trustee that it prefers to be paid 80% of its claim with the balance paid later.  The Trustee has reviewed the East Cost Seafood, LLC proof of claim, has no objection to it, and expects to pay such claim as an Allowed Administrative Expense Claim upon entry of a final order approving the relief requested hereby,

WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) establishing the Administrative Expense Claims Bar Date, (ii) approving the Administrative Expense Claims Bar Date Notice in substantially the form submitted herewith, (iii) approving the payment procedures relative to Allowed Administrative Expense Claims as set forth herein, and (iv) granting such other and further relief as is just and proper.

Respectfully submitted,

Dated: May 1, 2026

/s/ Jeffrey T. Piampiano
Jeffrey T. Piampiano
Kellie W. Fisher
**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME 04101
jpiampiano@dwmlaw.com
kfisher@dwmlaw.com

*Counsel to Jeffrey T. Piampiano, Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing document via this Court's CM/ECF system

on all parties requesting CM/ECF notice in this bankruptcy proceeding.


Dated: May 1, 2026                    */s/ Jeffrey T. Piampiano*