**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| COZY HARBOR SEAFOOD, INC.,<br>CASCO BAY LOBSTER CO., INC. and<br>ART'S LOBSTER CO., INC. | ) | Case No. 25-20160 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**CONSENTED TO MOTION FOR ALLOWANCE AND PAYMENT**
**OF ADMINISTRATIVE EXPENSE CLAIM OF EAST COAST SEAFOOD, LLC**

East Coast Seafood, LLC ("East Coast Seafood") hereby requests this Court enter an order allowing and directing payment of its administrative expense claim in the amount of $863,980.00 as set forth herein, pursuant to 11 U.S.C. § 503(b)(9) (the "Motion"). The chapter 7 trustee, Jeffrey T. Piampiano (the "Trustee"), consents to the relief requested herein. In support of this Motion, East Coast Seafood states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B) and venue is proper under 28 U.S.C. §§ 1408 and 1409. East Coast Seafood consents to entry of a final order by this Court.

2. The bases for relief requested in this motion are 11 U.S.C. §§ 105(a), 501 and 503(b)(9), and Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

3. On July 1, 2025 (the "Petition Date"), Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court (the "Cases"). The cases are jointly administered under Case No. 25-20160. [Dkt. No. 28].

4. On October 31, 2025, the Court approved the sale of substantially all of the Debtors' assets to Aquashell USA, LLC. [Dkt. No. 274].

5. On March 20, 2026, the Court converted the Cases from chapter 11 to chapter 7. [Dkt. No. 354]. Jeffrey T. Piampiano was appointed as Trustee on the conversion date. [Dkt. No. 255]. The Trustee currently holds more than $1.6 million in funds available for distribution to creditors. [Dkt No. 399 ¶ 3].

6. On May 1, 2026, the Trustee filed a *Motion for Order Establishing Administrative Expense Claim Bar Date and for Other, Related Relief* (the "Trustee's Bar Date Motion") including a request to pay a portion of East Coast Seafood's Section 503(b)(9) Claim (defined below). [Dkt. No. 399 at 5 n.1].

7. On June 12, 2026, the Court denied the Trustee's Bar Date Motion, stating that it would set its own deadlines for the filing of administrative expense claims once the Debtors have satisfied certain reporting obligations. [Dkt. No. 422].

8. On July 6, 2026, the Debtors satisfied the required reporting obligations by filing the *Federal Rule of Bankruptcy Procedure 1019(e) Report* ("Report") [Dkt. No. 425] which sets forth East Coast Seafood's priority claim at $863,980.00, consistent with the amount of the Section 503(b)(9) Claim asserted.

9. On July 17, 2026, the Court entered its *Order Setting Deadlines for Filing Requests for Payment of Preconversion Administrative Expenses*, establishing August 20, 2026 as the deadline for non-governmental creditors to file requests for payment of preconversion administrative expenses and invited claimants to file an application for payment. [Dkt. No. 430 ¶ 1].

## EAST COAST SEAFOOD'S SECTION 503(b)(9) CLAIM

10. In the ordinary course of business, East Coast Seafood sold live lobster and seafood products to the Debtors. On August 1, 2025, East Coast Seafood filed Proof of Claim No. 9 (the "Claim"), later amended, asserting a total claim of $1,374,780.00, of which $863,980.00 represents the value of goods received by the Debtors within 20 days before the Petition Date and entitled to administrative expense priority under 11 U.S.C. § 503(b)(9) (the "Section 503(b)(9) Claim"). A true and accurate copy of the Claim is attached hereto as **Exhibit A**.

11. The entire Claim, including the Section 503(b)(9) Claim is supported by invoices documenting live lobster shipments delivered to, and received by, the Debtors within the 20-day prepetition window. The Section 503(b)(9) Claim is undisputed by the Trustee, as expressly stated in the Trustee's Bar Date Motion (stating the Trustee "has reviewed the East Co[a]st Seafood, LLC proof of claim, has no objection to it, and expects to pay such claim as an Allowed Administrative Expense Claim." [Dkt. No. 399 at 5 n.1]. In addition, the Debtors' Report filed July 6, 2026, independently confirms the Debtors have no objection to the Section 503(b)(9) Claim at $863,980.00. [Dkt. No. 425 at 3].

## RELIEF REQUESTED

12. Section 503(b)(9) of the Bankruptcy Code provides that "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business" shall be allowed as an administrative expense. 11 U.S.C. § 503(b)(9). Such claims are entitled to priority under 11 U.S.C. § 507(a)(2).

13. East Coast Seafood's Section 503(b)(9) Claim satisfies all elements of the statute: (a) the goods—live lobster and seafood products—were sold to the Debtors in the ordinary course

of business; (b) the goods were received by the Debtors within 20 days before the Petition Date; and (c) the value of such goods totals $863,980.00, as documented by the invoices attached to the Claim. Neither the Debtors nor the Trustee contests the Claim.

14. East Coast Seafood has awaited payment of this undisputed administrative claim for more than a year. Both the Debtors' Report and the Trustee's filings with this Court establish that the Trustee holds sufficient funds to immediately pay the Claim in full without any risk of nonpayment to similarly situated administrative creditors.

15. The Trustee and East Coast Seafood have agreed, subject to this Court's approval, to pay East Coast Seafood 100% of the Section 503(b)(9) Claim within five (5) days of entry of an order granting this Motion.

16. Further, while the payment provided for herein is intended (based on guidance from the Trustee) to reflect a payment percentage level that the Trustee presently fully expects to distribute to other Section 503(b)(9) claimants, East Coast hereby confirms and agrees that, if it becomes necessary, in the Trustee's business judgment, for East Coast to repay any portion of the Section 503(b)(9) Claim to ensure that East Coast is paid *pro rata* with other unsecured creditors, it will (i) repay such amounts within 14 days of notice from the Trustee without the necessity of a contested matter or adversary proceeding; and (ii) hereby subjects itself to the jurisdiction of the Court if it fails to do so, including, without limitation, the Court's contempt authority. The Trustee has requested that this provision be included in this Motion, and East Coast has agreed to include this provision herein and shall be bound by this provision upon entry of an order approving the relief sought hereby, because paying over East Coast's claims will mitigate fee-related expenses for the estate and, consequently, is in the best interests of the Debtor's chapter 7 estate.

17. The Trustee consents to the relief requested in this Motion.

WHEREFORE, East Coast Seafood respectfully requests that this Court enter an order in the form attached hereto as **Exhibit B**: (i) allowing the Section 503(b)(9) Claim in the amount of $863,980.00 under 11 U.S.C. § 503(b)(9); (ii) authorizing and directing the Trustee to pay the Section 503(b)(9) Claim within five (5) days of entry of the order granting the Motion; (iii) approving the arrangement reflected in paragraphs 15 and 16 hereof; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: August 17, 2026
Portland, Maine

*/s/ Letson Douglass Boots*
Letson Douglass Boots
**VERRILL DANA LLP**
One Portland Square, 10th Floor
Portland, Maine 04101
Telephone: (207) 774-4000
Email: lboots@verrill-law.com

-and-

Adrienne K. Walker (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
111 Huntington Ave, Suite 2500
Boston, MA 02199-7610
Phone: 617.502.3355
Email: awalker@foley.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document via this Court's CM/ECF system on all parties requesting CM/ECF notice in this bankruptcy proceeding.

Dated: August 17, 2026

*/s/ Letson Douglass Boots*

Letson Douglass Boots
**VERRILL DANA LLP**
One Portland Square, 10th Floor
Portland, Maine 04101
Telephone: (207) 774-4000
Email: lboots@verrill-law.com